UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

      Plaintiff,                        Civil No. 19-cv-10738
                                          Hon. Matthew F. Leitman

v.

ACCESS SECUREPAK
COMPANY, et al.,

      Defendants.
_____/

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
WHY THE CASE SHOULD NOT BE SUMMARILY DISMISSED**

Plaintiff Van Jenkins, an inmate at the Parnell Correctional Facility in Jackson, Michigan, has filed a pro se complaint under 28 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court directs Plaintiff to show cause why the case should not be summarily dismissed.

The court reads Plaintiff's complaint as naming four Defendants: (1) Pam Mueller, Manager for Access Securepak Company, (2) Access Securepak Company ("Securepak"), (3) the Michigan Department of Corrections ("MDOC"), and (4) Melody A.P. Wallace, Litigation Coordinator for the Michigan Department of Corrections.

1

The complaint largely consists of extended legal exposition on a range of topics including: Michigan Civil Service Commission rules, consumer protection laws, the right to compulsory process, due process, the Civil Rights Act of 1871, and disability law. The factual basis for the complaint, in contrast, is straight-forward. Plaintiff asserts that Securepak is a private contractor who provides a means for friends or family members to send packages to inmates in the Michigan Department of Corrections. Plaintiff states that an unknown friend or family member purchased an $86.93 care package through Securepak on August 29, 2018. On September 7, 2018, the package was returned to Securepak from Plaintiff's facility for an unknown reason, and Securepak issued the sender a refund of the purchase price. Plaintiff claims that by returning the package to sender, the Michigan Department of Corrections deprived him of his property without due process of law.

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

First, with respect to Defendants Securepak and Mueller, the complaint fails to allege that they performed any action that violated his constitutional rights. A

2

complaint must allege facts showing that each named defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability. See *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995). The Court reads the complaint as indicating that these Defendants' only actions were to attempt to send Plaintiff a package that was purchased by an unknown party, and then to receive it back when it was returned by the MDOC. <u>Plaintiff is directed to show cause in writing why these Defendants should not be dismissed for his failure to allege that they were actively engaged in unconstitutional conduct.</u>

Next, it appears that Plaintiff's claims against all the Defendants regarding the alleged deprivation of his care package without due process of law is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by an unauthorized act of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). There is authority for the proposition that because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the

3

inadequacy of state post-deprivation remedies. See *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under this authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. See *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). Plaintiff is therefore further directed to show cause in writing why his complaint is not subject to summary dismissal under the *Parratt* line of cases identified above.

Plaintiff must file his written response to this order by not later than **May 1, 2019.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2019


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764