United States of America
United States District Court For
The Eastern District of Michigan
For The County of Wayne

Van Jenkins #172475                    Case No. 19-cv-10738
Plaintiff,

vs.                    POOR QUALITY ORIGINAL

Access Securepak Company et. al.,
Michigan Dept. of Corrections
Defendants.


FILED
MAY - 6 2019
U.S. DISTRICT COURT
FLINT, MICHIGAN

## Motion For Relief From Summary Judgment As Order Directing Plaintiff To Show Cause Why The Case Should Not Be Summary Dismissed With Supporting Affidavit

The plaintiff, Van Jenkins moves this court for an order denying the Defendants Summary Judgment pursuant to Fed. Rule(s) of Civil Procedure Rule 60(b)(1)-(3) & Rule 56.

### Grounds For Relief

Plaintiff should be relieved from the Summary Judgment entered against him in this action because on three occasions the Defendants have refused to disclosed relevant records involving the due process of the Securepak store items order process where no misconduct, infraction and or Administrative Hearing before depriving plaintiff of his store items. This is a genuine issues of material facts.

The attached Affidavit of certificate of Non-Response, Acceptance And Agreements where the Defendants plead guilty under the No-Response. To private Conditional Acceptance For Value For Proof of Claim In The Nature Discovery To Exhaust private Administrative Remedy. This is a genuine issue of material facts.

As shown on the previous 42 U.S.C. 1983 Complaint with attachments of the Consumer Complaint to the Missouri Attorney General Josh Hawley at ago.mo.gov page 1, the last two paragraphs; page 2 paragraphs 1 and 2; page 3 paragraph(s) 2 and 3; page 4 paraph 5; page 5, paragraph 4; on the bottom, the 6th paragraph 6 on page 5 stating failure to comply shall result in a plea of guilty by tacit procuration. Under this on page 4 Bottom paragraph these are genuine issues of material facts where plaintiff gave proper notice on several occasions that failure to respond will constitute, as an operation of law, the admissions of the Access Securepak Company & Michigan Dept. of Corrections and its actors, agents, and officers by tacit procuration to these statements, claims and answers to inquiry- said statements, claims and answers to inquiries shall be

-1- ←over→

deemed state decisis.

Proper notice was given in the event the Michigan Dept. of correction & Access securepak Co., its actors, agents and officers default to this plaintiff's Administrative process pursuant to the Administrative procedures Act and the Consumer protection Act, the Mich. Dept. of corrections & Access securepak Co., its actors, agents and officers, may not argue, controvert or otherwise protest the administrative findings entered thereby in any subsequent administrative or judicial proceeding as certified the Defendants plea of guilty in the attached Affidavit of certificate of Non-Response Acceptance And Agreement pursuant to the Fed. Rules of Civil procedures - Rule 44 - this document was previously filed with the court with 42 U.S.C. 1983 complaint, where it states, quote:

I certify that Access securepak Co. and Mich. Dept. of corrections refused or failed to Respond to the above party's private conditional Acceptance For value For proof of claim in the Nature of Request For "Discovery" within the time stipulated, failed to cure the fault and presumption is made that Access Securepak Co. & MDOC, is in full Acceptance and in full agreement to all matters therein as stipulated in favor of Van Jenkins," unquote. This is a genuine issue of material fact.

Pursuant to the Administrative procedures Act the parties in a contested case by stipulation as shown on page 4 paragraph 6 that states, quote: "per your failure or refusal to bring forth proof of claim, you will by your ~~hand~~ dishonor and default, fail to state a claim upon which relief can be granted, and you will have 'stipulated' to the facts herein, as it operates in favor of the undersigned due to your silence and admitted fraud on the contract," unquote.

That the above cited shall be used as evidence at the hearing and be binding on the parties thereto. That was waived by the Access securepak Co. & Mich. Dept. of corrections its actors, agents and officers as set forth pursuant to M.C.L. 440.9602 where plaintiff sent a notification of disposition after default and 10 days thereby offering 3 days to cure the Fault or an opportunity to cure said default, see M.C.L. 440.9612(2).

Further the Access securepak Co. & MDOC, its actors, agents, and officers have dishonored and defaulted, and as an operation of law, have admitted to the facts, claims and answers to inquiries as provided in the commercial Affidavit, and petition for redress of grievance... claim No. CC-2018-10-00326, as served upon the Access securepak Co. & MDOC, and the beneficiary fiduciary referenced in the caption therein.

