UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
IN THE COUNTY OF WAYNE



F I L E D
JUN 11 2019
CLERK'S OFFICE
DETROIT

VAN JENKINS #172475
PLAINTIFF,

CASE NO. 19-cv-10738

19-10738

VS.

ACCESS SECUREPAK COMPANY et. al.
MICHIGAN DEPT. OF CORRECTIONS
DEFENDANTS.

**POOR QUALITY ORIGINAL**

## MOTION FOR RELIEF FROM SUMMARY JUDGMENT AS ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT BE SUMMARY DISMISSED WITH SUPPORTING AFFIDAVIT

The Plaintiff, Van Jenkins moves this court for an order denying the Defendants' summary judgment pursuant to Fed. Rules of Civil Procedure-Rule 60(b)(1)-(3) & Rule 56.

### GROUNDS FOR RELIEF

Plaintiff should be relieved from the summary judgment entered against him in this action because on three occasions the Defendants have refused to disclose relevant Records involving the due process of the securepak store order items process where no misconduct infraction and or Administrative Hearing before depriving Plaintiff of his store items. This is a genuine issue of material facts.

The attached Affidavit of Certificate of non-Response Acceptance And Agreement where the defendants plead guilty under the No-response To Private Conditional Acceptance for Value For Proof of Claim In The Nature Discovery To Exhauste Private Administrative remedy. This is a genuine issue of material facts.

As shown on the previous 42 U.S.C. 1983 complaint with attachments of the **Consumer Complaint** to the Missouri Attorney General Josh Hawley at ago.mo.gov page 1, the last two paragraphs; page 2 paragraphs 1 and 2; page 3 paragraphs 2 and 3; page 4 paragraph 5; page 5, paragraph 4; on the bottom, the 6th paragraph 6 on page 5 stating failure to comply shall result in a plea of guilty by tacit procuration. Under this on page 4 bottom paragraph these are genuine issues of material facts where Plaintiff gave proper notice on several occasions that failure to respond will constitute, as an operation of law, the admissions of the Access Securepak Company & Michigan Dept. of Corrections and its actors, agents, and officers by tacit procuration to these statements, claims and answers to inquiry-said statements, claims and answers to inquiries shall be deemed stare Decisis.

Proper notice was given in the event the Michigan Dept. of corrections & Access Securepak Company, its actors, agents and officers default to this Plaintiff's Administrative process pursuant to the **Administrative Procedures Act** and the **Consumer Protection Act**, the Michigan Dept. of corrections & Access Securepak Co., its actors, agents and officers may not argue, controvert or otherwise protest the administrative findings

entered thereby in any subsequent administrative or judicial proceeding as certified the Defendants Plea of guilty in the attached Affidavit of Certificate of Non-Response Acceptance And Agreement pursuant to the Federal Rules of civil Procedure-**Rule 44**-this document was previously filed with the court with 42 U.S.C. **Complaint**, where it states quote:

I certify that Access Securepak Co. and Michigan dept. of Corrections refused or failed to Respond to the above party's private conditional Acceptance For Value For Proof of Claim in the Nature of Request For Discovery within the time stipulated, failed to Cure the fault and presumption is made that Access Securepak Co. & MDOC is in full acceptance and in full agreement to all matters therein as stipulated in ~~full~~ *favor* of Van Jenkins,"unquote. This is a ~~genuine~~ *genuine* issue of material fact.

Pursuant to the administrative Procedures Act the parties in a contested case by stipulation as shown on page ~~6~~ *5* paragraph 6 that states,quote: "per your failure or refusal to bring forth proof of claim,you will by your dishonor and default,fail to state a claim upon which relief can be granted,and you will have "stipulated" to the facts herein,as it operates in favor of the undersigned due to your silence and admitted fraud on the contract,"unquote.

That the above cited shall be used as evidence at the hearing and be binding on the parties thereto. that was waived by the Access Securepak Co. & Michigan Dept. of Corrections,its actors,~~agents~~ *agents* and officers as set forth pursuant to M.C.L. 440.9602; where Plaintiff sent a notification of disposition after default and 10 days thereby offering 3 days to cure the fault or an opportunity to cure said default,see M.C.L. 440.9612(2).

