State of Michigan
United States District Court
Eastern District of Michigan

14

Van Jenkins #172475
Plaintiff,

vs.

Access Securepak Company et.al.
Defendants.

Case No. 19-10738
Hon. R. Steven Whalen
United States Magistrate Judge

FILED
AUG -5 2019
CLERK'S OFFICE
DETROIT

## Notice And Statement on Re-instating Hearing For Previously Filing of Contempt of Court Regarding Forma Pauperis & Affidavit

1. On the date of March 1, 2019 the Honorable Nanette K. Laughrey, the U.S. District Court Judge issued the attached Order Transferring case to the U.S. District Court For The Eastern District of Michigan.

2. The Judge Laughrey ordered that in light of the circumstances, the court believes it is best for the transferee district to address plaintiff's pending Motions. One of those motions is involving Forma Pauperis where the Defendants refuse to not only disclose accurate Prisoner Trust Account statements, but refuse to disburse monetary payments for court costs and fees as shown on the attached letter from the 30th Judicial Circuit Court Clerical Services Supervisor, see also Grievance I.D. No. SMT-19-01-0100-01B involving Payroll, & SMT-16-06-6005 240-18A

3. The records attached to the previously filed motion is Exhibits containing evidence supporting the contempt misconduct and where on the date of 2/3/2019 A Request for An Administrative Hearing Regarding inaccurate Prisoner Trust Account statement and the payments of court costs and fees pursuant to the MDOC's Policy Directives): PD.04.02.105 And OP-SMT-04.02.105, see this Kite as Evidence/Exhibit attached to the Motion previously filed, address to the facility SMT Business Manager Mr. Mortell;

4. On the date of March 21, 2019 the U.S. District Court Judge Matthew F. Leitman issued an order Directing plaintiff to show cause why The case should not be summarily dismissed, see the attached

5. On the date of 4/24/2019 Plaintiff filed his Motion For Relief From Summary Judgment As ordered Directing Plaintiff To Show Cause Why The Case Should Not Be Summary Dismissed with supporting Affidavit. Theres reasons to believe that no hearing on this motion was or is made. The Defendants pled guilty that is certified and mailed with motion.

6. Plaintiff prepared and filed the Motion For Rehearing or Reconsideration of the order Transferring case to The U.S. District Court For The Eastern District of Michigan on the Docket No. 19-4025-CV-C-NKL-P filed 5/29/2019 due to the MDOC & Access Securepak Company continuously are retaliating against Plaintiff as if no statutory laws governs their illegal activities.

7. Plaintiff had made store order as shown attached where all these committed activities, including contempt of Forma Pauperis are issues of material facts to the matter addressed previously as ordered. The store list attached shows that Gucci inspired Body Wash was ordered. The attached medical kite shows an acid type of burn around plaintiff's neck that appears to be the active ingredients is methylchloroisothiazolinone causing injury, this item was purchased from Access securepak Co./Keefe Group.

8. On Friday upon plaintiff receiving another store order from the same company, his store plastic bag had been sealed with a bag of Jalapeno chips had been eaten out of and placed in the bag sealed up. The Healthcare item pepmo Bismal was taken from the plastic bag leaving it torn at the bottom. This was credited so another pepmo Bismal was ordered, It appears that the money was seized by Accounting & plaintiff was placed in detention/quarantine where his legal property has been confiscated with no store orders being allowed to be made.

9. The Defendants' attached Response shows that they did not comply to the MDOC's policy for store orders, stating that the store order was returned with no reasons given why from the Facility. The policy states, The vendor will notify the purchaser/prisoner if his order can not be processed and/or delivered for any reason and provide purchaser/prisoner with full refund. This is an issue of material fact that support the complaint.

10. This court issued its order waiving prepayment of the Filing Fee, & Directing periodic subsequent payments of the Filing fee. as dated March 19, 2019. Where the clause states that the Agency/MDOC Agency having custody of plaintiff to forward to the clerk of the court on a monthly basis if funds are available, is being violated that is another issue of material fact supporting the complaint along with the plea of guilty that is certified.

11. Now that the plaintiff is in detention unable to get his legal property and have shown this court his disability/disorder, that is being aggreviated to a different stag, plaintiff request for an appointment of counsel pursuant to 28 U.S.C. 1915(e)(1) plaintiff moves for an order appointing counsel from the Michigan Protection & Advocacy Service, Inc., 4095 Legacy parkway, suite 500, Lansing, Mich.- 48911-4269/Tel.(517)-487-1755/website www.mpass.org pursuant to 42 U.S.C. 10805 to represent plaintiff.

12. Plaintiff is unable to afford counsel due to the parnall correct- ional facility obstructions to detain monetary payment as the Livonia police Dept. is doing to stop payment for attorney fees. Thus plaintiff has been granted to proceed on in this case in Forma Pauperis.

