UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

       Plaintiff,                                Civil No. 4:19-cv-10738

v.                                                  Hon. Matthew F. Leitman

ACCESS SECUREPAK, CO., ET AL.,

       Defendants.

_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 2) WITHOUT PREJUDICE AND GRANTING PLAINTIFF LEAVE TO AMEND

**I**

Plaintiff Van Jenkins is an inmate at the Parnall Correctional Facility in Jackson, Michigan. Jenkins filed this action on January 29, 2019. (*See* Transfer Order, ECF No. 3, PageID.66.) The Court thereafter waived Jenkins' prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (*See* Order Waiving Prepayment, ECF No. 5.)

Jenkins' Complaint appears to name four Defendants: (1) Pam Mueller, Manager for Access Securepak Company, (2) Access Securepak Company ("Securepak"), (3) the Michigan Department of Corrections ("MDOC"), and (4) Melody A.P. Wallace, Litigation Coordinator for the Michigan Department of Corrections. (*See* Compl., ECF No. 2.) Jenkins asserts that Securepak is a private

1

contractor that provides a means for friends or family members to send packages to inmates in the MDOC. (*See id.*) Jenkins claims that an unidentified friend or family member purchased an $86.93 care package for him through Securepak on August 29, 2018. (*See id.* at PageID.26.) Jenkins says that on September 7, 2018, his correctional facility returned the package to Securepak for an unknown reason. (*See* ECF No. 2-1, PageID.45.) Jenkins contends that Securepak then issued the sender a refund of the purchase price on September 14, 2018. (*See id.*) Jenkins alleges that the Defendants deprived him of property without due process of law when they returned the package to sender without giving him notice or an opportunity to be heard. (*See* Compl., ECF No. 2, PageID.24.) Jenkins seeks an award of money damages against the Defendants. (*See id*. at PageID.25, 27, 35.[1])

## II

On March 21, 2019, the Court conducted an initial screening of Jenkins' Complaint and entered an order requiring Jenkins to show cause why the Complaint should not be summarily dismissed (the "Show Cause Order"). (Show Cause Order,

---

[1] The Court had difficulty discerning the precise nature of the relief sought by Jenkins. The form Complaint filed by Jenkins contained a line on which Jenkins was supposed to identify the relief sought. (*See* Compl., ECF No. 2, PageID.25.) On that line, Jenkins indicated that he identified the relief sought in the attachments to the Complaint. (*See id.*) In the attachments and form Complaint, Jenkins appears to indicate that he is seeking money damages. (*See, e.g.*, *id.* at PageID.25, 27.)

ECF No. 6.)  The Show Cause Order identified two apparent flaws in Jenkins' claim.

First, the Court noted that Jenkins failed to allege that Defendants Mueller and Securepak were involved in the alleged deprivation of his constitutional rights. (*Id.* at PageID.75.)  Accordingly, the Court directed Jenkins to show cause why Mueller and Securepak "should not be dismissed for [Jenkins'] failure to allege that they were actively engaged in unconstitutional conduct." (*Id.*)

Second, the Court noted that Jenkins did not allege what may be an essential element of his due process claim: namely, that the MDOC did not afford Jenkins an adequate post-deprivation remedy.  The Court explained that such an allegation may be required by the Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986), and by several decisions of the United States Court of Appeals for the Sixth Circuit interpreting *Parratt*. (*See id.* at PageID.75–76.)  The Court ordered Jenkins to show cause why his Complaint should not be dismissed for failing to satisfy the *Parratt* doctrine. (*See id.*)

### III

Jenkins has submitted several filings since the Court's Show Cause Order. (*See* ECF Nos. 9–13.)  Jenkins' filings are difficult to follow and generally unresponsive to the Show Cause Order.  The Court has carefully review the filings

3

and has reviewed Jenkins' Complaint again. For the reasons explained below, Jenkins' Complaint is DIMISSED WITHOUT PREJUDICE.

First, upon additional review of the matter (and although not mentioned in the Show Cause Order), the Court has concluded that Jenkins' Complaint against the MDOC must be dismissed. The MDOC is "immune from suit under the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). "The Eleventh Amendment generally bars a suit for money damages brought in federal court against a state . . . . Because sovereign immunity extends to 'state instrumentalities,' and the MDOC is 'an arm of the State of Michigan,' the MDOC is entitled to sovereign immunity" against a § 1983 claim for money damages. *McCoy v. Michigan*, 369 F. App'x 646, 653 (6th Cir. 2010) (citations omitted). Jenkins therefore may not sue the MDOC for money damages.

Second, Jenkins' Complaint against Defendants Mueller and Securepak must be dismissed. Jenkins' filings in response to the Show Cause Order do not demonstrate or contend that Mueller and Securepak "were actively engaged in unconstitutional conduct." (Show Cause Order, ECF No. 6, PageID.75.)

Third, upon additional review of the matter (and although not mentioned in the Show Cause Order), the Court concludes that Jenkins' Complaint against Defendant Wallace must be dismissed. Jenkins has not sufficiently alleged that

Wallace participated in the allegedly unconstitutional conduct – i.e., the return of the package to Securepak without due process.

For all of the reasons explained above, Jenkins has not stated viable claims against any of the Defendants.  Accordingly, **IT IS HEREBY ORDERED** that Jenkins' Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

IV

The Court will grant Jenkins leave to file an Amended Complaint.  In the Amended Complaint, Jenkins should take care to name as defendants those individuals who were directly involved in the alleged return of his package to Securepak and/or who were directly involved in any other alleged violation of his constitutional rights.  Moreover, Jenkins should allege <u>specific</u> facts in his Amended Complaint showing how each person he chooses to name as a defendant was <u>personally</u> involved in the return of his package and/or otherwise violated his

constitutional rights.² Jenkins shall not seek money damages from the MDOC in the Amended Complaint.

Jenkins shall file his Amended Complaint by not later than **November 12, 2019**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 12, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764

---

² Jenkins claims that "Defendants have refused to disclose[] relevant records involving the [Securepak] store items order." (First Mot. for Relief from Summ. J., ECF No. 10, PageID.150.) But Jenkins need not present such records to the Court at this stage. Rather, Jenkins' Amended Complaint need only allege sufficient factual matter that, if accepted as true, states a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court again wishes to emphasize to Jenkins that his task at this stage is to present <u>specific factual allegations</u> – based upon his personal knowledge and/or upon information and belief – showing how each defendant violated his constitutional rights. Jenkins does not need to present evidence or documents supporting his claims at this point. Moreover, Jenkins has no right to discovery of documents or records at this stage.