UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

       Plaintiff,                              Civil No. 4:19-cv-10738

v.                                              Hon. Matthew F. Leitman

ACCESS SECUREPAK, CO., *et al.*,

       Defendants.

_____/

**ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION TO VACATE OR RECONSIDER (ECF No. 16) AND (2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 19)**

Plaintiff Van Jenkins is an inmate at the Parnall Correctional Facility. Jenkins alleges that he was deprived of his property without due process of law when a package that was delivered to him was returned to the sender without first giving Jenkins notice or an opportunity to be heard. (*See* Compl., ECF No. 2, PageID.24.) On September 12, 2019, the Court dismissed Jenkins's complaint without prejudice and granted Jenkins leave to amend his complaint by November 12, 2019. (*See* Order Dismissing Pl.'s Compl., ECF No. 14.)

Jenkins has filed a motion to vacate or reconsider the Court's order. (*See* Mot. to Vacate or Reconsider, ECF No. 16.) Jenkins also filed a motion for a time extension to amend his complaint. (*See* Mot. for Time Extension, ECF No. 19.) For the reasons explained below, the Court hereby **GRANTS IN PART** Jenkins's

1

motion to vacate or reconsider the Court's order to dismiss Jenkins's complaint (ECF No. 16), and the Court **GRANTS** Jenkins's motion for a time extension (ECF No. 19).

# I

Jenkins filed this action on January 29, 2019. (*See* Transfer Order, ECF No. 3, PageID.66.) Jenkins's Complaint appears to name four Defendants: (1) Pam Mueller, Manager for Access Securepak Company, (2) Access Securepak Company ("Securepak"), (3) the Michigan Department of Corrections ("MDOC"), and (4) Melody A.P. Wallace, Litigation Coordinator for the Michigan Department of Corrections. (*See* Compl., ECF No. 2.)

On March 21, 2019, the Court ordered Jenkins to show cause why the Complaint should not be summarily dismissed. (Show Cause Order, ECF No. 6.) The Show Cause Order identified two apparent flaws in Jenkins's claim. First, the Court noted that Jenkins failed to allege that Defendants Mueller and Securepak were involved in the alleged deprivation of his constitutional rights. (*Id.* at PageID.75.) Accordingly, the Court directed Jenkins to show cause why Mueller and Securepak "should not be dismissed for [Jenkins's] failure to allege that they were actively engaged in unconstitutional conduct." (*Id.*) Second, the Court noted that Jenkins did not allege that the MDOC failed to provide Jenkins with an adequate post-deprivation remedy. The Court explained that such an allegation may be

required by the Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986), and by Sixth Circuit decisions interpreting *Parratt*. (*See id.* at PageID.75–76.) The Court therefore ordered Jenkins to show cause why his Complaint should not be dismissed for failing to satisfy the *Parratt* doctrine. (*See id.*)

After the Court issued its Show Cause Order, Jenkins submitted several unresponsive filings. (*See* ECF Nos. 9–13.) On September 12, 2019, the Court dismissed Jenkins's complaint without prejudice. (*See* Order Dismissing Pl.'s Compl., ECF No. 14.)

The Court identified three reasons why it was dismissing Jenkins's complaint. First, the Court concluded that the Eleventh Amendment barred Jenkins's suit against the MDOC. (*See id.* at PageID.217.) Second, Jenkins failed to respond to the Show Cause Order by demonstrating or contending that Mueller and Securepak "were actively engaged in unconstitutional conduct." (*Id.*) Third, although not mentioned in the Show Cause Order, the Court concluded that Jenkins failed to sufficiently allege that Defendant "Wallace participated in the allegedly unconstitutional conduct – i.e., the return of the package to Securepak without due process." (*Id.* at PageID.217–18.)

Although the Court dismissed Jenkins's complaint, it also granted Jenkins leave to file an amended complaint. The Court emphasized that Jenkins should

amend his complaint to specifically identify *who* was directly involved in the incident and *how* the individuals violated his rights:

> In the Amended Complaint, Jenkins should take care to name as defendants those individuals who were directly involved in the alleged return of his package to Securepak and/or who were directly involved in any other alleged violation of his constitutional rights. Moreover, Jenkins should allege <u>specific</u> facts in his Amended Complaint showing how each person he chooses to name as a defendant was <u>personally</u> involved in the return of his package and/or otherwise violated his constitutional rights.

(*Id.* at PageID.218–19; emphasis in original.)

