**POOR QUALITY ORIGINAL**

Van Jenkins
Reg. No. 172475
2727 East Beecher Road
Adrian, Mich. 49221

Holy A. Morela
Case Manager
U.S. District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd., Room 564
Detroit, Mich. 48226

1/3/2020

F I L E D
JAN -9 2019
U.S. DISTRICT COURT
FLINT, MICHIGAN

RE: Jenkins v. Access Securepak Co. & MDOC
      Case No. 4:19-cv-10738

Dear Case Manager

I'm writing in regards to the above caption matter.
The U.S. District Judge, Matthew F. Leitman issued an
order directing Plaintiff to file his Amended complaint
before Jan. 17, 2020.

I have enclosed the Amended complaint with support-
ing Affidavit. The supporting pleadings of the search And
seizure warrant was filed before Patricia T. Morris and the
U.S. District Judge Leitman should be placed on Notice of
these pleadings that must be promptly completed before
Plaintiff is transferred to the university of michigan Hospital.
The U.S. Dist. Judge Denise Page Hood has before her pleadings
involving a Discharge order of Time served on a current
2 yr. Probation sentence and Parole Violation sentence ran
concurrent. Now after plea Agreement is ran concurrent shall
is illegal — A request was made for Denise page Hood to order
discharge custody over to the U.S. Marshal's Witness protect-
ion program for Plaintiff and his son. The pleadings filed
before Patricia T. Morris explains the imminent danger
please place on Judge Leitman's docket the Amended complaint.
Thank you for your service.
      Sincerely.
Van Jenkins
c.c. file/enclosures." Amended complaint & Affidavit
                              Exhibits

United States District Court,
For The Eastern District of Michigan
Southern Division

Van Jenkins #172475                    Case No. 4:19-cv-10738
Plaintiff,

        Vs,

Pam Mueller, Manager
Access Securepak Company
Michigan Dept. of corrections, et. al.
Defendants.

Amended Complaint As Ordered Dec, 23, 2019

Pursuant to leave granted by an order of this court on 12/23/2019 the plaintiff files the following amendment to his complaint;

1. Pursuant to the Federal Rules of civil procedure-Rule 15(c) an amended complaint is to relate back to the original complaint which is the consumer protection complaint that was filed at the Missouri Attorney General-John Howley, now it is Eric Schmitt Consumer protection unit, P.O. Box 899, Jefferson City, Mo. 65102, Tel. (573)-751-3321 Website: ago, Mo. gov, the complaint Number is: CC-2018-10-003261 that has been provided to this court thru transfer of this case from the Missouri Federal court.

2. The Law(s) that provides the applicable statute of Limitations are; M.C.L.A. 440.9612 (2), Rev, Stat. Mo. 400.9612 (b) and the Administrative procedures Act, 5 U.S.C. 552(a)(b)(A)(i) where, the Access securepak company and the Michigan Dept. of corrections is to disclose their answers to the complaint within 10 days, and failure to do so shall be deemed to have been exhausted the Administrative remedies with respect to such request; if the Access securepak company And Michigan Dept. of corrections fails to comply with applicable time limit provisions; and that the ADA requires Discovery disclosures of the names, titles and positions of those individuals who participated in the securepak store order process etc.

3. Pursuant to the Federal Rules of civil procedure-Rule 26 to the extent otherwise stipulated in the consumer protection complaint No. CC-2018-10-003261 a party must, meaning the Access securepak company And Michigan Dept. of corrections, must without awaiting a discovery request, provide to a party, the plaintiff the name(s), the addresses and phone numbers of each individual likely to have discoverable information that the disclosing party solely may use to support his/her claims or defenses.

-1-

4. Pursuant to Fed. Rules of Civil Procedure - Rule 37 even after subpoena was served upon the Director of Access secure-pak co.'s John Doe, they failed to disclose under the herein cited statutory provisions and made an evasive or incomplete disclosure answer, or response according to rule 37, is to be treated as a failure to disclose, answer, or respond, the attached shows this response to the consumer protection complaint that do not comply with the statutory provisions cited herein or Fed. Rule of Civil Procedure - Rule 44 certification.

5. Rule 37 requires sanctions for failure to make Disclosures or cooperate in Discovery, requiring this court to issue an order for default judgment, Because the name(s) of those participated in the securepak store order process would have been name according to the Rules and statutory provisions where this court would not have rendered any ~~court~~ summary Judgment, The summary Judgment may still be dismissed because the above cited was not recognized by the court.

6. plaintiff certified his Affidavit of non Response Acceptance And Agreement is evidence being used and was filed at the Missouri Attorney General's office, supporting the Default that occurred at that agency. This means that Access securepak co. and MDOC have pled guilty as stipulated in the consumer protection complaint.

7. A stipulation is an Agreement, admission or concession made by the parties in a legal action with regard to a matter incident to a case. The parties may enter into a stipulation to avoid delay, trouble, and expense, when the parties stipulate to a set of facts, the stipulated facts are binding upon the court, This Affidavit of certificate of non Response Acceptance And Agreement was not recognized by the court where the Defendants pled guilty and did not comply to disclosures of Names of those who participated in the securepak store order process required by the ~~American~~ Administrative procedures Act.

8. Pursuant to M.C.L. 24.278 the parties in a contested case by a stipulation in writing filed with the Agency and whom the Agency contracts to may Agree upon any fact involved in the controversy, which stipulation shall be used as evidence at a hearing and be binding on the parties thereto. see In re Carney, 258 F.3d 415,

9. on the date of 8/29/2018 a friend, Scott McNitt at 211 Saratoga street, Lapeer, Mich. 48446, Tel. (810)-667-2050 Email: sdmcnitt@hotmail.com, placed a securepak store order with a credit card and paid $86.93, order NO. 10992179, Invoice NO. 12272126 to Access securepak company, 10880 Linpage place, St. Louis, Mo. 63132.

10. This process that Scott McNitt initiated is governed by PD.04.02.135 & OP.04.02.135 that was circumvented by the following individuals that also coerced Mr. Scott McNitt in violation of 18 U.S.C.1512.

11. Upon Mr. Scott McNitt initiating this securepak store order thru his computer system, completing the Friends And Family package ORDER Form/contract, the ARUS/Rum or Counselor Nick White of H-unit verifies that the form/contract have been properly completed,

12. Signs and dates Disbursement Authorization order Form/or cited in the MDOC's computer Data system indicating approval and forwards to prisoner Accounting.

13. Either STF Accounting officer John Doe or the Access securepak company's Jane Doe Accountant processes the order. The store-keeper, John Doe Receives Friends And Family package orders and secures items until delivery to prisoners.

14. The Warehouse supervisor, John Doe, or designee E-mails Mich. shipping summary received electronically to the unit ARUS Nick White or prison counselor, John Doe.

15. ARUS, Nick White is to verify that prisoner who lock in their unit are allowed to receive the Friends And Family package. Notifies Warehouse staff of any Friends And Family packages that need to be returned to the Vendor.

16. At this stage, ARUS Nick White upon ordering the Warehouse or Quartermaster to return the securepak store order items back to the Vendor, Access securepak Co. with Notification of the specific Policy Violation to allow for cancellation of the securepak store order;

17. To order or in order for ARUS Nick White to order a return of the securepak store order back to Access securepak Co. pursuant to PD.04.02.135(L) a prisoner must be found at a Misconduct Hearing or Personal property Hearing to be knowingly involved in sending or receiving a Friends And Family package order in violation of the Policy shall be prohibited from purchasing or receiving items through the Friends And Family package program. No misconduct was write by Nick White nor any hearing conducted to allow for cancellation of the securepak store order to be made.

18. The Vendor, Access securepak Co. is or shall notify the Michigan Dept. of corrections of suspicious Friends And Family package program Orders. Pam Mueller the Manager at Access securepak Co. failed to acquire authorization of those who participated in the securepak store order process upon responding or answering the consumer protection complaint No. CC-2018-10-00326. that is evasive and failure to properly respond as the policy Directive provide Pam Mueller authority to obtain disclosure of this information. As the Plaintiff do not hold the office(s) of store keeper, Warehouse or Accounting or Access securepak Co.'s store process, shipping area to know who is participating in this securepak store order process.

-3-

19. Upon the plaintiff filing the consumer protection complaint at the Missouri Attorney General Consumer Protection Division, the Access Securepak Company retaliated by not processing other Securepak Store orders as recorded by the use of plaintiff's Pass Word Number 135736, 135736;

20. An Amended Consumer Protection complaint was filed under the Missouri Attorney General Eric Schmitt Case Number, CI-2019-09-000131 due to retaliations where Access Securepak Co. sold plaintiff a bottle of Gucci Body Wash containing harmful acid that burnt plaintiff around the neck, the medical information was attached to the Amended Complaint filed at the Missouri Attorney General. Linda hi, NP Stacey prescribed Betameth Val ointment for the injury, The plaintiff have not received any Response as of yet.