Further, notice was given to the Access securepak Co. & MDOC, its actors, agents, and officers that neglect or refusal on their part shall be deemed, knowing and voluntary waiver of any assumed, presumed, legal, professional or official immunity, and consent by tacit Agreement to be sued.

Plaintiff gave notice that neglect or refusal to provide this aggrieved party with any controverting response point-for-point, with documentary evidence, shall be used as prima facie evidence of denial of this party's fundamental Right to due process of law, causing this aggrieved party damage for which the Access securepak Co. & MDOC, its actors, agents

-2-

and on the ground of the matter, silence equates with fraud where there is a legal or moral duty to speak as required to the 6th amendment's subpoena clause to the U.S. Const. or where an inquiry left unanswered would be intentionally misleading. See 18 U.S.C. 1001 concealing information under subpoena.

The plaintiff moves this court for an order denying the Defendants Summary Judgment because:

The Defendants are concealing evidence that is entitled to plaintiff pursuant to the 6th Amendment to the U.S. Const. where the clause of the 6th amendment provides the subpoena power for obtaining witnesses in a party's favor, see writ of subpoena 28 U.S.C. 2577;

1. The Access securepak Co. & Mich. Dept. of Corrections where there's reasons to believe committed fraud on the date of 9/17/2018;

2. On the date of 9/18/2018 the plaintiff served a subpoena upon the Director of the Access securepak Co., the grievance that is attached to the 42 U.S.C. 1983 complaint previously filed do not show the or any assigned I.D. Number, the secondly filed complaint against the Access securepak Co. & MDOC grievance I.D. Number is SMT-1901000880-2 1B or SMT-19-01-0100-01B;

3. Under plaintiff's Access securepak Co. password number shows recently ordered securepak store order(s) that violate the due process clause of retaliation due to plaintiff filing the consumer protection Act complaint and which was subpoenaed on the date of 4/8/19 and mailed out on 4/9/19 to Pam Mueller, customer service manager at Access secure pak Co., email: pmueller@keefegroup.com and copy mailed to the Attorney General Dana M. Nessel, Bar No. P51346 at: http://www.michigan.gov/ag/ Tel. (517)-373-1110 to verify the subpoena process involving response time of 14 days which from the 4/9/19 thru 4/24/19 is 15 days; This is a genuine issue of material fact failure to disclose Records;

4. The Access Securepak password number is 135 736 where on the date of 12/15/2018 a securepak order was placed from inaccurate amount of payroll posted in plaintiff's Trust Account order No. 12967192 that was cancelled due to lack of funds on 12/18/2018 that is not true because food service payroll was posted on 12/15/2018, this is concealing the payment process as well as the Trust Account records involving inaccurate information where plaintiff can not pay court costs and fees, see the previous filed Forma Pauperis motion to the Missouri federal court's Forma Pauperis order where the Defendants are in contempt of court's order for not disclosing Trust Account info. in violation of 18 U.S.C. 1001 that is a genuine issue of material fact denying summary judgment where the plaintiff request these defendants be subpoenaed to this show cause hearing to provide the court with the subpoenaed information;

The Defendants refused to conduct an Administrative Hearing per MDOC policy PD.04.02.105 & OP-SMT-04.02.105 that was sent to Mr. Morrell, the SMT Business Manager on the date of 2/3/2019 see the 42 U.S.C. 1983 complaint with complaint consumer Exhibits where this 2/3/19 request for Administrative Hearing the Business Manager Mr. Morrell must be subpoenaed to court at this show cause hearing.

← over →

-3-

On the date of 4/22/2019, plaintiff received from the staff at Access Securepak Co. as the post card dated 4/16/2019 thus still refusing to obey the writ of subpoena that was mailed to them on 4/9/2019 to Pam Mueller, the customer service manager states as follows on the post card;

"Thank you for the letter concerning the refund that was sent to the sender of the 2018 order. As far as releasing sender information that would need to be in a legal request. According to the MDOC's Policy Litigation - Dept. and Employee Responsibilities PD-02.01.102(S) & (R) - (Q) states, quote; "Court orders regarding the payment of fines, fees, or other costs in a lawsuit against the MDOC or its employees shall be handled directly by the business office as set forth in PD-04.02.105 Prisoner Funds. This was not complied to where the Missouri U.S. Court Judge Nanette K. Laughrey issued the order granting plaintiff provisional leave to proceed in Forma Pauperis and directing plaintiff to correct technical defects in complaint or face dismissal of this action. Plaintiff can not correct technical defects if Access Securepak Co. & MDOC conceal the information the court is ordering. This is a genuine issue of material fact to be subpoena at hearing.