Further,the Access Securepak Co. & MDOC,its actors,agents and officers have dishonored and defaulted,and as an operation of law,have admitted to the facts,claims and answers to inquiries as provided in the commercial Affidavit,and petition for redress of grievances...**Claim No. CC-2018-10-003261** as served upon the Access Securepak Co. & MDOC,and the beneficiary fiduciary referenced in the captions therein.

Further,Notice was given to the access Securepak Co. & MDOC,its actors,agents and officers that neglect or refusal on their part shall be deemed,knowingly and voluntary waiver of any assigned,presumed,legal,professional or Official immunity,and consent by tacit agreement to be sued.

Plaintiff gave Notice that neglect or refusal to provide this agrieved party with any controverting response,point-for-point with documentary evidence,shall be used as prima facie evidence of denial of this administrative hearing/misconduct hearing of this agrieved party's fudnamental Right to due process of law,causing this agrieved party damage for which the Access Securepak Co. & MDOC,its actors,agents and officers agree to be liable. silence equates with fraud where there is a legal duty or moral duty to speak as required to the 6th ~~amendment~~ *amendment* subpoena clause to the U.S. Const. or where an inquiry left unanswered would be intenionally misleading.see **18 U.S.C.1001 concealing information under subpoena.**

-2-

The Plaintiff moves this court for an Order denying the defendants summary judgment because:

The Defendants are concealing evidence that is entitled to Plaintiff pursuant to the 4th amendment to the the U.S. const. where the Subpoena Clause of the 6th amend- provides the subpoena power for obtaining witnesses in a party's favor,see **writ of subpoena 28 U.S.C. 2521**:

1. The Access Securepak Co. & Michigan Dept. of Corrections-where theres reasons to believe committed fraud on the date of 9/7/2018;

2. On the date of 9/13/2018 the Plaintiff served a subpoena upon the director of the Access Securepak Co. the grievance that is attached to the **42 U.S.C. 1983 Complaint** previously filed do not show the or any assigned I.D. Number;the secondly filed complaint against the Access Securepak Co. & MDOC grievance I.D. Number is SMT-1501000800215 or SMT-19-01-0100-013;

3. Under Plaintiff's Access Securepak Co. password number shows recently ordered Securepak store items or order(s) that violate the due process clause of retaliation due to Plaintiff filing the **Consumer Protection Act Complaint** and which was subpoenaed on the date of 4/8/2019 and mailed out on 4/9/19 to Pam Mueller,customer service Manager at Access Securepak Co.,email:pmueller@keefegroup.com & copy mailed to the Attorney General Dana M. Nessel,Bar no. P51346website:http://www.michigan.gov/ag Tel. (517)-373-1110 to verify the subpoena process involving response time of 15 days which from the 4/9/19 thru 4/24/19 is 15 days; Thus no genuine issue of material fact failure to disclose records;

4. The Access Securepak Co. password number is 13573: where on the date of 12/15/2018 a securepak order was placed from insurance amount of payroll in Plaintiff's Trust Account order no. 1267192 that was cancelled due to lack of funds on 12/18/2018 that is not true because food service payroll was posted on 12/15/2018;this is concealing the payment process as well as the Trust Account records involving inaccurate information where Plaintiff cannot pay court costs and fees,see the previous filed Forma Pauperis Motion to the Missouri Federal Court's forma Pauperis Order where the Defendants are in contempt of court's order for not disclosing Trust account information,in violation of **18 U.S.C. 1001** that is a genuine issue of material facts denying summary judgment where the Plaintiff request these Defendants be subpoenaed to this show Cause Hearing to provide the court with the subpoenaed information;

The Defendants refused to contact an administrative Hearing per MDOC **Policy PD.04.02.105 & OP-SMT-04.02.105** that was sent to Mr. Forrell,the SMT Business Manager on the date of 2/3/2019,see the **42 U.S.C. 1983 Complaint** with complaint Consumer Exhibits where this 2/3/19 Request for Administrative Hearing the Business Manager Mr. Forrell must be subpoenaed to court at this Show Cause Hearing.