13. Plaintiff's imprisonment and present medical condition will greatly limit his ability to litigate. The issues involved in this case are complexed especially where the Defendants refuse to disclosed evidence that are being concealed in violation of 18 U.S.C. 1001, and

-2-

14. Will require significant investigation to correct the inaccurate information where proper monetary disbursement from Plaintiff's prisoner's Trust Account. Plaintiff is unable to conduct such an investigation especially being illegally placed into ~~administrative~~ detention where he can not or is being denied legal property; and denied law library.

15. A trial in this case will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses.

### Supporting Affidavit

I, Van Jenkins, the Affiant, sui juris on my unlimited commercial oath, declare under penalty of perjury of the laws of the state of Michigan and the United States of America that the foregoing facts are true, correct and not meant to mislead to the best of my knowledge.

Due to the MDOC's obstructions, especially placing plaintiff in detention without his legal property and have refused to provide the legal property to address the court(s) Plaintiff can not provide responsive pleadings to the Defendants and thereby request this court to appoint counsel.

Subscribed and sworn under 28 U.S.C. 1746
Executed on the date of 7/17/2019

*Van Jenkins*
Affiant's signature 28 U.S.C. 1746
Right finger print
↳ →

- 3 -

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

VAN JENKINS, )
)
    Plaintiff, )
)
vs. )  Case No. 19-4025-CV-C-NKL-P
)
ACCESS SECUREPAK COMPANY, et al., )
)
    Defendants. )

### ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Plaintiff, who is currently confined in the Parnell Correctional Facility in Jackson, Michigan, has filed this pro se action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, this case is TRANSFERRED.

### Background

On January 29, 2019, Plaintiff filed a complaint against multiple defendants. Doc. 1. On February 8, 2019, this Court granted Plaintiff provisional leave to proceed *in forma pauperis* pursuant to § 1915(a), and ordered Plaintiff to correct technical defects in his complaint and re-file on court-approved forms. Doc. 3. Plaintiff complied. Docs. 4, 5. Plaintiff also filed a Motion for Appointment of Counsel (Doc. 6) and a Motion for Order to Show Cause why the Parnell Correctional Facility Should Not be Held in Contempt of Court (Doc. 7).

In his amended complaint, Plaintiff names as defendants (1) Pam Mueller, Manager, Access Securepak Company; (2) Melody A.P. Wallace, Litigation Coordinator of the Michigan Department of Corrections; (3) Access Securepak Company; and (4) the Michigan Department of Corrections. Doc. 4. Plaintiff describes Mueller and Wallace as "employed at separate entities and have contractual agreements(s) to conduct sales transactions with Prisoners residing in the Michigan Dept. of Corrections." Doc. 4 at 1.

### Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a).

Plaintiff's complaint refers to a consumer complaint he filed against Access Securepak with the Missouri Attorney General in regards to an inmate commissary and/or care package program which he alleges withheld items from Plaintiff in violation of his federally protected civil rights. Doc. 4 at 5.[1] Plaintiff appears to allege that his friend purchased a care package through Access Securepak, which was delivered to his facility in Michigan, but that the Michigan Department of Corrections refused to provide the package to Plaintiff. Doc. 4 at 7. Plaintiff attached a "Policy Directive" of the Michigan Department of Corrections concerning its "Friends and Family Package Program." Doc. 4-1 at 1. In liberally construing Plaintiff's complaint, Plaintiff appears to allege an unconstitutional custom or policy of the Michigan Department of Corrections (or perhaps a breach of that policy) that resulted in his friend being prohibited from purchasing commissary items for him through the Securepak program. Plaintiff filed grievances in the Michigan Department of Corrections concerning his allegations. Doc. 4-1 at 12. The link to the State of Missouri appears to be that Keefe Commissary Network, L.L.C., d.b.a. Access Securepak, may be a Missouri Limited Liability Company headquartered in St. Louis, Missouri, that contracted with the Michigan Department of Corrections.

Because Plaintiff is incarcerated in Michigan, because the bulk of the facts relating to the denial of the goods occurred in Michigan, and because Plaintiff has alleged that the constitutional violations are the result of an unconstitutional policy of the Michigan Department of Corrections (or a breach of that policy), the Court concludes that Plaintiff's claims arose in the Eastern District of Michigan, where Plaintiff, the correctional facility, many witnesses, and most defendants are located. *See* 28 U.S.C. § 102(a)(1). Therefore, pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Eastern District of Michigan for all further proceedings. In light of the circumstances, the Court believes it is best for the transferee district to address Plaintiff's pending motions.

Accordingly, it is **ORDERED** that this case is transferred to the United States District Court for the Eastern District of Michigan for all further proceedings.

**IT IS SO ORDERED.**

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 1, 2019

---

[1] The status of the complaint is unclear.