The Court also addressed Jenkins's frustration, which he had expressed in his prior filings, that he could not obtain evidence or documents supporting his claims while in prison. The Court noted that, at this stage in his case, Jenkins did not need such records to state a plausible claim for relief:

> Jenkins claims that "Defendants have refused to disclose[] relevant records involving the [Securepak] store items order." (First Mot. for Relief from Summ. J., ECF No. 10, PageID.150.) But Jenkins need not present such records to the Court at this stage. Rather, Jenkins' Amended Complaint need only allege sufficient factual matter that, if accepted as true, states a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court again wishes to emphasize to Jenkins that his task at this stage is to present <u>specific factual allegations</u> – based upon his personal knowledge and/or upon information and belief – showing how each defendant violated his constitutional rights. Jenkins does not need to present evidence or documents supporting his claims at

4

> this point. Moreover, Jenkins has no right to discovery of documents or records at this stage.

(*Id.* at PageID.219 n.2; emphasis in original.)

Jenkins has not filed an amended complaint. Instead, Jenkins filed a motion to vacate or reconsider the Court's Order dismissing his Complaint. (*See* Mot. to Vacate or Reconsider, ECF No. 16.) Among other things, Jenkins argues that he needs further discovery from Defendants before he can state a claim. (*See id.* at PageID.232–34.) On September 5, 2019, for example, Jenkins sent a subpoena to Defendant Mueller to produce the "full names of all Employees & MDOC staff & officers that participated in Securepak store order process and the Friends & Family package program." (*See* Mueller Subpoena, ECF No. 16, PageID.295.) Mueller does not appear to have responded to the subpoena. Jenkins contends that Defendants, by not responding to these subpoenas, are "obstruct[ing] this civil action." (*Id.* at PageID.222.) And Jenkins argues that the Court should vacate or reconsider its Order in light of this "obstruction." (*See id.*) Jenkins has also requested a time extension to prepare and amend his complaint. (*See* Mot. for Time Extension, ECF No. 19.)

### III

After considering Jenkins's arguments, the Court will reconsider in part its Order dismissing Jenkins's complaint. As described below, the Court has decided to allow Jenkins to file a John Doe complaint against the parties (1) who Jenkins

believes violated his constitutional rights and (2) whose names Jenkins does not yet know.

The Court acknowledges that John Doe complaints are disfavored. *See Yates v. Young*, 772 F.2d 909 (Table), 1985 WL 13614, at *1 (6th Cir. Aug. 28, 1985). But a prisoner may bring a John Doe complaint if "the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff c[an] identify defendant through discovery." *Id.* As the Seventh Circuit explained, a prisoner's "opportunities for conducting a precomplaint inquiry are . . . virtually nil." *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995). "If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison [has violated Jenkins's rights], and if the circumstances are such as to make it infeasible for [Jenkins] to identify that someone before filing his complaint, his suit should not be dismissed as frivolous." *Id.* Jenkins, as a prisoner, "may not be in a position to identify the proper defendants," but "it is the duty of the district court to assist him, within reason, to make the necessary investigation." *Id.* at 789–90; *see also Staples v. United States*, No. 16-cv-12367, 2016 WL 3611883 (E.D. Mich. July 6, 2016) ("[T]he Court will grant plaintiff 120 days form the date of this order to obtain and provide to this Court the name of the 'John Doe' defendant who he claims participated in the deprivation of his constitutional rights.").

Therefore, the Court grants Jenkins leave to:

1. File an amended complaint by not later than **January 17, 2020**. The amended complaint should name the Defendants as "John Does" instead of the individual Defendants named in the original complaint.[1]

2. Conduct limited discovery until **April 17, 2020**. During this discovery period, Jenkins shall attempt to discern the identities of all the individuals involved and the specific role they played in depriving him of his property without due process of law.

3. File a second amended complaint by not later than **May 18, 2020**. This second amended complaint must (1) identify the individuals who Jenkins believes violated his constitutional rights and (2) specify how they did so.

The Court emphasizes that Jenkins's second amended complaint must "name as defendants those individuals who were directly involved in the alleged return of his package to Securepak and/or who were directly involved in any other alleged violation of his constitutional rights." (Order Dismissing Pl.'s Compl., ECF No. 14, PageID.218.) And he must allege "specific facts . . . showing how each person he chooses to name as a defendant was personally involved in the return of his package and/or otherwise violated his constitutional rights." (*Id.* at PageID.218–19.)

---

[1] The Court is not persuaded to vacate its order dismissing Jenkins's suit against the MDOC, Securepak, or any of the individual defendants named in Jenkins's original complaint. Thus, for the reasons explained in the Court's initial order, Jenkins's complaint against the original Defendants remains dismissed. (*See* Order Dismissing Pl.'s Compl., ECF No. 14, PageID.217.)

## IV

Accordingly, for all the reasons explained above, the Court **GRANTS IN PART** Jenkins's motion to vacate or reconsider the Court's order dismissing Jenkins's complaint (ECF No. 14), and the Court **GRANTS** Jenkins's motion for a time extension to amend his complaint (ECF No. 19). Jenkins shall:

- File an amended complaint by not later than **January 17, 2020**.
- Conduct limited discovery until **April 17, 2020**.
- File a second amended complaint by not later than **May 18, 2020**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764