21. The series of Retaliatory activities that violated plaintiff's U.S. Constitutional Rights are as follows and require Discovery of the camera surveillance footage on the dated incidents that took place, which denied plaintiff his access to the courts. Policy Directive PD. 05.03.116;

22. As cited on the attached Grievance I.D. No. SMT-19-05-0773-18B the Law Librarians of Parnall correctional Facility, namely Mrs. Thompson, refused to provide photo copy services, and was illegally seizing funds from the plaintiff's Trust Account Obstructing court costs, as if institutional debt supercedes court ordered cost to be paid.

23. The Michigan Dept. of Civil Rights complaint shows attached by Monique Cottrell about the MDOC's Law Librarians refusing of obstructing court, B. Trowbridge and D.L. Foster of the Gus Harrison correctional Facility's Law Library continued from what the Law Librarians of Parnall correctional Facility committed, These incidents are shown on camera surveillance that they conceal behind security Reasons that are allowed under Discovery; B. Trowbridge violated the current Discovery order of this court along with other officers named herein and in the pleadings filed before Patricia T. Morris, U.S. Magistrate Judge.

24. The U.S. Magistrate Judge, Patricia T. Morris was mailed Discovery Pleadings under U.S. District Judge Leitman's order as follows: Motion For An order Directing the U.S. Marshal To perform Enforcement of court order(s) And search And seizure Warrant pursuant to Fed. Rules of criminal procedure-Rule 41 as there are Federal offenses being committed with the Jurisdiction of this court. This amended complaint is supported by this Motion & Exhibit.

-4-

25. The Motion and supported Affidavit(s) with Exhibits were mailed to Patricia T. Morris, and the United States Marshal Service Office at U.S. District Court for the Eastern District of Michigan, 1000 Washington Avenue, Bay City, Mich. 48708. There are reasons to believe that these court pleadings was not receive by the U.S. magistrate Judge or U.S. marshal due to MDOC's Retaliatory Obstructions, even though the following tracking Number was assigned with no court Response to the pleadings, tracking Number is: 9114 9023 0722 4016 3460 67

26. The U.S. Marshal service was sent a search and seizure warrant Ao93 Form to be signed by the U.S. magistrate Judge to seize said property listed in the Motion, Affidavit and the Food service complete payroll under skills pay of 32.5 per hour and $40.00 bonus earned from 2014 thru 2019.

27. On the date of 12/2/2019 the following committed retaliatory Conspiracy to deprive plaintiff of his skills pay means of living or self supporting and paying court costs, since Grievances were Wrote and complaint filed at the Michigan Dept. of civil Rights see the attached civil Rights complaint — the following retaliated: Grosebeck, J. Perry, AFSD, A. Johnson, Facility Manager and G. Hissong, FSD and Mrs. Long ARF Classification Director, Rum K. Roark, Edmond Hearing Investigator and officer Miller. the camera surveillance footage to be seized on the dates) 11/13/2019 & Nov. 30, 2019, Mr. Grosebeck lied as he was not at Work when plaintiff was called in to work in Food service so he made a false Report under the civil service commission Rule 47.

28. It is the policy and or customs of the Michigan Dept. of corrections to inadequately and improperly investigate Grievances, even prisoner Misconducts of correctional officers misconducts, and acts of misconduct that were instead tolerated by the MDOC, especially upon finding that this court granted summary dismissal that is proven by the date of the original complaint filed, during the pending of this Lawsuit and the date summary dismissal was granted. the Michigan Dept. of civil Rights is the Expert Witness on these retaliatory offenses.

29. It is their policy and/or custom of the MDOC to inadequately supervise and train its officers, thereby failing to adequately discourage further constitutional violations on the part of its officers, The MDOC did not require appropriate in-service training or re-training of officers who were known to have engaged in correctional officer civil service commission Rules misconduct(s).

—5—

30. As a result of the above described policies and customs, officers of the MDOC, including the officers cited herein at ARF believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31. The above described policies and customs demonstrated a deliberate indifference on the part of policy makers of the MDOC to the constitutional Rights of persons with Disabilities/disorders within the MDOC, and were the cause of the violations of plaintiff's constitutional Rights alleged herein.

32. Officer Eichorn, Badge No. 1064608 Violated the Civil Service Commission Rule(s) 47 and 54 by filing a false misconduct Report stating he observed plaintiff stealing a bag of sugar, the camera surveillance shall reveal the truth of this accusation prior to a hearing.

33. Food Service officer B. Robinson on 12/24/2018 committed an assault against plaintiff during time he was having a hypertension episode and had a call out to the medical clinic, she refused to allow him to go to the medical clinic, Medical clinic officer Dewright gave authorization to go eat and return to the medical clinic, B. Robinson wrote a false misconduct and the camera surveillance footage captured this incident.

34. The medical doctor had authorized plaintiff that when the experience an episode to immediately take his medicine and rest, on the date of 8/22/2019 during count time plaintiff experienced an episode— Hypertension episode and went to his locker and got his medicine.

35. Officer Udey stated that "you are not allowed to get off your bunk." Plaintiff stated medical supercedes due to my episode, officer Udey stated if you do not have a medical Detail you can't get off your bunk. The medical information to verify plaintiff's Doctor's orders is on the computer, the medical accommodation policy requires an officer to verify a prisoner's medical orders by accessing the MDOC's computer data base system omni.

36. Officer Udey refused to do so, then ordered plaintiff to get up off his bunk to be handcuff while he waited for his medicine to take effect, officer Udey stated that if plaintiff do not get up take effect, officer Udey stated that if plaintiff do not get up he is going to tase him — reached and pull out the taser threatening plaintiff disregarding his hypertension episode, and was taken to the detention without medical treatment. Circumventing the procedures and failure of staff to provide or obtain or convey the need for medical attention is a Civil Service Commission Rule Violation of deliberate indifference to a serious medical need.

-6-

37. Officer(s); Miller, Broich and Vore conspired to conduct shakedowns and confiscate property from plaintiff that is listed on his property Receipts and listed on the Affidavit & search And seizure warrant pleadings filed before the Patricia T. Morris, U.S. Magistrate Judge.

38. Plaintiff's adaptor for his sony tape player was confis-cated by officer Broich on 11/10/20 claiming the Adapter is altered, Expert witness along with camera surveillance footage officer Finazzi according to P.D. 04.07.112 attached shows that the transfer of prisoner from the sending facility, is to Note any damage of or altered property must be noted on the personal property Receipts this officer assigned property seal Number 6158694,

39. Officer Watkins assigned property seal Number 6013072 and do not list damage or altered on this prisoner personal Property Receipt,

40. All property shall be itemized by staff at the sending facility on a prisoner personal Property Receipt (CSJ-241-A or CSJ-241-B Any property that is damaged of altered shall be specifically identified on the Receipt by staff at the sending facility, see the attached highlighted policy Directive,

41. None of the property listed - clear Tunes Flat screen TV, Fan, CL-20 Headphones, sony Tape player, padlock, sony Tape player Adaptor are all listed in the seizch, And seizure warrant to be seized by the u.s. marshal service,

42. The False misconduct written was heard by Hearing officer PC Thompson on 11/13/2019, Thompson failed to comply to the attached policy Directive /PD.03.03.105, The evidence of the Hearing officer shall make an individual determination of the credibility of staff and prisoner witnesses,

43. The Grievances cited attached show the efforts plaintiff took to resolve these matters at the administrative level where Retaliations were the results.

Wherefore, the Plaintiff requests that this court:

a. Award compensatory damages to plaintiff against the Defendants, Jointly and severally,

b. Award costs of this Action to the plaintiff,

c. Award sanctions for the Defendants not complying to statutory response time and Discovery & court orders as a Default Judgment,

d. Award reasonable Attorney fees and costs to the plaintiff,

e. Award such other and further relief as this court may deem appropriate,

The plaintiff hereby demands a bench trial.

1/3/2020
Date

Van Jenkins
Plaintiff's signature

## Affidavit In Support

Affiant, Van Jenkins, being duly sworn and deposed pursuant to the statutory provisions of 28 U.S.C. 1746 that the facts contain in the Amended Complaint herein and this Affidavit is true, correct, complete in part, and not meant to mislead to the best of my knowledge and belief as I state there-under penalty of perjury, that:

1. That the Access securepak Co. & MDOC did not comply to the Policy Directive's process in order to allow any cancel-lation by notification of the specific policy violation; and that Pam Mueller hold the authorization to acquire/obtain full detailed disclosures of those that participated in the process of the securepak store order process,

2. Evidence of Retaliations being committed is listed in the attached Michigan Dept. of Civil Rights Complaint No. 497386 & 500695 - Where officer VORE placed a metal peice of contraband in plaintiff's locker, See attached Grievance, upon on this officer confiscating plaintiff clear tunes TV/Flat screen,

3. Daniel M. Levy on Law And policy found the MDOC from the attached complaint No. 497386 & violation of state anti-dis-crimination law(s).