This is a contempt of court's order and was filed at the Missouri U.S. District Court where this court case docket entries may be accessed by this court, on the date of March 1, 2019 the Honorable Nanette K. Laughrey, U.S. Dist. Court Judge issued an order transferring this case to the U.S. District Court for the Eastern District of Michigan. On page 2, second paragraph was ordered stating, quote; "In light of the circumstances, the court believes it is best for the transferee district to address plaintiff's pending motions," unquote. As there is merit and genuine issues of material facts contained in these motions and plaintiff request that this court examine these motions when considering summary disposition where instead the plaintiff should be granted default judgment as cited with the Missouri U.S. Dist. Court pleadings filed;

The MDOC policy under paragraph 5 under subpoena states, quote; " Any subpoena to appear or subpoena to produce documents received by an employee shall be brought to the attention of the Litigation Section-the Manager of the Litigation Section Lansing Office of Legal Affairs, Melody A. Wallace, Bar No. P36766 in order to receive instructions on how to proceed. The subpoena shall be complied with in accordance with the instructions provided by the Litigation Manager Melody A.P. Wallace, Even this appears not to have been complied to and theres no danger that plaintiff poses on the friends paying for a person with disability/disorder store items. If or theres reasons to believe that the defendants are tampering, coercing witnesses to justify their retaliations that arose or reasons to believe arose out of the illegal enterprise the FBI were investigating and found a few correctional officers involved. The U.S. Senator authorized investigation on illegal removal of children from their family and plaintiff is a witness to this effect where the U.S. senator authorized Roxanne Gringe to investigate and hold evidence to this effect. Plaintiff request that the parties refusing to produce & are concealing information be subpoenaed to this show cause hearing to bring these records and the private investigator shall also be subpoena to render evidence why defendants not to be granted any summary judgment;

-4-

The attached Affidavit and the recent filed complaint filed at the Missouri Attorney General consumer protection unit shows how misconducts and fraud of Defendants. Even witnesses could not be discovered in time to present evidence of it to the court before the court's order date deadline of May 1, 2019, As shown the Defendants refused to comply to the writ of subpoena and the Attorney General Dana Nessel can verify this non-compliance whom was provided a copy of the writ of subpoena.

The fraud would, under equitable principles, have been considered more than merely something to be exposed by cross-examination. The fraud was "extrinsic" in that the Defendants deprived plaintiff of the means of discovering the fraud by false answers to interrogatories, and refusing to comply to the writ of subpoena, and making false statements to the Missouri Attorney General consumer protection Agency that was not certified under oath pursuant to Fed. Rules of civil Procedure - Rule 44 to be made to a consumer protection complaint by the 6th Amend. to U.S. Const.

By keeping the testimony and Records, where Pam Mueller answered the consumer protection complaint without certification under Rule 44 by stating, quote: "The package order for $86.93 was placed on 8/29/18. On 9/7/18, the order was returned back to our company with no reason given from the facility," unquote. The Defendants contractual Agreements states, quote: "The Vendor will notify the prisoner/purchaser if his order can not be processed or delivered for any reason and provide the purchaser with a full refund, Not including the cost of shipping/handling refunds to prisoners shall not be subjected to debt collection under PD-04.02.105 prisoners Fund. This requires the Vendor-Access securepak company to notify the prisoner as to why the order can not be processed or delivered, Pam Mueller stated that the order was returned back to the company with no reason. This is a breach of contract. Thus, the reasons for not delivering the order is being concealed," the reasons for not conducting a administrative Hearing or misconduct hearing prior to depriving plaintiff of his property is being concealed under security reasons, where the policy do not state anything about security reasons, that the vendor is to notify the prisoner why the order was processed if theres a breach, misconduct or can not be delivered; This is a genuine issue of material fact,

By keeping the testimony/Records by false and fraudulent means plaintiff was deprived of any opportunity to investigate the veracity of the testimony/Records sufficiently far in advance to make the opportunity to cross-examine meaningful;