On the date of 4/27/2019 Plaintiff received from the staff at Access Securepak Co. as the post-card dated 4/18/2019 thus still refusing to obey the writ of subpoena that was mailed to them on 4/9/2019 to Pam mueller,the Customer Service Manager states as follows on the post-card:

"Thank you for the letter concerning the refund that was sent to the sender of the 2018 order. As far as releasing sender information that would need to be in a legal request. According to the MDOC's Policy Litigation-Dept. And Employee Responsibility

-3-

to the writ of subpoena and the Attorney General Dana Nessel can verify this Non-compliance which was provided a copy of the writ of subpoena.

The Fraud would, under equitable principles, have been considered more than merely something to be exposed by cross-examination. The fraud was "extrinsic" in that the Defendants deprived Plaintiff of the means of discovering the fraud by false answers to interrogatories and refusing to comply to the writ of subpoena, and making false statements to the Missouri Attorney General Consumer Protection Agency that was not certified under oath pursuant to Fed. Rules of civil Procedure-Rule 44 to be made to a Consumer Protection Complaint by the 6th Amend. to U.S. const.

By keeping the to testimony and Records, where Pam Mueller answered the Consumer Protection complaint without certification under Rule 44 by stating, quote: "The package order for $88.95 was placed on 8/29/18. On 9/7/18 the order was returned back to our company with no reason given from the facility." unquote. The Defendants contractual Agreement states, quote: **"The Vendor will notify the Prisoner/Purchaser if his order can not be processed or delivered for any reason and provide the purchaser with a full refund, not including the cost of shipping/handling refunds to prisoners shall not be subjected to debt collection under PD.04.02.105 Prisoners Funds.** This requires the Vendors-Access Securepak Company to notify the prisoner as to why the order can not be processed or delivered, Pam Mueller stated that the order was returned back to the Company with no reason. This is a breach of contract. Thus, the reasons for not delivering the order concealed! The reasons for not conducting a Administrative Hearing or Misconduct hearing prior to depriving Plaintiff of his property is being concealed under security reasons, where the policy do not state anything about security reasons, that the Vendor is to notify the Prisoner why the order was processed if theres a breach, misconduct or can not be delivered This is a genuine issue of material fact.

By keeping the testimony/Records by false and fraudulent means Plaintiff was ~~divised~~ deprived of any opportunity to investigate the veracity of the testimony/Records sufficiently far in advance to make the opportunity to cross-examine meaningfully;

The Fraud would justify relief under **60(b)(3)** even if it were, "intrinsic," because **Rule 60(b)(3)** expressly abolishes the distinction between extrinsic and intrinsic fraud, and the Civil trial testimony of witnesses-makes clear that the perjury would never have been confessed but for the civil proceeding and the grant of immunity. Therefore, there has never been any real opportunity, apart from this motion, to bring the perjury and fraud to the attention of the court.

The Fed. Rules of civil Procedure-**Rules 60** are grounds for relief where Plaintiff can not discover in time genuine issues of material factual evidence due to the fraud misconduct and MCR Rule 2.601 & 2.602;

-4-

Pursuant to F.R.C.P.-Rule 26 stipulated Disclosures discoverable information that the disclosing party may use to support its claims or defenses identifying subjects of the information; In MCR 2.**111(c)** requires each allegation on which the adverse party relies, a responsive certified pleading must:

(1) State an explicit admission or denial;as shown in attached Affidavit;

(2) Plead no contest; or

(3) State that the pleader lacks knowledge or information sufficient to form a belief as to the truth of an allegation,which has the effect of a denial.