2

*Ingham County Circuit Court*
# 30th Judicial Circuit
P.O. BOX 40771
LANSING, MI 48901-7971
TELEPHONE: (517) 483-6500

JANELLE A. LAWLESS
Chief Circuit Judge

SHAUNA DUNNINGS
Circuit Court Administrator



HARRY P. MOXLEY
Deputy Court Administrator /
Friend of the Court

RHONDA K. SWAYZE
Deputy Court Administrator /
General Trial Division

MAUREEN WINSLOW
Deputy Court Administrator /
Juvenile Division

November 5, 2015

Van Jenkins, #172475
Parnall Correctional
179 E. Parnall Road
Jackson, MI 49201

Mr. Jenkins,

The Court is returning your complaint and accompanying documents. Your request to waive/suspend the initial $150.00 filing fee cannot be honored because you currently owe outstanding fees in the following case file for the amount shown:

    <u>Jenkins</u> v <u>Dep't of Corrections</u>, docket number: 00-91806-AA ($84.50)

The Court waives/suspends/modifies filing fees in prisoner cases in accordance with MCL 600.2963 which states: "A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid." MCL 600.2963(8). *See Keenan v Dep't of Corrections*, 466 Mich 204 (2004). No action can be taken at this juncture. Upon payment of the full amount owed, you may resubmit your documents in accordance with the enclosed instructions.

Law Clerk

Enclosures

cc: Clerical Services Supervisor
      Collections Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Plaintiff,                        Civil No. 19-cv-10738
                                              Hon. Matthew F. Leitman

v.

ACCESS SECUREPAK
COMPANY, et al.,

        Defendants.

_____/

## ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
## WHY THE CASE SHOULD NOT BE SUMMARILY DISMISSED

Plaintiff Van Jenkins, an inmate at the Parnell Correctional Facility in Jackson, Michigan, has filed a pro se complaint under 28 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court directs Plaintiff to show cause why the case should not be summarily dismissed.

The court reads Plaintiff's complaint as naming four Defendants: (1) Pam Mueller, Manager for Access Securepak Company, (2) Access Securepak Company ("Securepak"), (3) the Michigan Department of Corrections ("MDOC"), and (4) Melody A.P. Wallace, Litigation Coordinator for the Michigan Department of Corrections.

1

The complaint largely consists of extended legal exposition on a range of topics including: Michigan Civil Service Commission rules, consumer protection laws, the right to compulsory process, due process, the Civil Rights Act of 1871, and disability law. The factual basis for the complaint, in contrast, is straight-forward. Plaintiff asserts that Securepak is a private contractor who provides a means for friends or family members to send packages to inmates in the Michigan Department of Corrections. Plaintiff states that an unknown friend or family member purchased an $86.93 care package through Securepak on August 29, 2018. On September 7, 2018, the package was returned to Securepak from Plaintiff's facility for an unknown reason, and Securepak issued the sender a refund of the purchase price. Plaintiff claims that by returning the package to sender, the Michigan Department of Corrections deprived him of his property without due process of law.

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

First, with respect to Defendants Securepak and Mueller, the complaint fails to allege that they performed any action that violated his constitutional rights. A

complaint must allege facts showing that each named defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability. See *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995). The Court reads the complaint as indicating that these Defendants' only actions were to attempt to send Plaintiff a package that was purchased by an unknown party, and then to receive it back when it was returned by the MDOC. <u>Plaintiff is directed to show cause in writing why these Defendants should not be dismissed for his failure to allege that they were actively engaged in unconstitutional conduct.</u>

Next, it appears that Plaintiff's claims against all the Defendants regarding the alleged deprivation of his care package without due process of law is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by an unauthorized act of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). There is authority for the proposition that because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the

inadequacy of state post-deprivation remedies. See *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under this authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. See *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). <u>Plaintiff is therefore further directed to show cause in writing why his complaint is not subject to summary dismissal under the *Parratt* line of cases identified above.</u>