4. This requires this court to issue an order for appointment of counsel from the Michigan protection And Advocacy service, Inc. at www.mpas.org - Elmer L. Cerano, Executive Director pur-suant to 42 U.S.C. 10805 in providing legal services regarding witnesses under discovery order to acquire camera surveillances and other matters plaintiff is unable to acquire,

5. Plaintiff directs the court's attention to the case No. 2:18-cv-12680 Jenkins v. Cook before Denise Page Hood where a State Judge failed to enforce the discharge issued, and that pleadings filings for Federal Release to the custody of the U.S.Marshals witness protection program for plaintiff and his child Geman G.Coyles, The court is on notice regarding the Response time of another case involving imminent danger of plaintiff & his son. plaintiff request that the court order the U.S. marshal to serve the Amended complaint upon Defendants, Further Affiant sayeth Not.

1/3/2020
date

Van Jenkins
Affiant's signature 28 U.S.C. 1746

Right thumb print →

- 8 -

**Dougherty, Zachary**

| | |
|---|---|
| **From:** | Mueller, Pam <pmueller@keefegroup.com> |
| **Sent:** | Thursday, December 06, 2018 2:40 PM |
| **To:** | Dougherty, Zachary |
| **Cc:** | Mueller, Pam |
| **Subject:** | Complaint #CC-2018-10-003261 |

Mr. Dougherty –

After reviewing the Attorney General complaint submitted by Van Jenkins #172475, the only part that pertains to Access Securepak is the package order concern. I will address that part of the complaint and all of the other parts regarding medical issues, food service, etc. will have to be researched by a different company. The package order for $86.93 was placed on 8/29/18. On 9/7/18, the order was returned back to our company with no reason given from the facility. The return was processed on 9/13/18 and on 9/14/18 a refund was issued to the package sender's credit card. See timeline below.

| 08/29/2018 | 10992179 | 12272126 | Michigan DOC Friends & Family Package Program 21928 - Central Michigan Correctional Facility (SPF |
|---|---|---|---|
| 09/14/2018 | 1394268 | 12272126-CRD1f6f | Michigan DOC Friends & Family Package Program 21928 - Central Michigan Correctional Facility (SPF |
| 09/13/2018 | 1393248 | 12272126-RETd25b | Michigan DOC Friends & Family Package Program 21928 - Central Michigan Correctional Facility (SPF |

Please review the information and contact me with any questions.

Thanks,

Pam Mueller | Customer Service Manager | Keefe Group – Access Call Center | 10880 Lin Page Place, St. Louis, MO 63132 | 314.301.3310 | pmueller@keefegroup.com

*Notarized complaint*
*10/18/2018*
*Pam Mueller Response*
*Dec. 6, 2018 way pass 10 days*

1

| | |
|---|---|
| Authority: Acts 453 and 220, P.A. of 1976, as amended.<br>Completion: Required<br>Penalty: Allegations of unlawful discrimination cannot be investigated without a sworn complaint. | **STATE OF MICHIGAN**<br>**DEPARTMENT OF CIVIL RIGHTS**<br>**COMPLAINT** |

MDCR # 497386

FED. # _____

| CLAIMANT | RESPONDENT |
|---|---|
| Mr. Van Jenkins #172475 | Michigan Department of Corrections |
| **ADDRESS**<br>1780 East Parnell Road<br>Jackson, MI 49201 | **ADDRESS** *Melody A.P. Wallace Legal Affairs*<br>Grandview Plaza Building, 1st Floor<br>P.O. Box 30003<br>Lansing, MI 48909 |
| **TELEPHONE** | **TELEPHONE** (517) 373-3030 |
| Area of Discrimination: **Public Accom / Service** | Date of Discrimination: **July 8, 2019** |

**Statement of Alleged Discrimination:**

I am an African American person with a disability and allege I am being denied an accommodation and treated different most recently on July 8, 2019, due to my race, disability and in retaliation for lodging an internal grievance most recently on July 5, 2019.

I am incarcerated in Respondent's Parnall Correctional Facility located at 1780 East Parnall Road, Jackson, MI 49201.

**Other terms & conditions**          **07/08/2019**          **Disability , Race , Retaliation**

Since 2018, until most recently on July 8, 2019, I was subjected to other terms and conditions by Respondent's predominately Caucasian officers and medical staff. I have been denied the ability to utilize the law library services, my employment pay miscalculated and trust accounts have been mismanaged; and, I most recently was quarantined. I believe I was treated differently because of my race, disability and in retaliation for previously engaging in a protected activity.

**Failure to accom. disability**          **07/08/2019**          **Disability**

Since 2018, until most recently on July 8, 2019, I have requested accommodations for my disability and have been denied. I allege I received inadequate medical treatment. I have been denied a physical and mental examination, medical dietary needs are not followed and I have not received any relief for my complaints regarding adverse side-effects from my prescribed medications which were administered by Respondent's medical staff. I believe my disabilities were factors in being denied reasonable accommodations.

This complaint is based on the following law:

Elliott-Larsen Civil Rights Act No 453, Public Act of 1976, as amended

Michigan Persons with Disabilities Act No. 220, Public Acts of 1976, as amended

| | |
|---|---|
| I swear or affirm that I have read the above complaint and that it is true to the best of my knowledge, information and belief. I have notified the department of all other civil or criminal actions pending with regard to the allegations in this complaint.<br><br>*Van Jenkins*<br>SIGNATURE OF CHARGING PARTY / CLAIMANT<br><br>Complaint Taken by: _____ Monique Cottrell | Subscribed and sworn to before me<br>This ___30th___ day of ___July___ , ___2019___<br>at ___Jackson___ , Michigan<br>My Commission expires (dd/mm/yyyy) *Vera R Conerly*<br>VERA R. CONERLY<br>SIGNATURE OF NOTARY PUBLIC, STATE OF MI<br>COUNTY OF JACKSON<br>MY COMMISSION EXPIRES Nov 23, 2019<br>Commissioned in ___ACTING IN COUNTY OF___ County. |

CR 405 (rev. 04-05)                                                                                                    Page 1 of 1

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247  10/94
CSJ-247A

Date Received at Step I __5/30/19__   Grievance Identifier: |S|M|T|1|1|9|0|5|0|0|7|2|6|8|0|1|1|4|F|

> Be brief and concise in describing your grievance issue.  If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Jenkins | 172475 | SMT | 42-A-16 | 5/28/19 | 5/28/19 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? __5/24/19__
If none, explain why. Spoke with A Rum of 16 Blk of C & D regarding non compliance by the Law Librarian not complying to the Access To Court policy & a kite was sent to the Law Librarian Mrs. Thompson with no Reply. No resolution was made.

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On the date of 5/28/2019 Grievant made efforts to get copies made as requested from the following Legal service organization: American Friends Service committee volunteer- kristen at 124 pearl street suite 607 Ypsilanti, Mich. 48197, phone: (734)-761-9796. Efforts are being made to correct inaccurate parole information and AFSC instructed grievant by letter dated 5/14/19 to provide copies of parole denial records. Grievant had requested for copies and show Mrs. Thompson, the Law Librarian the letter as verification. she stated that these documents are not going to a court, so she will not make copies. According to policy- Where she circumvents policy prisoners' Access To Courts PD. 05.03.116 (CM) & (N) page 3 of 4 clearly states, quote: Prisoners shall be provided photocopying services to obtain copies of items needed for legal Research." "Prisoners also shall be provided photocopying services to obtain copies of documents in their possession" which are necessary for the prisoner Serve on a party to a lawsuit." And that prisoners who lack sufficient funds to pay for copies of documents in their possession shall be loaned funds to pay for the copying" unquote. This is obstruction 18 U.S.C. 1509

_Van Jenkins_   Grievant's Signature

that has been committed even where court orders have been shown to the Law Librarian(s) who still refused to provide copies to cause a dismissal of the case where the court want show cause

RESPONSE (Grievant Interviewed? ☑ Yes ☐ No    If No, give explanation.  If resolved, explain resolution.)

_____
Respondent's Signature        Date 5/19/19

Respondent's Name (Print)     Working Title MM

Reviewer's Signature

Reviewer's Name (Print)       Working Title  6/18/19  ADW

| Date Returned to Grievant 6/18/19 | If resolved at Step I, Grievant sign here.  Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**MICHIGAN DEPARTMENT OF CORRECTIONS**

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Jenkins | 172475 | 42-A-/16 | SMT-19-05-0773-18B |

| Prisoner Interviewed: | YES ☒ | NO ☐ | If "NO", Reason: | |
|---|---|---|---|---|
| Extension Granted: | YES ☐ | NO ☒ | If "YES", Enter End Date: | Click or tap to enter a date. |

**COMPLAINT SUMMARY:**

Prisoner Jenkins #172475 stated that Librarian Thopson refused to make photocopies of documents that was to be sent to the American Friends Service Committee to correct PSI information. Prisoner Jenkine stated he was indigent and he qualified for a loan to have the Librarian make the copies for him.