The fraud would justify relief under Rule 60(b)(3) even if it were "intrinsic" because Rule 60(b)(3) expressly abolishes the distinction between extrinsic and intrinsic fraud and the civil trial testimony of witnesses makes clear that the perjury would never have been confessed but for the civil proceeding and the grant of immunity. Therefore, there has never been any real opportunity, apart from this motion, to bring the perjury and fraud to the attention of the court;

The Fed. Rules of civil procedure - Rule 60 are grounds for relief where plaintiff can not discover in time genuine issues of material factual evidence due to the fraud misconduct and MCR Rule 2.601 & 2.602,

←  -5-  →
   over

pursuant to F.R.C.P.-Rule 26 stipulated Disclosures discoverable information that the disclosing party may use to support its claims or defenses identifying subjects of the information; In MCR 2.111(c) requires each allegation on which the adverse party relies, a responsive certified pleading must:
(1) state an explicit admission or denial, as shown in attached Affidavit
(2) plead no contest; or
(3) state that the pleader lacks knowledge or information sufficient to form a belief as to the truth of an allegation, which has the effect of a denial."

pursuant to F.R.C.P.-Rule 8(b) To respond to a pleading, parties must state their defenses in short and plain terms and admit or deny the allegations asserted against them. Parties are deemed to have admitted all allegations they do not deny (except for allegations relating to the amount of damages;" the Defendants showed that they did not comply to response time by the statutory provisions cited in the Attorney General consumer protection complaint with the Exhibits and therefore defaulted after being warned in the complaint; they therefore did not state their defenses nor deny the allegations asserted against them thereby admitted to the breach of contract;

When an allegation has been asserted against a Defendant and a responsive pleading is required, pleaders have only three options
1. Admit;
2. deny or
3. state a lack of knowledge or information necessary to admit or deny, see Lane v. Page, 272 F.R.D. 581, 602 (D.N.M. 2011),"

A failure to deny the factual allegations of a complaint as shown attached to the 42 U.S.C. 1983 complaint will deem them admitted as shown in the attached Affidavit of certificate of Non-Response Acceptance And Agreement, see Perez v. El Tequil, L.L.C., 847 F.3d 1247, 1254 (10th cir. 2017),"

Under F.R.C.P.-Rule 29 parties may stipulate that Discovery may be taken before any person, at any time or place, on any notice, and in the manner shown in the Consumer protection complaint sent thru the Missouri Attorney General's office; Accordingly, summary judgment shall be granted if the summary judgment record shows that there is no genuine dispute (2) as to any material fact, and (3) the moving party is entitled to judgment herein and pleadings previously filed in this case shows that the Defendants is not entitled to summary judgment especially where they're pleaded guilty as shown attached in the Affidavit see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986),"

upon a genuine dispute existing the summary judgment is improper when a rational fact-finding or finder, considering the evidence in the summary judgment record, could find in favor of the non-moving party, see Ricci v. Destefano, 557 U.S. 557, 586, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009);"

pursuant to F.R.C.P.-Rule 56 A party filing a motion for summary judgment at any time until 30 days after the close of all discovery. The U.S. Supreme court stated that summary judgment should not be granted only after the non-moving party had an adequate time for discovery, the Defendants is tolling that time by refusing to provide subpoena records such as Names of persons processing the securepak store items; Name of

-6-

the witnesses, refusing to provide subpoena information including the records of the administrative hearing, misconduct hearing allowing them to deprive plaintiff of his store ordered items.

The basis of the claims presented in the previously filed consumer protection complaint through the Missouri Attorney General whom are witnesses to these matters, is that (1) the action complained of constituted state action, or was under "color of state law" within the meaning of the Civil Rights Act of 1871, (2) the property taken was an entitlement by policy, law and constitutional right or a property right within the meaning of the Fourteenth Amendment, and that (3) such property right was taken without notice or an opportunity for an administrative hearing/misconduct hearing within the meaning of the due process clause. As previous just recently witnesses have been making efforts to pay & send secure pak store items but these orders are now not being processed but evidence of this is being held by the witnesses. No administrative hearing record or misconduct have disclose the reasons for this denial other than retaliation because plaintiff has filed this complaint.

The plaintiff request for a show cause hearing where the parties are subpoenaed to court to give testimony as to why these activities are being conducted.

WHEREFORE, plaintiff pray that:

1. Upon filing of this motion, an order be issued requiring defendants show cause why defendants should not be held in contempt of court for refusing to obey the order of this court requiring the production of documents, including ordered store items, and the answers to plaintiff's interrogatories that were heretofore filed at the Missouri Attorney General's office - consumer protection complaint.