Pursuant to F.R.C.P. **Rule 8(b)** to respond to a pleading,parties must state their defenses in short and plain terms and admit or deny the allegations asserted against them. Parties are deemed to have admitted all allegations they do not deny (except for allegations relating to the amount of damages; the Defendants showed that they did not comply to response time by the statutory provisions cited in the Attorney General Consumer Protection Complaint with the exhibits and therefore,defaulted after being warned in the complaint; they therefore did not state their defenses not deny the allegations asserted against them thereby admitted to the breach of Contract;

When an allegation has been asserted against a Defendant and a Responsive pleading is required,Pleaders have only three options:

1. Admit;

2. deny or;

3. State a lack of knowledge or information necessary to admit or deny,see Lane V. Page, 272 F.R.D. 581,602 (D.N.M.)2011.

A failure to deny the factual allegations of a complaint as shown attached to the 42 U.S.C. 1983 **Complaint** will deem them admitted as shown in the attached Affidavit of Certificate of Non-Response Acceptance And Agreement, see Perez V. El Tequil,L.L.C., 847 F.3d 1247,1254 (10th Cir. 2017);

Under F.R.C.P.-**Rule 29** parties may stipulate that Discovery may be taken before any time or place,on any Notice,and in the Manner shown in the Consumer Protection Complaint sent thru the Missouri Attorney General's Office Accordingly,Summary Judgment shall be granted if the summary judgment record show that there is no genuine dispute,(2) as to any material fact,and (3) the moving party is entitled to judgment herein and pleadings previously filed in this case shows that the Defendants is not entitled to summary judgment especially where they've plead guilty as shown attached in the Affidavit, see Celotex Corp. V. Catrett, 477 U.S. 317,322,106 S. Ct. 2548,2552, 91 L.Ed.2d 265 (1986);

When a genuine dispute existing the summary judgment is improper when a rational fact-finder,considering the evidence in the summary judgment record,could find in favor of the non-moving party,see Ricci V. DeStefano, 557 U.S. 557,586, 129 S. Ct. 2658,2677, 174 L.Ed.2d 490 (2009);

Pursuant to F.R.C.P.-**Rule 56** a party filing a Motion for Summary Judgment at any time until 30 days after the close of all discovery. The U.S. Supreme Court stated that summary judgment should not be granted only after

the non-moving party had an adequate time for Discovery,here the Defendants is tolling that time by refusing to provide subpoena Records;such as Names of persons processing the Securepak store items;Name of the witnesses,refusing to provide subpoena information including the Records of the Administrative hearing,misconduct hearing allowing them to deprive Plaintiff of his store ordered items;

The basis of the claims presented in the previously filed Consumer Protection Complaint through the Missouri Attorney General whom are witnesses to these matters,is that (1) the action complained of constituted state action,or was under "color of state law" within the meaning of the Civil Rights Act of 1871,(2) the property taken was an entitlement by policy,Law and Constitutional Right or a property Right within the meaning of the Fourteenth amendment,and that (3) such property Right was taken without Notice or an opportunity for a administrative Hearing/Misconduct hearing within the meaning of the due process clause. As previous just recently witnesses have been making efforts to pay & send Securepak store items but these orders are now not being processed but evidence of this is being held by the witnesses,No Administrative hearing Record or misconduct have been disclosed the reasons for this denial other than retaliation because Plaintiff has filed this complaint.

The Plaintiff request for a show cause hearing where the parties are subpoenaed to court to give testimony as to why these activities are being conducted.

## WHEREFORE, PLAINTIFF PRAY THAT:

1. Upon filing of this Motion,an Order be issued requiring Defendants show Cause why Defendants should not be held in contempt of court for refusing to obey the order of this court requiring the production of documents,including ordered store items,and the answers to Plaintiff's Interrogatories that were heretofore filed at the Missouri Attorney General's Office-Consumer Protection Complaint;

2. In the alternative,the court is being requested to issue a Default judgment where the defendants plead guilty as shown in the attached Affidavit that was filed at the Missouri Attorney General's Office attached to the Consumer Protection Complaint as an Exhibit;

3. The Plaintiff directs the court's attention to the Responsive pleadings filed as follows:

Notice of request For Injunctive Order By Court To Compel Agency To Act Upon Default Judgment Against the Respondents For Not complying To response Time per Law Rev.Stat. Mo. 400.9612(2) & (b);

Affidavit of Complaint Involving Respondent's Compliance To The First,Sixth & Fourteenth Amendments To The U.S. Constitution,see page 9 of this Affidavit;

4. All costs incident to and arising out of the order to show Cause or Default Judgment assessment,including attorney fees,shall be assessed against the defendants;

5. this Court grant such other and further relief as may be equitable between the parties.