Plaintiff must file his written response to this order by not later than **May 1, 2019.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

```
06:38 AM                        KEEFE COMMISSARY NETWORK                PAGE: 1 OF  1
05/23/2019              P.O BOX 17490, St Louis, MO 63178-7490          SHIP FROM: 37A

                                                                PICKED BY:
                                                                  CPR: 102618999
FACILITY NUMBER: 36530(34241P-025)
BLOCK: SMT16                                                    ORDER DATE: 05/22/2019
FACILITY NAME: MI DOC PARNALL CORR FAC ISM                      ORDER: 12749020

           12749020-102618999                                       3883615

BAY     SEQ  #ALIAS  QTY UOM DESCRIPTION              ITEM#       PRICE     TOTAL
5A1
  A    1169  0376    1   EA  GUCCI INSPIRED BODY WAS  0376         3.70      3.70
  C    2234  4019    3   EA  CHICK O STICK            4019         0.21      0.63
  E    3125  0530    1   EA  COOL WAVE CLR TOOTHPAST  0530         1.47      1.47
  I    5270  7111    1   EA  6FT HEADPHONE EXT CORD   7111         2.24      2.24
  J    5700  6171    1   EA  HOT CORN CHIPS           6171         2.01      2.01
  K    6129  6201    1   EA  BUTTER MICRO POPCORN     6201         0.51      0.51


                                  TOTAL WEIGHT  2.61 LBS      SUBTOTAL      10.56
                                                              SALES TAX      0.44
  I=Invalid(NotOnMenu)  B=Backordered  C=Cancelled            ORDER TOTAL   11.00
  N=NotAvailable/Sub    S=Substituted  V=NonInventory

LIST ITEMS OF SHORTAGES AND/OR DAMAGES        QTY        CATEGORY/DESCRIPTION


SIGNED_____    DATE_____

WITNESSED BY_____    DATE_____
```

41

# MICHIGAN DEPARTMENT OF CORRECTIONS

 **Kite Response**

| | | | | |
|---|---|---|---|---|
| **Patient Name** | VAN JENKINS | | **Age** | 60 Years |
| **Date Received** | 06/18/2019 | | | |
| **Time Received** | | | | |
| **Taken By** | Crystal Trout, RN | | | |
| **Date Initiated** | 06/18/2019 | | | |

## Action & Resolution

| Date | Time | User | Detail |
|---|---|---|---|
| 06/18/2019 | 11:51 PM | Crystal Trout, RN | Reason: Rash. Call details: The symptoms is an acid type burn wherre I had purchased a bottle of Gucci Body wash which the Bar No087381125133. Somehow I got a bad batch with methylchloroisothiazolinone in it that burned a ring around my neck and haven't went away from the ointment used.. Assessment/Plan: The Betamethasone ointment was just prescribed yesterday You need to give this ointment a week or two to work.. |

### Medical Question
Patient Complaint/Concern: Rash.

Detail: The symptoms is an acid type burn wherre I had purchased a bottle of Gucci Body wash which the Bar No087381125133. Somehow I got a bad batch with methylchloroisothiazolinone in it that burned a ring around my neck and haven't went away from the ointment used..

Assessment/Plan: The Betamethasone ointment was just prescribed yesterday You need to give this ointment a week or two to work Please rekite after a week of using the ointment and there is no improvement.

JENKINS, VAN
172475
01/29/1959

## Dougherty, Zachary

**From:** Mueller, Pam <pmueller@keefegroup.com>
**Sent:** Thursday, December 06, 2018 2:40 PM
**To:** Dougherty, Zachary
**Cc:** Mueller, Pam
**Subject:** Complaint #CC-2018-10-003261

Mr. Dougherty –

After reviewing the Attorney General complaint submitted by Van Jenkins #172475, the only part that pertains to Access Securepak is the package order concern. I will address that part of the complaint and all of the other parts regarding medical issues, food service, etc. will have to be researched by a different company. The package order for $86.93 was placed on 8/29/18. On 9/7/18, the order was returned back to our company with no reason given from the facility. The return was processed on 9/13/18 and on 9/14/18 a refund was issued to the package sender's credit card. See timeline below.

| Date | | | |
|---|---|---|---|
| 08/29/2018 | 10992179 | 12272126 | Michigan DOC Friends & Family Package Program 21928 - Central Michigan Correctional Facility (SPF |
| 09/14/2018 | 1394268 | 12272126-CRD1f6f | Michigan DOC Friends & Family Package Program 21928 - Central Michigan Correctional Facility (SPF |
| 09/13/2018 | 1393248 | 12272126-RETd25b | Michigan DOC Friends & Family Package Program 21928 - Central Michigan Correctional Facility (SPF |

Please review the information and contact me with any questions.

Thanks,

Pam Mueller | Customer Service Manager | Keefe Group – Access Call Center | 10880 Lin Page Place, St. Louis, MO 63132 | **314.301.3310** | pmueller@keefegroup.com

1

Prisoner Name: Van Jenkins
Prisoner Number: 172475
PARNALL CORRECTIONAL FACILITY
1790 E. Parnall Rd.
Jackson, MI 49201-7139

RECEIVED
AUG - 5 2019
CLERK'S OFFICE
U.S. DISTRICT COURT

METROPLEX
MI 480
25 JUL '19
PM 7 L

ZIP 49201
02 4W
0000361255
US POSTAGE PITNEY BOWES
$ 000.80
JUL 25 2019

L. Granger or
R. Steven Whalen
U.S. Magistrate Judge
U.S. District Court for
The Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd.
Detroit, Mich, 48226

7/15/19
np

48226$2700 C008