**INVESTIGATION SUMMARY:**

Upon investigation, it was discovered that Librarian Thompson did not make requested photocopies that were to be sent to American Friends Service Committee. Prisoner Jenkins does not have funds in his account to make photocopies. Per PD..05.03.116, prisoners who lack sufficient funds to pay for copies of documents in their possession, or available to them in the law library, which are necessary for the prisoner to file with the court or serve on a party to a lawsuit shall be loaned funds to pay for the copying.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

05.03.116

**DECISION SUMMARY:**

Grievance denied for the following reason; prisoner Jenkins request was not to file with a court or serve on a party to a lawsuit.

| RESPONDENT NAME: | S. Tylutki | TITLE: | Resident Unit Manager |
|---|---|---|---|
| RESPONDENT SIGNATURE: | | DATE: | 6/11/2019 |
| REVIEWER NAME: | Violet Stone | TITLE: | Assistant Deputy Warden |
| REVIEWER SIGNATURE: | | DATE: | 6/11/2019 |

**Distribution:** Original - Step I Grievance Coordinator   Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 03/21/2011 | 04.07.112 | PAGE 6 OF 9 |

room within a facility whenever possible. When it is necessary to move a prisoner without the prisoner being able to pack his/her own property, staff shall immediately secure the prisoner's property to safeguard it against theft. If the prisoner will be returning to his/her cell or room within two calendar days, the property may be left secured in the room or cell. Otherwise, staff shall pack, seal, receipt, and store the property in the property room or other secure area of the facility, as designated by the Warden. The receipt shall be given or forwarded to the prisoner within one calendar day after packing.

U. A prisoner shall not assist in packing another prisoner's property or be allowed access to another prisoner's property except as necessary to transport sealed property under direct staff supervision.

V. When a prisoner transfers between institutions or to or from a Level I facility outside the security perimeter of a multi-level institution, all of the prisoner's personal property must be packed as set forth below except for those items authorized to be carried or worn by the prisoner during transport or carried separately by transportation officers pursuant to PD 04.04.135 "Custodial Transportation of Offenders" and the Department's Transportation Manual. For transfers from a reception facility, the prisoner shall be provided a container which can be locked or otherwise securely sealed in which the prisoner's property shall be packed. For all other transfers, the sending facility shall provide each prisoner with a duffel bag or similarly sized container(s) authorized by the CFA Deputy Director in which the prisoner's property shall be packed unless all property fits into a footlocker owned by the prisoner. Additional duffel bags or similarly sized containers shall be provided as necessary to pack allowable excess legal property unless the property fits into footlockers owned by the prisoner for storage of that property. Televisions and typewriters shall be packed separately in an appropriate container when transferred between institutions or to or from a Level I facility outside the security perimeter of a multi-level institution; musical instruments which are difficult to pack with personal property (e.g., guitar; keyboard) also may be packed separately either in a case owned by the prisoner or, if a case is not owned, in an appropriate container with adequate packing materials. Any property stored for the prisoner also shall transfer with the prisoner.

W. Food items shall be transferred between institutions only if in their original, unopened container or, if opened, in their original container with lid. Food items sold in a package which does not have a lid (e.g., potato chips, snack cakes) shall transfer only if unopened. Food items that cannot be stored or transferred pursuant to this paragraph shall be destroyed. Food items shall be stored only if in unopened cans or in unopened vacuum packed containers.

X. All property shall be itemized by staff on a Prisoner Personal Property Receipt (CSJ-241-A or CSJ-241-B) or, for transfers from a reception facility, a Prisoner Personal Property Receipt - Reception Facility (CSJ-241-R). Any property that is damaged or altered shall be specifically identified on the receipt by staff at the sending facility, who also shall issue a Notice of Intent to Conduct an Administrative Hearing (CSJ-282) or misconduct report as set forth in PD 03.03.105 "Prisoner Discipline", as appropriate. Any hearing required on the damaged or altered property may be conducted at either the sending or receiving facility; if the hearing will be conducted at the receiving facility, the property shall be packed separately with a copy of the Notice of Intent to Conduct an Administrative Hearing/misconduct report attached.

Y. Once a prisoner's property is packed, it shall be securely sealed in its container in a manner to prohibit unauthorized entry and the seal number written on the property receipt. Staff are responsible to ensure that the seals remain unbroken until the container is opened and unpacked at the receiving facility. Wherever possible, this shall be done in the prisoner's presence. Once unpacked at the receiving facility, staff shall determine which items are allowed at that security level and return all allowable property to the prisoner within one calendar day after its arrival at the receiving facility. If the prisoner's property exceeds allowable limits, the prisoner shall be given a reasonable opportunity to exchange an allowable item with an item that did not fit within property limits prior to disposal of the excess property. Items not allowed at the receiving facility based solely on the security level of that facility shall be disposed of only as set forth in Paragraph KK and, if applicable, Paragraph Z; although a hearing is not required, the prisoner's preferred disposition shall be considered.

Z. If a prisoner is placed in Level IV or V except as an initial placement from a reception facility and the prisoner's true security level is less than the security level at which the prisoner is placed (i.e., waived to increased custody), the prisoner's property which is not allowed at that level shall be stored for the

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _____    Grievance Identifier: ☐☐☐☐☐☐☐☐☐☐☐ 21813

---

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Jenkins El | 172475 | ARF | A-133 | 11/12/2019 | 11/12/2019 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 9/26/2019
If none, explain why. The ARF Litigation coordinator Mr. Wencht was addressed invoking retaliation in violation of PD.03.02.130 mental & Physical Abuse by officers in this instance is Officers Miller-Broich, Vore - Law Librarian. The A-Unit ARUS was notified Mrs. Thompson. The Warden S. Campbell was also addressed the complaint PUP 507-07 to Employee Discipline policy PD.02.03.100 No resolution,

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
† Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Mr. Wencht, Litigation coordinator was provided with a copy of the Dept. of Civil Rights complaint Case No. 477396 that was addressed to MDOC Office of Legal Affairs - Melody A.P. Wallace, Litigation manager is to be consulted Mr. Wencht was informed, on 9/26/2019 the Michigan Dept. of Civil Rights Director for Law & Policy - Daniel M. Levy sent Grievant a Memo-stating quotes "As indicated by the attached the Michigan Dept. of Civil Rights has received an allegation of discrimination involving the Dept. of Corrections (MDOC), The complaint 477396 alleges a violation of State anti-discrimination law, which applies to the MDOC. Finding that MDOC is in Violation of the Elliott-Larsen Civil Rights Act & Michigan persons with Disabilities Act. on July 25, 2019 Monique Cottrell stated that she made a second mailing 8/29/2019 due to her not receiving responsive plead-ings (on Grievant, This Agency learned that the Federal Courts were not receiving Legal mail, even after the Federal Judge issued his order of this 9.14.19, 2019 with a deadline of Nov. 12, 2019 where the this last issue will all the above cited    Ivan Jenkins
Officers commit a mint of Access to court.    (See the attached)      *Grievant's Signature*

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No    If No, give explanation. If resolved, explain resolution.)

---

| _____ | _____ | NOW White | 11-22-19 |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| _____ | _____ | NOW White | NOW |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Grievant continued....

The court's case manager is Mary M. Meuder Ph. (313)-341-7764, case against Access surcharge et al of Alger case No. 4:19-cv-10738. Listing a series of prohibitions - ordering being committed in efforts sumar protection Division, Zachary Dougherty, the consumer Advocate, P.O. Box 899, Jefferson city, No. 65102/ Tel. 800-392-8222 Website; 790, Mo.gov complaint Ac, cc - 2012-10-02 2201 continuing the Dept. of civil Rights Could during investigation of abuse's & others, That the is being seized in denying my Access to courts.

On Oct. 25, 2019 the U.S. court of Appeals for the District of columbia circuit is by city one office Nancy C. Dunn et (202) 216-7000 adressed the matter involving abuse, crime's being committed by correctional officers such as Miller, erratic, Nabe Tinklen LLC (inmates), case No. 17-0330.

Mr. Wendt was provided by the warden's office as the above court of her his irregularities directed legal mail to the warden, S. Chandler to preview & Censor not to ensure these legal documents be provided to Grievant having not been interviewed by the Dept. of civil Rights Dept. this advice repeatedly of these, the court witnessed the court's order receiving Grievant to comply to the court's order the date of Nov. 25, 2019.

This is being authorized by these officers liable in this Grievance, pursuant to Police, a3 100 states this correctional facility, only the Warden S. Chandler is designated as the primary of of representative to perform this disciplinary functions for employees under his supervision. The Civil service commission Rules being violated by these officers work Report's & act of the filing of these false reports.

The officers are circumventing procedures during the confiscation of legal property stating the interrogation terminate & continues each & every time to the Alger, Policy, 75 counts, more Stricklen, this is the only one on the list which confiscated & withhold inmate possess officer legal property.