2. In the alternative, the court is being requested to issue a default judgment where the defendants plead guilty as shown in the attached affidavit that was filed at the Missouri Attorney General's office attached to the consumer protection complaint as an exhibit.

3. The plaintiff directs the court's attention to the previous pleadings filed as follows:

Notice of Request For Injunctive Order By Court To Compel Agency To Act upon Default Judgment Against The Respondents For Not Complying To Response Time Per Law Rev. Stat. Mo. 400.9612(a) & (b).

Affidavit of complainant involving respondent's compliance to the First, Sixth & Fourteenth Amendments to the U.S. Constitution see page 9 of this affidavit.

← over →

-7-

4. All costs incident to and arising out of the order to show cause or default judgment assessment, including attorney fees, shall be assessed against the defendants.

5. This court grant such other and further relief as may be equitable between the parties.

## Affidavit In Support

Affiant, Van Jenkins, being duly sworn and deposed pursuant to the statutory provisions of 28 U.S.C. 1746 that the facts contained herein this Affidavit is true, correct, complete and not meant to mislead to the best of my knowledge and belief as I state thereunder penalty of perjury and under the statutes of Michigan & Missouri;

1. Affiant is the plaintiff in this matter and is being deprived of his sixth amendment & 14th amendment to the U.S. Const. to have compulsory process to obtain witnesses and due process where the court issued an order to show cause and being denied by the Parnall Correctional Facility's Law Librarians Mrs. Thompson & S. Gebert xerox copies of witnesses statement and subpoena records is being denied requiring Affiant to provide a default judgment especially where the Defendants plead guilty as shown in the attached Affidavit.

2. This Response to the Court's To Show Cause that may require a hearing subpoenaing the parties is based on all documents showing genuine issues of material facts, Affidavits and the Exhibit(s) to the pleadings & Affidavit(s); all pleadings, papers, and other records on file in this action, and whatever argument and evidence may be heard at the hearing on this Motion or Responsive Pleading.

Affiant have served copies of this Responsive Pleading to the court's Order to show cause upon the Defendants, and Attorney General as shown below:

Pam Mueller
Customer Service Manager
Access SecurePak Company
10880 Lin Page Place
St. Louis, MO 63132

Dana M. Nessel
Bar No. P51346
Mich. Attorney General
525 West Ottawa Street
Lansing, Mich. 48933

Melody A.P. Wallace
Bar No. P36766
Mich. Dept. of Corrections
P.O. Box 30003
Lansing, Mich. 48909

Holly A. Monda
Case Manager
U.S. District Court
Eastern District of Mich.
231 West Lafayette Blvd.
Detroit, MI 48226

Right Finger Print →

4/24/2019
Date

/s/ Van Jenkins
Affiant's signature 28 U.S.C. 1746

-8-

# United States District Court

## FOR THE WESTERN DISTRICT OF MISSOURI - WESTERN DIVISION

## Subpoena in a Civil Case and Return of Service Form

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| VAN JENKINS | v | ACCESS SECUREPAK COMPANY & MICHIAN DEPT. OF CORRECTIONS |

TO: Pam Mueller
Customer Service Manager
Access Securepak Company
10880 Lin Page Place
St. Louis, Mo. 63132      AND
Melody A.P. Wallace
Bar No. P36766
Mich. Dept. of Corrections, P.O. Box 30003
Lansing, Mich. 48909

CASE NO. 19-4025-CV-NKL-P
JUDGE Nanette K. Laughrey

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☒ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

**COMMAND TO APPEAR** — YOU ARE HEREBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents with you.

Place:
Date:
Time:
☐ APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)
☐ APPEARANCE WITHOUT DOCUMENTS

**COMMAND FOR DOCUMENTS** — YOU ARE HEREBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified.

Place: Van Jenkins
Reg. No. #172475
1780 East Parnall Road
Jackson, Mich. 49201-7139

Date:
Time: 5:00 p.m.
FOR INFORMATION REGARDING THIS SUBPOENA, PLEASE CALL (816)-512-5000

Description of documents/items to be produced or property to be inspected:
All documents of the process, involving the Friends & Family package program, complete with addresses of all parties involved with the process, and the policy of the company involving the Access Securepak company's contractual agreements involving purchase of store items.