## AFFIDAVIT IN SUPPORT

AFFIANT, Van Jenkins,being duly sworn and deposed pursuant to file the statutory provision of 28 U.S.C. 1746 that the facts contained herein this Affidavit is true,correct,complete, and not meant to mislead to the best of my knowledge and belief as I state there under the statutes of Michigan & Missouri;

-7-

1. Affiant is the Plaintiff in this matter and is being deprived of his sixth amendment & 14th amendment Rights to the U.S. Constitution to have compulsory process to obtain witnesses and due process where the court issued an order to show cause and being denied by the Parnall Correctional Facility's Law Librarians Mrs. Thmpson & S. Gabert xerox copies of witnesses statements and subpoena Records is being denied requiring Affiant to provided a Default Judgment especially where the Defendants plead guilty as shown in the attached Affidavit.

2. This Response to the Court's To show Cause that may require a hearing subpoenaing the parties is based on all documents showing genuine issues of material facts, Affidavits and the Exhibit(s) to the Pleadings & Affidavit(s); all pleadings, papers, and other records on file in this action, and whatever argument and evidence may be heard at the hearing on this Motion or Responsive Pleading.

Affiant have served copies of this Responsive Pleading to the Court's Order To Show Cause Upon the Defendants, and attorney General as shown below:

Pam Mueller
Customer Service Manager
Access Securepak Co.
10880 Lin Page Place
St. Louis, Mo. 63132

Melody A.P. Wallace
Bar No. P36786
Mich. Dept. of Corrections
P.O. Box 30003
Lansing, MI 48909

Dana M. Nessel
Bar No. P51548
Mich. Attorney General
525 West Ottawa st.
Lansing, MI 48933

Holly A. Monds
Case Manager
U.S. District Court
Eastern District Of Michigan
231 West Lafayette Blvd.
Detroit, Mich. 48226

4/-4/19
Date

Affiant's Signature 28 U.S.C.1746
Right finger point →

-8-

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

FILED
JUN 1 1 2019
CLERK'S OFFICE

VAN JENKINS #172475
PLAINTIFF,

CASE NO. 19-4025-CV-C-NKL

HON. NANETTE K. LAUGHREY
U.S. DISTRICT JUDGE

VS.

ACCESS SECUREPAK COMPANY &
MICHIGAN DEPT. OF CORRECTIONS, et al.,
DEFENDANTS.                              /

**MOTION FOR REHEARING OR RECONSIDERATION OF THE ORDER TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

Now comes the Plaintiff and moves this Honorable Court for a rehearing on and reconsideration of its order dated **March 1, 2019** in the above case because:

1. The court's order was the result of a hearing held on the Court's own Motion To transfer this case to the United States District court For The Eastern District of Michigan, for the convenience of the parties and in the interest of justice, where the court did not know of the RICO activities that the FBI had investigated involving The Romulus Police Dept. Officers & Chief of Police Charles Kirby being under investigation for operating an illegal enterprise involving drug trafficing, prostitution, & obstructing justice by producing false police reports. This has caused a number of government officers to become compromised to obstruct the courts' system.

2. The Motion stated as grounds and authority on which it was based that the court concludes that Plaintiff's claims arose in the Eastern District of Michigan, where Plaintiff, the correctional facility, many witnesses, and most defendants are located, see 28 U.S.C. 102(a)(1).

3. At the hearing held on said Motion on the date of March 1, 2019 the Court stated that it was granting The Order To transfer this case to the U.S. district Court For The Eastern District of Michigan pursuant to 28 U.S.C. 1404(a) for further proceedings.