It is being requested that a teleconference Hearing according to policy & civil Rights the courts designates Nov. the Warden with the having a get of the case conduct to this warden Thursday by S. Chandler

Need 4 copies

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 04/09/2012 | 03.03.105 | PAGE 7 OF 13 |

stated on the Misconduct Report and must include the facts which make it necessary to elevate to a Class I misconduct what policy has determined is generally to be treated as a Class II misconduct. In other words, it must state why this case differs from other instances of this charge; conclusory phrases such as "necessary for the good order of the facility" are not acceptable as reasons. If elevated to a Class I misconduct, all requirements set forth in this policy for Class I misconducts apply. The Warden shall review all hearing records for Class II misconducts elevated to Class I to monitor this process.

NN.     If the reviewing officer determines the Misconduct Report is not appropriate or not properly written, s/he may return the report to the staff member who wrote it for rewriting. The reviewing officer also may pull a Misconduct Report which s/he determines to be inappropriate but shall first discuss it with the reporting staff person. Once a Misconduct Report has been reviewed, it shall not be pulled except by the Warden or designee for good cause. If a Misconduct Report is pulled, it shall be retained for at least six months and shall be accompanied by a written statement indicating why it was pulled.

HEARING

OO.     A prisoner may waive his/her Class II misconduct hearing and plead guilty in writing. The waiver and guilty plea may be accepted by the reviewing officer at the time of review or the facility hearing officer at the time of the hearing. In such cases, the reviewing officer or hearing officer accepting the guilty plea shall determine the appropriate sanction, consistent with the requirements set forth in Paragraphs KKK and LLL, and the appropriate disposition of any contraband confiscated in conjunction with misconduct, consistent with PD 04.07.112 "Prisoner Personal Property". This shall be documented on the Misconduct Report or Class II or III Misconduct Hearing Report (CSJ-229), as appropriate.

PP.     Unless the prisoner waives the Class II hearing and pleads guilty, an informal hearing shall be conducted in accordance with Administrative Rule 791.3310. Only Resident Unit Managers, Captains, and/or Lieutenants designated by the Warden shall conduct the hearing. The staff person conducting the hearing shall have had no prior direct involvement in the matter at issue.

QQ.     A Class II hearing shall be conducted within seven business days after the date of review except as follows:

1.     If the hearing officer directs the Hearing Investigator to collect additional evidence, in which case the hearing shall be conducted within 14 business days.

2.     If there is reasonable cause for delay as determined by the facility hearing officer. Circumstances which may be found to be reasonable cause for delay. Workload is not a reasonable cause for delay. Whenever a hearing is not held within the required time limits, the reason for delay shall be set forth in the Class II or III Misconduct Hearing Report.

RR.     A prisoner is not entitled to an investigation by a Hearing Investigator; however, the facility hearing officer shall make a reasonable investigation of the charges and may direct the Hearing Investigator to collect additional evidence, including statements from other staff and prisoners. The hearing officer also shall assist those prisoners who have limited intelligence or education in presenting a defense.

SS.     Some rule violations necessarily include other less serious violations. A lesser included violation would contain some, but not all, elements of the greater charge. For example, a lesser included violation of out of place is temporary out of place. If a prisoner is charged with misconduct, and the evidence does not support the particular violation charge but does establish a lesser included violation, the facility hearing officer has the authority to find the prisoner guilty of the lesser included violation, even if it is a different class of misconduct.

TT.     The decision of the facility hearing officer shall be based on a preponderance of the evidence. In making a decision as to whether a prisoner is guilty, the hearing officer shall consider only evidence which relates to the specific charge or its lesser included violation. The hearing officer shall make an individual determination of the credibility of staff and prisoner witnesses. The evidence relied upon in making a determination and the reasons for the decision shall be set forth by the hearing officer in the Class II or III Misconduct Hearing Report.

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _____ Grievance Identifier: |_|_|_|_|_|_|_| |_|_|_|_|_| |_|_|_|

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Jenkins | 172475 | ARF | A-133 | 11/13/19 | 11/13/19 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 11/13/19
If none, explain why. A-unit counselor/ARUS Mrs. Thompson was provided
the dangerous contraband - a metal piece placed in a plastic bag
that was left in grievant's locker at the bottom in the back corner of
the locker after were confiscated grievant's clear Tones TV no
re State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

This grievance involves Employee Discipline pursuant to PD.02.03.100
Where according to this policy only the Warden is designated as the
Management representative to perform disciplinary functions for
employees under his supervision. This Requires a Hearing that is to
be arranged with the court's designates and Michigan Dept. Of Civil Rights
these are the parties not receiving Legal mail due to the correctional
officers conspiring to obstruct the courts you causing further damages
to the grievant, pursuant to PD.03.03.130 staff is prohibited from retalia-
ting against a prisoner who refuses to participate in prohibited staff
conduct or who files a complaint or cooperates with an investigation that
the Dept. of Civil Rights is conducting against the Michigan Dept. of correc-
tions about retaliation against an individual with a disability/disorder.
PD.02.03.100 mandates correctional officers to comply with civil service
commission rules and regulations, policies, procedures and Employee handbook
Employees failing to do so may be subject to _____ [signature]
discipline, see the attached.                                    Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No    If No, give explanation. If resolved, explain resolution.)

| Respondent's Signature | Date | Reviewer's Signature | Date |
|---|---|---|---|
| | | | 11-26 |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier: |A|R|F| |9| | | | |2|7|3|0| |2|8|B|

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
G.C. by 12.6.19. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Jenkins | 172475 | ARF | B-25 | 11/13/19 | 12/2/19 |

**STEP II** — Reason for Appeal  Officer Vore upon him shaking down Grievant's area of control, confiscated Grievant's Clear Tunes TV that is listed on prisoner Appliance/Property card 4204, property seal Number #015867U, officer Vore left 2 metal piece in Grievant's ▓ locker. Grievant found this dangerous contraband after placing this property back in order on 11/13/19 in the back corner of wall locker, officer Vore stated after, quote! "you have all sorts of altered property in your locker" unquote. This becomes an Inmate in possession of a weapon and is a criminal charge to set up a prisoner with dangerous contraband. Grievant place the contraband in trash bag and turned it in to ARUS Thompson. Grievant request for state police investigation. this shall a lawsuit amended to the present pending Against MDOC

**STEP II** — Response

Date Received by Step II Respondent: _____

Respondent's Name (Print) _____  Respondent's Signature _____  Date _____

Date Returned to Grievant: _____

**STEP III** — Reason for Appeal  Officer Vore left dangerous contraband in Grievant's locker that was inadequately and improperly investigated. officer Vore and others lent their physical presence and support and authority of their office to each other during the said events described in this Grievance, as they knew their misconducts will not be supervised or sanction, or investigated.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

return 12.2.19 — no response sheet    returned again 12.4.19

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier: A R F 1 9 1 1 1 2 1 6 8 2 1 2 8 B

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ G.C. _____ by _12.6.19_ . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Jenkins | 172475 | ARF | B-25 | 11/12/19 | 12/2/19 |

**STEP II — Reason for Appeal** Officer Miller threaten Grievant while he was in the
ARUS Thompson's office discussing contraband issues involving his
Clear Tune TV and adaptor that is on his Property Receipts #
0158694; 0016263; 0016280 & Prisoner Appliance/Property card
serial No. 4204. Officer Miller stepped in the office asking ARUS was
she finished with Grievant, which she stated she was. Miller stood in
Grievant face stating that if you do not get the fuck out of here I
will throw you out. The Humane treatment policy pp. 03.03.130 &
Discipline policy civil Service Commission Work Rule I prohibits an officer shall
not use or engage in derogatory, demeaning, or degrading actions or language.

**STEP II — Response**

Date Received by
Step II Respondent:

Date Returned to
Grievant:

_____    _____    _____
Respondent's Name (Print)    Respondent's Signature    Date

**STEP III — Reason for Appeal** The incident cited in this grievance is retaliatory and
and was inadequately and improperly investigated about the misconduct and
acts of misconduct that is being inadequately supervised. The officer believes
that his actions will not be properly monitored by supervisory officers and that
his misconduct will not be investigated or sanctioned but will be tolerated.
The officer among others listed in this grievance lent their physical presence
and support and the authority of their office to each other during the said
Events described in this grievance.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

returned 12.2.18 no risponse    refiled again 12.4.19

Date: 11/16/2019

To: J. White
     Assistant Deputy Warden

From: Jenkins El  #172475          Lock: B-25

Subject: A Failure To provide Appeal Form According To
         compliance To Response Time 15 Days - Formal
         Class III Misconduct Appeal CSJ-274

This is an effort to comply to the Prison Litigation Reform
Act, where if the Agency's action unlawfully withheld or unreasonably
delayed the Agency, which the MDOC is a ~~state~~ political subdivision
Agency waive it's Rights under the U.S. constitution in petitioning
the government for redress of grievances & the Prison Litigation
Reform Act, where a prisoner is exhausting his Administrative
remedies and the MDOC do not provide the standard Class III
Misconduct Appeal Form CSJ-274 in compliance with Response
time, then they have waive their Right to due process.