This subpoena is issued by (name, address and telephone number of attorney:) /In Pro Per
Van Jenkins
Reg. No. #172475
1780 East Parnall Road
Jackson, Mich. 49201-7139

Date of execution:

On behalf of the
☒ Plaintiff  ☐ Defendant

Signature of issuing attorney/court officer:

PAGE ONE OF TWO

Federal Rules of Civil Procedure
Rule 45

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RETURN OF SERVICE

| Served on: | Place: |
|---|---|
|   |   |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|
|   |   |   |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of server | Address of server |
|---|---|
| Date of execution |   |

Van Jenkins
Reg. No. 172475
320 North Hubbard Street
St. Louis, Mich. 48880

Joshua D. Hawley
Missouri Attorney General
Consumer protection unit
P.O. Box 899
Jefferson City, Mo. 65102

In The matter of Access Secure Pak Company Response Compliance Complaint NO. CC-2018-10-003261

AFFIDAVIT OF CERTIFICATE OF NON-RESPONSE ACCEPTANCE AND AGREEMENT

RE: NO-RESPONSE TO PRIVATE CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM IN THE NATURE DISCOVERY TO EXHAUST PRIVATE ADMINISTRATIVE REMEDY

STATE OF MICHIGAN)
                 SS  SCILICET.
COUNTY OF Gratit )

'Indeed, no more than (affidavits) is necessary to make the prima facie case." United States V. Kis, 658 F.2d 526,536 (7th Cir.1981);Cert Denied,50 U.S. L.W. 2169;8 S.Ct. March 22,1982

THAT, I, Van Jenkins, a living breathing man, being first duly sworn, deposes and say and declare by my signature that the following facts are true to the best of my knowledge and belief;

THAT, I, Marcia L. Sorensen, Notary and/or Third party herein, certify that a private conditional Acceptance For Value for Proof of claim in the Nature of Request For Discovery was sent by Expedited Legal Mail No. 4835-3318-829-2018 to CC-2018-10-003261, which was mailed by the above party on 8/29/2018. A response as stipulated in the document was to be sent to the Undersigned Van Jenkins as well as second & third party witnesses.

I certify that I have received the original documents of the above party and the Expedited legal mail receipts for the mailing and the above party's affidavit of Notice of Default per the above document.

Per The above document as mailed, request was made to not only send a Response of the Requested Proof of claim(s) to the above party but also to the undersigned Van Jenkins, as a independant third party (even if as Notary) but not a party to the matter for the sole purpose to certify that any such RESPONSE was sent and received at my address/office for conclusion the above party's private administrative process.

-1-

THEREFORE, I certify that _Michigan Dept. of corrections &_ _Access securepak Co. 10880 Linpage Pl, St. Louis, Mo. 63132_ refused or failed to RESPOND to the above party's Private Conditional Acceptance For Value For Proof of claim in the Nature of Request For Discovery within the time stipulated, failed to cure the fault and presumption is made that _Access securepak Co. Director_ ; is in full acceptance and in full agreement to all matters therein as stipulated in favor Van Jenkins, the Affiant is secured party creditor.

Dated this __16__ day of __October__, 2018

## ACKNOWLEDGEMENT

SUBSCRIBED TO AND SWORN BEFORE ME THIS __16TH__ day of __OCTOBER__, 2018, a Notary that Van Jenkins, affiant personally appeared and known to me to be the man whose name subscribed to the within instrument and acknowledged to be the same.

_Marcia L. Sorenn_  
Notary Public in an For said State

_Van Jenkins_  
Affiant's Signature

My commission expires: __10-22-18__

(Affixed Seal of Notary)

MARCIA L. SORENSEN  
NOTARY PUBLIC, STATE OF MI  
COUNTY OF SAGINAW  
MY COMMISSION EXPIRES OCT 22, 2018  
ACTING IN COUNTY OF __Gratiot__

-2-

Prisoner Name: Van Jenkins
Prisoner Number: 172475
PARNALL CORRECTIONAL FACILITY
1790 E. Parnall Rd.
Jackson, MI 49201-7139

RECEIVED
MAY 06 2019
MATTHEW F. LEITMAN
U.S. DISTRICT JUDGE

Holly A. Monda
Case manager
U.S. District Court
Eastern District of Michigan
231 West Lafayette Blvd
Detroit, Mich. 48226

METROPLEX