4. As indicated in the following FBI records assigned as FOIPA Request No. 1385889-000 Subject: KIRBY, CHARLES contact:David M. Hardy, section Chief, Record/Information dissemination Section Records Management Division at:www.fbi.gov sets forth this RICO activities involving the Romulus Police Dept. where the FBI discovered a few Correctional Officers involved that there are reasons to believe is the reasons why Plaintiff being retaliated against due to him having been on parole working & dating a lady whom he did not know was a Prostitute working for this illegal enterprise-Plaintiff had got her pregnant with child that the Romulus two Police Officers removed illegally from the child's relatives' home and placed into foster care illegally, some of the foster care takers were compromised to participate with this illegal enterprise.

5. Several cases that have been filed in the U.S. District Court For The Eastern District have been obstructed by those whom participated in this illegal enterprise. Even in this case before this court. They obstruct the case to cause the court to dismiss the case, then continue their retaliatory activities knowing that they will not be disciplined or sanctioned for their violations.

6. Evidence is shown by examining the previous cases dismissed by this same court that Plaintiff filed, see the cases cited in the Certificate of Prisoners Trust Account Activities; check the Docket Journal Entries where no opportunity to be heard is shown on previously filed Motions or motions denied that should not be denied.

7. The illegal enterprise were using children in Human Trafficing and using forster care Agency to conduct their Human trafficking process. Plaintiff was to receive custody while on parole of his child, Gewan G. Boyles. Instead, the illegal enterprise violated 18 U.S.C. 1512(c) & 1512(d)(4) by producing false police report(s) namely Felony Child Nonsupport M.C.L. 750.165, Case No. 11-100382-DM, No Notice of charges, refusal to provide exculpatory evidential records of the crime, No appointment of counsel as required pursuant to the **6th Amendment to the U.S. Const. & M.C.L. 722.714** see the Docket Journal Entries of Motions filed since 2018 not being heard; Expert witnesses to these facts: **Ann L. Miller, Bar No. P43578 email:**alm@millerlawpc.com;

8. Plaintiff while on parole working manage to hire a private investigator, Roxanne Grinage to investigate the child custody matter where information acquired about the illegal enterprise she holds. Just so happened the U.S. Senator authorized Roxanne Grinage to investigate familys whose children were being ilegally removed from their homes. see the postal obstruction where theres reasons to believe after the illegal enterprise found plaintiff hiring a private investigator arranged what is shown on the attached post office Box closed to disconnect communications;

9. The case No. **11-100382-DM** was removed from the state Court pursuant to 28 U.S.C. 1442 to Federal Court with case no. **18-13840** asigned before U.S. District Court Judge, David M. Lawson whom claimed that the U.S. District court do not have Jurisdiction and that it is difficult to discern the exact nature of the action in the State Court because no copies of the State pleadings were attached to the defendant's Notice of removal;

10. In the above paragraphs 5 & 6 Plaintiff cited about exculpatory evidence not being disclosed to cause the case to be dismissed and is plain to see this pattern of to many agencies and businesses refusing to disclose evidential information even upon issuance of a subpoena, even in this case the Defendants refused to disclose evidential information namely the contract to show the breach of contract, see 18 **U.S.C. 1001 violation of concealing Records;**

11. The U.S. District Court Judge David M. Lawson issued an order To Show Cause by the Plaintiff, the prosecution & MDOC obstructed Responsive pleadings from the court in a timely manner, equitable tolling requirements under 28 U.S.C. 2401 to cause it

to be dismissed. The Judge **REMANDED** back to the State Court on the Date of **Feb. 8, 2019** its now **May 2019** where this appears to be on the **No Progress Docket**. This State Court chief Judge Robert J. Colombo, Jr. Bar No. P25806 at the Third Judicial Circuit Court Friends of The court was mailed a copy of the Remand & affidavit Involving Contempt of court to chief Judge with Exhibits where theres no Response being made, & where an immediate Child Protective Order was filed to protect the child, see the attached case number cite for docket review;