My effort here is to still address a formal hearing complaint
appeal in good faith, according to the instructions within the contents
of the Class III Misconduct Appeal, stating quote, "Class III hearing
decisions are appealed to the Assistant Deputy Warden." The class ~~III~~
Misconduct Form CSJ-274 must be submitted within 15 calendar days
after receipt of the hearing officer's written decision. A prisoner is
to ~~attach~~ the Misconduct and hearing Report to form CSJ-274.
However, this is not possible due to the process of the misconduct
is not in compliance to the policy's Procedural process. This then
requires your office to access the MDOC's computer system as
all Misconduct Reports are stored in the computer system even
for the parole Board to view. The below is the description of said
incidents with dates, names and wrongful charges that constitute
filing false Reports in the MDOC's system of records, see Employee
Discipline PD.02.03.100 under Work Rule 47.

On the date(s) of 11/10/2019 Officer Miller and Broich had conspire
in confiscating legal property that is defined in Prisoner Personal
property policy as legal property may be an Exhibit or ~~Items~~. Officer
Broich confiscated an adapter that is listed on prisoner personal
property Receipt — the property seal number is 0158694 & Receipt
seal Number 0013072 among Other property Receipts. Hearing
officer PC Thompson failed to comply to the Prisoner Discipline Policy
PD.03.03.105 II, the scope clause of this policy is quote: "The Hearing
Officer shall make an individual determination of the credibility
of staff and prisoner witnesses, unquote. The only reasonable
explaination for stepping out of the scope of this policy is if the Hearing
officer is conspiring with officer Miller and Broich. This is filing
a false Report that will later be proven in court. The ~~evidence~~ Evidence
relied ~~on~~ upon in making ~~the~~ a decision ~~or~~ determination ~~and the~~
reasons for the decision shall be set forth by the Hearing officer in the
          Class III Misconduct Hearing Report.
                    -1-

The Hearing officer Mrs. Thompson sanction the accused Mr. Jenkins' 3 Days Loss of privileges from 11/18/19 to 11/21/19 that constitute illegal detaining that require a penalty award per diem for every day of the illegal sanction.

On the date of 11/12/19 officer Vore conducted a shake down and confiscated Mr. Jenkins Clear Tones TV and had left a metal peice of dangerous contraband in the corner or back corner bottom locker, officer Vore stated that "you have all kinds of Altered property in your locker." The Norm is usually prior to confiscating a TV the officer is to check the computer on the property before confiscating the property. This officer did not follow the policy process and filed a false Report and had committed a criminal Act of leaving a metal peice of dangerous contraband in Mr. Jenkins locker to later came to confiscate and charge him with dangerous contraband, The Metal peice was reported and turned over to Mrs. Thompson. No follow up was made nor the state police contacted.

Attached herewith is an Exhibit Prisoner Appliance/property card showing Mr. Jenkins Clear Tones Television serial Number 4204 and a Footlocker on order from Ms.Z dated 3/7/18 in which he still havent receive the Legal cortex footlocker for excessive Legal property, Instead a used one with someone's Number in it to later again like the metal peice left in the locker, can return to confiscate as contraband. Theres officers that packed and itemized Mr. Jenkins property as witnesses can testify as to what condition his property/ TV was in. Lets, for the purpose of the prison Litigation Reform act where if the policy is followed and the officer do not step out of the scope of the policy — the policy gives a remedy in the process of Itemizing Legal property. Lets examine the process:

PD.04.07.112 All property shall be itemized at the sending facility on a prisoner personal property Receipt (CSJ-241-A or CSJ-241-B) check these Receipts on the MDOC computer database system) Where the Adaptor and TV is listed, as other property came up missing that is evidence as defined in PD.04.07.112 paragraph M, and prisoners are allowed to have this legal property regardless whether its damaged or altered as an Exhibit or Item.

Any property that is damaged or altered shall be specifically identified on the receipt by staff at the sending facility, Hearing officer Thompson claims or reported that the TV has had the original number removed and been renumbered. The sending facility did not state on the receipt that the same TV was renumbered due to the process of checking Itemized property to be either damaged or altered, If officer Vore left dangerous metal contraband in Mr. Jenkins locker, who making his property to be altered as contraband.

-2-

Any hearing required on the damaged or altered property may be conducted at either the sending or receiving facility; the property shall be packed separately — this means that the clear Tunes TV would not be given to the prisoner to bring with him to the units, but shall be separately with a copy of the Notice of Intent to conduct an Administrative Hearing/misconduct report attached.

Once unpacked at the receiving facility, staff shall determine which items are allowed at that facility and return all allowable property to the prisoner within one calendar day after his arrival at the receiving facility. Authorized legal property including the clear Tunes TV and adaptor as Evidential Exhibit(s) is defined under PD.04.07.112(N) items do not require officer(s) Vore, Broich & Miller or other officers to confiscate to pretend that these items are unauthorized, where they can file false misconduct report(s). The FBI that investigated organized crime they arrested several correctional officers involved with some police officers of covering themselves on enforcing strick laws & rules but falsifying reports. The Reports these correctional officers are placing in the system of the government to cause any sanctions, criminal convictions or raise in security levels is a pattern.

The same FBI officers shall be subpoenaed in this lawsuit to be filed against the parties at ARF — including officers Vore, Broich and Miller and those conspiring with these officers violating 18 U.S.C. 1512 where the Federal Judge ordered disclosures involving these incidents shall be heard at a hearing by Televideo conference at this facility as these ongoing & retaliatory crimes at some point end. A stop order should be issued by your office to prevent any other damages, The complaint of these retaliations found to be in violation by the Dept. of Civil Rights shall present at the hearing and the ARF litigation coordinator Mr. Werdt has a copy of this complaint listing these retaliatory crimes. Please be sure to get a copy when making your determination on these misconduct reports, I know your office will not remedy these matters in time before damages are incurred. So this is a notice of an amended lawsuit to the present Federal Judge, Mr. Jenkins has already been denied Access to court where communication to the Federal Judge of federal offenses is being obstructed, witnesses and the court who has been provided Notice of these retaliations by the Michigan Dept. Of Civil Rights shall be pursued. State police must investigate the metal piece officer Vore left in Mr. Jenkins locker dangerous contraband.

Hearing officer Thomason found Mr. Jenkins guilty of having a clear Tunes TV contraband and entered sanction of 3 days Loss of Privilege begins 11/21/2019 to 11/24/2019 and had step out the scope of his authority by not making an individual determination of the credibility of the officers and prisoner witnesses, PD. 05.03.116 prisoners have a constitutional right of access to the courts that may not be arbitrarily impeded. No retaliation may be taken against a prisoner who has filed a lawsuit or is pursuing litigation.

— 3 —



MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-274
10/10
4835-3274

**CLASS II AND CLASS III MISCONDUCT APPEAL**

**INSTRUCTIONS**

1. This form is to be used SOLELY for appealing Class II and Class III hearing decisions. If a Class II or Class III decision was combined with a Class I hearing decision, a Request for Rehearing (CSJ-418) must be filed.
2. This form must be submitted within 15 calendar days after receipt of the hearing officer's written decision.
3. Class II hearing decisions are appealed to the Deputy Warden.
4. Class III hearing decisions are appealed to the Assistant Deputy Warden (ADW). (NOTE: Prisoners at Woodland Center Correctional Facility (WCC) and the Women's Huron Valley Correctional Facility (WHV) appeal to a Captain designated by the Warden.)
5. State your reason for appeal.
6. Attach a copy of misconduct and hearing report.

A rehearing shall be ordered if any of the following are found to have occurred:

   a. The hearing was not conducted pursuant to Department policies and procedures and the departure from policy and procedure resulted in material prejudice to the prisoner.

   b. The prisoner's due process rights were violated.

   c. The decision of the hearing officer is not supported by the evidence on the record.

| Prisoner's Number | Name | Block/Unit Number | Cell/Room Number | Date of Incident |
|---|---|---|---|---|
| 172475 | Jenkins | B | 25 | 11/12/19 |

| Date of Hearing | Misconduct Class: ☐ II ☑ III  Charge(s) | Sentence |
|---|---|---|
| 11/13/19 | Contraband | 3 Days Loss of Privileges |

BRIEFLY DESCRIBE THE BASIS OF YOUR APPEAL: No Appeal form was provided after hearing dated 11/13/2019. The accused received this ~~criminal~~ Appeal form on the date of 12/3/2019. On the date of 11/16/2019 the accused filed a formal Appeal without Appeal form to J. White, the Asst. Deputy Warden. This previous Appeal contents or claims of due process is support herewith. The Hearing officer Thompson committed due process by stepping out of the scope of PD.03.03.105 — The Hearing officer shall make an individual determination of the credibility of staff and prisoner witnesses. The prisoner personal property Receipt(s) Seal Number(s): 0013072; 0159674; and prisoner Appliance/property card showing Television clear Tunes serial Number 4204 is evidence that was not applied at this Hearing. Previous Exhibits provided and the attached prisoner property Receipts is evidence being applied with this appeal. PD. 04.07.112 All property shall be itemized at the sending and receiving Facility, any property that is damaged or altered shall be specifically identified on the above cited Prisoner Personal Property Receipts. These Receipts show no damage or altered property. *(do not write below this line)* The same officer were left dangerous Contraband in the accused Jacket.