12. Pursuant to **18 U.S.C. 1964** the U.S. District Courts of the United states **shall** issue jurisdiction to prevent and **restrain** violations of section 1962 of this chapter, by issuing appropriate oders to move the case to another District or State to prevent the lost of Rights or restrain persons from obstructing the case;

13. The Truth of the matter is that the U.S. District court Judge David M. Lawson have jurisdiction because the U.S. Senator authorized the investigation, the investigator, Roxanne Grinage holds the evidence, & the FBI had conducted the investigation against the illegal enterprise and found that they were committing obstructions of Justice by producing false police report(s);

14. Upon this court transferring this case to the U.S. District court For The Eastern District of michigan under case No. **19-cv-10738** before Hon. Matthew F. Leitman where a series of contempt of court orders were not only committed in the above cases, but in this case before this Judge namely the order to proceed on in this case in Forma Pauperis where money is available even if miscalculated or properly made to pay court costs, fees and attorney fees is being obstructed to deprive the Plaintiff his Rights to petition the government for redress of grievances; another waiving prepayment of the filing fee was issued by R. Steven Whalen, The U.S. District Court Judge that is being violated by the MDOC. At some point this must be stopped upon a contempt of court hearing and subpoenaing the prison officers/staff to the hearing disclosing the accounting records etc.;

15. In The U.S. District Court Judge, Nanette K. Laughrey's order dated March 1, 2019 stated as follows, quote: **"In light of the Circumstances, the Court believes it is best for the transferee district to address Plaintiff's pending Motions,"** unquote. The Docket Journal Entries of these Motions like previously filed Motions in the above cited cases shows a pattern of not being heard and fell into no progress on that docket;

16. Again we find the same pattern where the U.S. District Court Judge, Matthew F. Leitman issued an order Directing Plaintiff To Show Cause Why The Case Should Not Be Summarily Dismissed as dated on March 21, 2019-with date deadline of May 1, 2019, on 4/24/2019 Plaintiff mailed his attached Responsive Pleading entitled **Motion For Relief From Summary Judgment As Order Directing Plaintiff To Show Cause Why The Case Should Not Be Summary Dismissed With Supporting Affidavit;**

17. Copies of this Responsive Pleading were served upon the Michigan Attorney General Dana M. Nessal, Bar No. P51346, G. Mennen Williams Bldg., 7th Floor, P.O. Box 30212,

Lansing, Mich. 48933/Tel. (517)-373-1110/Fax:(517)-(517)-373-3042/website: http://www.michigan.gov/ag; copies were also served upon Defendants: Pam Mueller, Manager-Access Securepak Co. & Melody A.P. Wallace, Bar No. P36766 Attorney For The Michigan Dept. of Corrections;

18. Pursuant to **28 U.S.C. 2401 Equitable Tolling** was committed where on several ocassions where Plaintiff served the **Writ of Subpoena DUCES TECUM, 28 U.S.C. 2521(A)** and the **6th amendment to the U.S. Const.** last one served on the date of **4/9/2019 To Access Securepak Company** that refused to comply to this subpoena order that Tolled the time of the filing of this motion;

19. Plaintiff believes that had the court and the parties been aware of the fact that these obstructions arose out of the illegal enterprise that the FBI investigated involving the defendants,the court would not have entered the order to transfer this case to the U.S. District Court For The Eastern District Of Michigan in the form in which it did,but would have ordered Default Judgment as set forth in **Notice Of Request For Injunctive Order By Court To Compel To Act Upon Default Judgment Against The Respondents For Not Complying To Response Time Per Law Rev. Stat. Mo. 400.9612(a) & (b)**. And the genuine fact of a material issue defeating summary judgment where the Respondents plead guilty as certified in the previously filed **Affidavit of Certificate Of Non-Response Acceptance & Agreement Of The NonResponse To A Private Conditional Acceptance For Value For Proof Of Claim In The Nature Discovery To Exhauste Private Administrative Remedy;**