APPEAL RESPONSE:

   See below, not filed within 15 days

☐ Disapproved   ☐ Approved   ☒ Returned without action – not filed within 15 days

| Signature of Warden; Deputy Warden (Class II); Signature of ADW/WCC/WHV Captain (Class III) | Date |
|---|---|
| TL Kock Kim | 12/10/19 |

DISTRIBUTION: WHITE – Deputy Warden (Class II); ADW/WCC/WHV Captain (Class III);  CANARY – Retained by Prisoner

ALL STAFF GOVERNED UNDER CIVIL SERVICE COMMISSION RULES
*Amended* STAFF MISCONDUCT REPORT/COMPLAINT

INSTITUTION: *Central Michigan Correctional Facility*

Offending Staff member's name, Race, Sex, Clock#: *C/o Eichorn, Badge No. 1064608*

Date and Place of Violation/Charge: *6/19/2018 West Food service; Work Rule 47 & 54*

Nature of Violation/Charge. .... Conduct Unbecoming; A state Employee:

- [ ]   Criminal Conduct, Felony or Misdemeanor, or Advocacy of committing such
- [ ]   Accepting Gifts, Favors, Money, Services or any other such gratuity from prisoners or prisoner's family.
- [ ]   Overly familiar contact/conduct with prisoner or prisoner's family
- [ ]   Dereliction/Inattention or Duty-Jeopardizing safety by reading materials while on duty
- [ ]   Failure to follow rules, regulations, policies and procedures
- [✓]   Acting in a discriminatory or Arbitrary manner
- [✓]   Showing favoritism or failure to practice and administer equal treatment
- [ ]   Discrimination against religion, gender, race, national origin, ethnic origin or handicap.
- [ ]   Making unnecessary rules or giving orders impossible to obey or follow
- [ ]   Creating a hostile environment
- [ ]   Unjustly impeding or attempting to impede the timely release of a prisoner
- [ ]   Preventing a prisoner from performing his detail or pass causing loss time, punitive or financial
- [ ]   Issuing an order endangering the life, health or well being or a Prisoner
- [ ]   Unauthorized access to or the unauthorized reading of a prisoner's file
- [ ]   Using material purchased through or exploiting the process or products of the inmate benefit fund
- [ ]   Denying due process when and where required
- [ ]   Circumventing procedures when confiscating prisoner property thus denying the prisoner his rights
- [ ]   Failure of staff to provide or obtain or convey the need for Medical attention
- [ ]   Speech, actions, Gestures or Innuendo Exhibiting bias
- [ ]   Laying of hands on a prisoner other then authorized in PD 04.05.110 *Use Of Force*
- [ ]   Laying of Hands on a parolee, probationer or a member of the General Public including a visitor
- [ ]   Directing offensive, profane, abusive, threatening; racially derogatory or vulgar language or gestures
- [✓]   Degrading or belittling the individual, prisoner or visitor, in any manner or any reason
- [✓]   Other: *Employee Discipline PD 02.03.100 Attachment A First Work Rules 47 & 54 - 18 U.S.C. 1512(C) - 18 U.S.C. 1509*

Describing the Violation Charged: *C/o Eichorn, Badge No. 1064608 Where theres reasons to believe that this officer have misused of Recording Device or Recorded information to falsify a theft, possession of Stolen property Misconduct Report. This officer is not in compliance with the Civil Service Commission Rules. This must be investigated by the MDOC Internal Affairs where the FBI previously investigated obstruction of justice by the production of false police Reports that had involved a few Correctional officers (see Rear)*

TO: Dept of Civil Service
Capitol Commons Center
400 S. Pine Street
P.O. Box 30002
Lansing, MI. 48909

PRINT: Name: *Van Jenkins #172475*

Signature: *Van Jenkins*

Date: *7/2/2018*

**MICHIGAN DEPARTMENT OF CORRECTIONS**

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Jenkins | 172475 | / | SMT-19-07-1086-12F |

| Prisoner Interviewed: | YES ☒ | NO ☐ | If "NO", Reason: |
|---|---|---|---|
| Extension Granted: | YES ☐ | NO ☐ | If "YES", Enter End Date: Click or tap to enter a date. |

**COMPLAINT SUMMARY:**

Grievant alleges that he has GERD and he is supposed to be left $11.00 per month for mandatory hygiene and health care items and he ordered pepto bismal from the store but they didn't have it. He allege he requested that it be provided for him from health care while he is in medical quarantine but it wasn't.

**INVESTIGATION SUMMARY:**

Grievant was interviewed and his electronic medical record reviewed. There is no documentation regarding being told to purchase pepto bismal or telling anyone the he wanted some. He is on Protonix which is for GERD which was ordered by his medical provider.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

PD 03.04.100

**DECISION SUMMARY:**

You are no longer in quarantine and you have Protonix provided for you. You are encouraged to access health care through the health care request for any current health concerns. Grievance denied.

| | | | |
|---|---|---|---|
| **RESPONDENT NAME:** | K. Hamblin | **TITLE:** | RN |
| **RESPONDENT SIGNATURE:** | | **DATE:** | 8/2/2019 |
| **REVIEWER NAME:** | M. King | **TITLE:** | HUM |
| **REVIEWER SIGNATURE:** | | **DATE:** | 8/5/2019 |

**Distribution:** Original - Step I Grievance Coordinator   Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

United States District Court
For The Western District of Missouri
Western Division

Van Jenkins #172475
Plaintiff,

vs.

Access Securepak company
& Michigan Dept. of corrections
Defendants.

Case No. 19-4025-CV-C-NKL
Hon. Nanette K. Laughrey
U.S. District court Judge

Motion For order To show Cause Why The Farnall Correctional Facility Should Not Be Held In contempt of court order(s)

1. Now comes the plaintiff, Van Jenkins and hereby moves this honorable court in accordance with F.R.C.P.-Rule 37, the statutory provisions of 18 U.S.C. 401, 18 U.S.C. 1509 and 18 U.S.C. 1512(c) for an order to show cause why the Farnall correctional Facility's staff, agent, officer or employee should not be held in contempt of court, and state that the grounds and bases for such order are as follows:

2. On February 8, 2017 this honorable court issued its order Granting plaintiff provisional Leave To proceed In Forma pauperis And Directing plaintiff To correct Technical Defects In complaint or Face Dismissal of This Action.

3. The Defendants believe the order do not apply to the them but to plaintiff only, where plaintiff do not have control of prisoner Accounting, the Business manager Mcorell, the Law Library Gebert of Law Librarian Supervisor to disclose, provide legal copies and Notary under an order To proceed in a case in Forma pauperis as required pursuant to 28 U.S.C. 1915(A)(1).

4. The attached Documents regarding letter from the 30th Judicial circuit court complaining not to be receive court cost fees, the court order collection Record(s) showing inadequate/inaccurate collection process, Grievances wrote regarding problems occurring with plaintiff's prison Trust Account, and the attached Request For Administrative Hearing regarding court order(s) contempt pursuant to 18 U.S.C. 401. This Request provide grounds and bases for an order to show cause & to disclose Trust Account Statement.

5. The Business manager Mcorell failed to arrange and conduct an Administrative Hearing, pursuant to APA 5 U.S.C. 706, state the court shall determine all relevant questions of law, the

meaning or applicability of the terms of an agency's action.

6. This honorable court according to the cited Law Shall compel agency action unlawfully withheld or reasonably delayed, and hold unlawful and set aside agency action, findings and Conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or contrary to Constitutional Right of the 6th Amendment to the U.S. Const. to have compulsory process to obtain witnesses in his favor, this process includes certificate of prison Trust Account Activities statement, Notarizing legal pleadings to use as Exhibits and making Xerox Copies of legal pleadings under Forma pauperis.

7. Defendant has not allowed upon the Showing to the Law Libiaria Gebert the court's order deadline of Feb. 22, 2019 where this requires time in the Law Libiary, had refused to allow plaintiff authorization to attend the facility's Law Library, that enable Plaintiff to be on time or comply to the court order Response time of Feb. 22, 2017.

8. The Answers as Response to the grievance are vague, incomplete, evasive, and unresponsive.

WHEREFORE, Plaintiff pray that:

1. Upon filing of this Motion, an order be issued requiring defendants to show cause why defendants should not be held in contempt of court for refusing to obey the order of this court requiring the production of documents and the Answers to the Administrative Hearing Request attached hereto filed.

2. That the facility warden do not authorize and prison transfer pending this case in this court that will obstruct this case. And that the court order the U.S. marshal to perform the service of process of this Motion To show cause, forma pauperis order service of process. and when the complaint is complete the U.S. marshal perform

3. All costs incident to and arising out of the Order to show Cause, including reasonable attorneys' fees, shall be assessed against defendants.