20. According to **28 U.S.C. 1404** all parties did not consent to District Court transfer of this civil action to the United States District Court For The Eastern District of Michigan;No Agreement as waive of Right to change Venue was made;

21. Where The District Court without giving Plaintiff Notice or affording him opportunity to be heard entered an order transferring action to the U.S. District Court For The Eastern District of Michigan,order transferring action without Notice and hearing should be set aside since in denying Plaintiff hearing or opportunity for hearing procedural due process of law guaranteed by fifth amendment was denied,see **Swindall-Dressler Corp. V. Dumbauld, 308 F.2d 267, 6 FR Serv.2d 866;**

22. **The procedural due process & scope of protection is the right to a hearing or an opportunity to be heard within the requirement of due process clause** ordinarily includes the right of a party to be present,during the taking of testimony or evidence subpoenaed,and to appear or be represented by counsel;

22. Such right also includes the opportunity to know the claims of his opponent, hear evidence introduced against him cross-examine witnesses,introduce evidence in his own behalf,and present proper argument as to law and fact.

WHEREFORE, Plaintiff pray that this honorable court remove this civil action back to this United States District Court For The Western District of Missouri to conduct the Hearing(s) on Contempt of court Order(s) to resolve the nonpayment of court costs & fess-debt(s) that the Michigan Dept. of Corrections is not disclosing to the court(s), a copy of nonpayment is shown in the previous **30th Judicial Court** letter provided to this court, even where the MDOC refused to pay & deliver legal footlocker that was placed on order 3/7/2018 and the Plaintiff has not received this footlocker where the MDOC's officer had damaged Plaintiff's footlocker, evidence shown on camera; and that the parties be subpoenaed to court to disclose evidential Records & things being withheld and that the court issue default judgment as set forth in the previously filed **Notice Of Request For Injunctive Order By Court To Compel Agency To Act Upon Default Judgment Against The Respondents For Not Complying To Response Time per Law Rev. Stat. Mo. 400.9612(a) & (b).**

5/27/2019
Date

Plaintiff's Signature

## AFFIDAVIT IN SUPPORT

Affiant, Van Jenkins being duly sworn and deposed pursuant to the statutory provisions of **28 U.S.C. 1746** that the facts contained herein this **Motion For Rehearing & Reconsideration & Affidavit** is true, correct, complete, and not meant to mislead to best of my knowledge and belief as I state there under the statutes of Michigan & Missouri;

1. Affiant is the Plaintiff in this atter and is deprived of his 6th amendment & 14th amendment Rights to the U.S. Constitution to have compulsory process to obtain witnesses in his favor and due process where the court issued an order to show cause and being denied by the Parnall Correctional Facility's Law Librarian(s) Mrs. Thompson & S. Gegert denying the Plaintiff xerox copies of witnesses statements cited on documents- to prevent or cause the court to dismiss the civil action against the MDOC;

2. The Plaintiff has been also assaulted by the Food Service Staff-aggravation of his preexisting spina bifida & hypertension condition, where the Plaintiff has lodged a complaint to the Michigan State Police-Director Col. Kriste Kibbey Etue, at 333 South Grand Avenue, P.O. Box 30634, Lansing, Mich. 48909 as dated **3/28/2019** with no response and theres reasons to believe that this complaint is being obstructed by the MDOC. Plaintiff request to file his assault complaint through this court where an order is issued against the parties involved obstructing this court and violating the Rights of Plaintiff. see the attached Motion For Relief From Summary Judgement regarding these issues.

**FURTHER AFFIANT SAYETH NOT**..................................................

5/27/2019
Date

Affiant's Sig. 28 U.S.C. 1746



Prisoner Name: Van Jenkins
Prisoner Number: ## 172475
PARNALL CORRECTIONAL FACILITY
1790 E. Parnall Rd.
Jackson, MI 49201-7139

RECEIVED
2019 JUN -3 PM 2:22
CLERK U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

Paige Wymore-Wynn
Clerk of Court
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
400 East 9th Street, Room 1510
Kansas City, Mo. 64106