4. This court grant such other and further relief as may be equitable between the parties.

## Affidavit In Support of Motion To show cause

I, Affiant Van Jenkins being sworn and deposed pursuant to 28 U.S.C. 1746 do certify that the contents Herein are true, correct, certain and complete and not meant to mislead under the pains and penalty of perjury and bearing no false witness so help me God. And I further make explicit Reservation of all Rights in accord with UCC sec. 1-207.

2/14/2019
Date

Van Jenkins
Affiant Signature 28 U.S.C. 1746

-2-

Lexis Advance®

Document:MICH. ADMIN. CODE R 791.3310

## MICH. ADMIN. CODE R 791.3310

**Copy Citation**

This document is current through Register No. 9, June 1, 2018

**Michigan Administrative Code    DEPARTMENT OF CORRECTIONS    EXECUTIVE BUREAU    COMMUNITY STATUS; ELIGIBILITY CRITERIA    PART 3. PRISONER HEARING PROCEDURES**

### R 791.3310 Fact-finding hearing; notice; report; waiver.

**Rule 310.**

**(1)** A prisoner shall receive sufficient written notice of the purpose of a factfinding hearing sufficiently prior to the hearing to allow preparation of a response. A copy of any disciplinary report or other information regarding circumstances giving rise to the hearing shall accompany the notice.

**(2)** A prisoner shall be afforded both of the following at a fact-finding hearing:

**(a)** To be present and speak on his or her own behalf.

**(b)** To receive a copy of any department document specifically relevant to the issue before the hearing officer, unless disclosure of the document would be a threat to the order and security of the facility or the safety of an individual.

**(3)** The hearing officer shall make a summary report of the hearing and decision or recommendation.

**(4)** A prisoner may waive a fact-finding hearing. Waivers for minor misconduct hearings are subject to **R** 791.5501.

MICHIGAN ADMINISTRATIVE CODE

Copyright © 2018 State of Michigan All rights reserved.

MICHIGAN DEPARTMENT OF CORRECTIONS

# POLICY DIRECTIVE

| | EFFECTIVE DATE 02/23/2009 | NUMBER 03.03.130 |
|---|---|---|

| SUBJECT | |
|---|---|
| HUMANE TREATMENT AND LIVING CONDITIONS FOR PRISONERS | SUPERSEDES 03.03.130 (03/27/06) |

| AUTHORITY |
|---|
| MCL 791.203 |

| ACA STANDARDS |
|---|
| 4-ACRS-1A-07,2A-03,2A-04,2A-05,3A-07, 4A-03,5A-07,6A-03,6A-04,6A-04-2, 6A-05,4B-01,6B-01,6B-02,4C-06; 4-4133, 4-4137-4-4139,4-4141,4-4153, 4-4180, 4-4182,4-4227,4-4231,4-4281,4-4283,4-4306, 4-4326-4-4328, 4-4341-4-4343, 4-4428, 4-4429,4-4433,4-4435 |

| PAGE | 1 | OF | 3 |
|---|---|---|---|

Parnall Correctional Facility
Law Library
Do Not Remove

## POLICY STATEMENT:

All prisoners committed to the jurisdiction of the Department shall be treated humanely and with dignity in matters of health care, personal safety and general living conditions. They also shall not be discriminated against based on race, religion, ethnic background, sex, sexual orientation, national origin, disability, or gender identity. Youths adjudicated as delinquent offenders or charged with offenses that would not be crimes if committed by adults are not under the jurisdiction of the Department and therefore are not housed in Department facilities.

## RELATED POLICY:

03.03.140        Prohibited Sexual Conduct Involving Prisoners

## POLICY:

## GENERAL INFORMATION

A.     Each prisoner shall be assigned to a housing unit upon arrival at a correctional facility. Housing unit staff shall be available to provide advice and assistance to prisoners in their respective housing units. They also shall ensure prisoners are referred to other staff as necessary to provide any required counseling services, in accordance with Department policy.

## LIVING CONDITIONS

B.     Living conditions in Correctional Facilities Administration (CFA) facilities shall be consistent with American Correctional Association (ACA) Standards for Adult Correctional Facilities insofar as feasible. Prisoners in CFA facilities shall be provided with the following:

  1.     Clean and orderly surroundings.

  2.     A sufficient number of toilets, washbasins, and showers to meet the needs of the prisoner population and is consistent with Department of Consumer and Industry Services regulations. Urinals may be substituted for up to half the toilets in male facilities.

  3.     Laundry and other facilities for personal hygiene.

  4.     Lighting, ventilation, heating, and noise levels which are adequate for comfort.

  5.     Non-housing areas maintained in a healthy and safe manner.

C.     Prisoners shall be encouraged to maintain a "well groomed" appearance. Prisoners shall be provided or permitted to purchase personal hygiene items, including soap, toothbrushes, toothpaste/toothbrushes/shaving necessities, shampoo, toilet paper, suitable comb/pick/hairbrush,

*This Policy guarantees $11.00 spendable to be left in prisoner's account for future spending.*

| CY DIRECTIVE | EFFECTIVE DATE 02/23/2009 | NUMBER 03.03.130 | PAGE 2 OF 3 |

deodorant, and, for female prisoners, sanitary napkins. Showers shall be offered in general population as often as possible. Showers shall be offered in segregation in accordance with PD 04.05.120 "Segregation Standards".

D.  Prisoners shall be permitted to maintain head and facial hair in accordance with their personal beliefs provided that reasonable hygiene is maintained. Hair care services shall be offered at each CFA institution in accordance with applicable sanitation and health requirements.

E.  All prisoners shall be provided wholesome and nutritionally adequate meals as set forth in PD 04.07.100 "Offender Meals". Meals shall be prepared and served in accordance with MCL 333.12901 et seq. of the Michigan Public Health Code. CFA prisoners shall be permitted to eat in group dining facilities, unless they are restricted for security, medical, or behavior reasons. During meal periods, prisoners shall be permitted to talk using normal conversational tones.

F.  All CFA general population prisoners shall be afforded the opportunity for at least one hour per day indoor or outdoor recreation (i.e., yard), unless restricted for medical or security reasons, including due to potentially dangerous weather conditions (e.g., lightning; low wind chill factor). Segregation prisoners shall be permitted out-of-cell movement as set forth in PD 04.05.120 "Segregation Standards".

## HEALTH CARE

G.  Health care, including psychological services, shall be available to prisoners consistent with contemporary standards of medical practice in the community, as set forth in PD 03.04.100 "Health Services". Health care shall be available, accessible and organized for delivery in a humane, cost-effective and efficient manner.

H.  All seriously ill or injured prisoners shall receive prompt medical attention as set forth in PD 03.04.125 "Medical Emergencies". Appropriate staff shall be informed of any special needs of prisoners due to physical or mental problems.

## PROTECTION FROM MENTAL OR PHYSICAL ABUSE



I.  To prevent abuse of prisoners, the following safeguards shall apply:

1.  Facility staff shall identify prisoners who are assaultive or predatory. Such prisoners shall be placed at the level of security necessary to control such behavior.

2.  The cell or room assignment of prisoners shall be regulated to prevent manipulation by other prisoners. Cell or room changes should be made only on the basis of program need or facility security, or for good order of the housing unit, as determined by housing staff. A prisoner shall be placed in a single occupancy cell when necessary to ensure the safety of the prisoner or others.

3.  Prisoners shall be provided reasonable safety from assaults. This shall include adequate staff supervision, as set forth in institutional staffing charts, and the strict control of tools and weapons.

4.  No prisoner or group of prisoners shall be given control or authority over other prisoners.

5.  Activity against a prisoner which may constitute a felony shall be reported to appropriate law enforcement authorities. In addition, prisoners shall be subject to the Department disciplinary process in accordance with PD 03.03.105 "Prisoner Discipline".

6.  Staff shall not use or engage in, and shall discourage through appropriate means any person's use of, derogatory, demeaning, humiliating, or degrading actions or language toward others. It is a violation of Department work rules for staff to engage in sexual harassment or sexual misconduct with a prisoner, as defined in the Employee Handbook. Staff also are prohibited from retaliating against a prisoner who refuses to participate in prohibited staff conduct or who files a complaint or cooperates in an investigation of prohibited staff conduct. Staff engaging in

Parnall Correctional Facility Law Library Do Not Remove

Van Jenkins
Reg. No. 172475
Gus Harrison
Correctional Facility
2727 East Beecher Road
Adrian, Mich. 49221



U.S POSTAGE PITNEY BOWES

ZIP 492
02 4M
$ 001.75
0000355312 JAN 03 2020

RECEIVED
JAN - 9 2020
U.S. DISTRICT COURT
FLINT, MICHIGAN

Holly A. Monda
Case Manager
U.S. District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd., Room 564
Detroit, Mich. 48226