United States District Court
Eastern District of Michigan
Southern Division

Van Jenkins #172475
Plaintiff,

VS.

Access Securepak, Co. et. al.
Defendants.

Case No. 4:19-cv-10738
Hon. Matthew F. Leitman

FILED
JAN 31 2020
U.S. DISTRICT COURT
FLINT, MICHIGAN

**Responsive Pleading Involving The Court's Order Denying Plaintiff's Motion Directing U.S. Marshal To Enforce Court Orders And Order Terminating Plaintiff's Relief From Summary Judgement**

Plaintiff believes that this case should be transferred back to the United States District Court of Missouri pursuant to 18 U.S.C. 1964, as it was foreseen that due to the illegal enterprise the F.B.I. investigated did not arrest every one of the Romulus police officers, and those they had compromised to prevent other cases even involving murder to surface, so they obstruct to prevent this.

1. If the court did not receive the evidence and names of witnesses in this case, then someone in the court building is obstructing the legal mail coming into the court.

2. The plaintiff has provided to the court's evidence and witnesses names as required by law in the form of an Affidavit, under the 4th amend. to the U.S. Const. where the clause states, "supported by oath or affirmation" and the sixth (6th) amend. to have compulsory process for obtaining witnesses in his favor.

3. If the sworn Affidavits with the contents containing evidence was not obstructed, how is the Affidavits not recognized as containing genuine issues of material facts pursuant to Fed. Rules of Civ. Procedure - Rule 56 and that no summary judgment is to be issued or filed until 30 days after Discovery.

4. As example, the court was provided evidence and the Friend & Family package program policy, clearly stating, quote; "It shows that in order for this securepak store order to be cancelled, a Notification of the specific policy violation is to be provided to the vendor, namely Access Securepak Company, to allow for cancellation of the Securepak store order." This policy requirement was not performed making this a genuine issue of material fact, stops summary

-1-

5. This was not conducted in the Access securepak co.'s store order process, giving rise to due process violation. This policy shows the scope of this process that Notification-as cited in the 6th Amend. to the U.S. Const. clause: to be informed of the nature and cause of the accusation, unquote, that Notification of the specific policy violation is to be made to allow for cancellation of the securepak order.

6. The St. Louis Correctional Facility counselor/ARUS Mr. Nick White upon ordering the Quartermaster Officer/Employee to return this securepak store order, step out of the scope of the policy by not issuing a Notification of the specific policy violation; No misconduct hearing was made by Mr. Nick White nor was a misconduct process to give rise to a policy violation; as the constitution sets forth that plaintiff must be informed of the nature and cause of the accusation prior to cancellation of the securepak store order.

7. The Manager of Access securepak co. Pam Mueller statement that constituted evasive or incomplete disclosure, Answer, or response as required pursuant to Fed. R. Civ. P. - Rule 37 is to be treated as a failure to disclose, answer or respond, see the Pam Mueller late uncertified response to the Consumer Complaint No. CC-2019-10-00326d stating she will only address part of the complaint which is failure to disclose where complaint stipulated about failure to disclose point-for-point the proof of claims gives rise to default.

8. She stated quote: "The package order for $26.93 was placed on 8/29/18. On 9/7/18, the order was returned back to our company with no reason given from the Facility", unquote. As shown she mention no names as to who returned, under what authority was it returned, who process the order, and it can't be no reason given where the policy requires her to Notify the MDOC and the MDOC must Notify the Vendor of Violations occurring. Thus the policy clearly states that Notification of the specific policy violation is to be made to allow for cancellation of the securepak order. She did not mention the company's cancellation process, who made or initiated the cancellation process by authority. This is a genuine issue of material fact that prohibit Summary Judgment, even more so, where Discovery was violated regarding her stating that she will only answer part of the complaint. See the recently filed Amended complaint filed 1/31/2020 her response to the consumer protection complaint. This is the reason why the search and seize warrant is to be executed by the U.S. Marshal for disobedience to the Discovery requirement, and due to their Retaliatory offenses.

-2-

9. As being set forth below regarding the requirement for the Plaintiff to be provided Equal Protection by this court, as mandated by the 14th Amend. to the U.S. Const. the plaintiff shall not by any state deprived of his <u>life</u>, <u>liberty</u>, or <u>property</u>, without due process of law; nor deny to plaintiff within this Federal court's jurisdiction the equal protection of the law;

10. The plaintiff have provided to this court names of Expert Witnesses that are being disregarded, by the denial of motions where evidential Exhibits are attached with names of these Expert Witnesses, where there shall not be any denials made due to the support of the genuine issues of material facts by Expert Witnesses supporting the Affidavit contents involving Retaliatory offenses geared to silencing the plaintiff regarding incidents deriving from the illegal Enterprise the FBI had investigated. Thus, these same FBI officers are Expert Witnesses - to show how this incident occurred involving the Access securepak company and MDOC Retaliatory activities being addressed before this court - where it all started.

11. The Access securepak company And MDOC incident arose out of the Romulus police Dept. illegal Enterprise the FBI investigated and had arrested several Romulus police officers and correctional officers involving Drug trafficking, prostitution, Obstructions of Justice by producing false police Reports, in which this pattern of producing false Reports is being done in the presence of this court where the MDOC and Access securepak company is committing, where there's reasons to believe are contained in the contents of their system of Records involving misconduct infractions and their justifications for their Retaliatory offenses.

12. This is the reasons why plaintiff addressed his complaint to Regulatory Agencies that will investigate and provide a Report to this court, to prevent summary Dismissals.

13. In the court's order issued Jan. 8, 2020 stating quote: "None of Jenkins allegations in his motion are relevant to his current case; whether he was deprived of his property without due process; This property includes the Access securepak Co.'s store order of items purchased that clearly were not processed According to Policy in order to cancel the store order - where their retaliatory offenses showing a pattern of other property illegally seized where the court ordered plaintiff in the order for Amendment of complaint as dated Sept. 12, 2019, page 5 IV paragraph, quote; "In the Amended complaint

-3-

Jenkins should take care to name as defendants those individuals who were directly involved in the alleged return of his package to securepak and/or who were directly involved in any other alleged violation of his constitutional violation or rights;

14. Now the court states that none of the Jenkins' allegations in his motion are relevant to his current case, where the court had ordered that plaintiff is to name those individuals who were directly involved or who were directly involved in any other alleged violation of his constitutional Rights; plaintiff states that those allegations cited in the motion are relevant to his current case supported by expert witnesses, including the private Investigator, Roxanne Grinage that received authorization from the United states senator to investigate my child, Gewan Boyies case involving the Romulus police officers' illegal enterprise, this court

15. Further stated in the Jan. 8, 2020 order, "Nor does Jenkins' motion convince the court that the MDOC is violating any of its orders or that the court needs to direct the U.S. Marshals to act as Jenkins requests," unquote.

16. The pleadings previously addressed with evidential exhibits holding supported witnesses, including camera surveillance footage involving retaliatory offenses provides this court with disclosure of these incidents occurring within the jurisdiction of the court involving the court's process being obstructed in violation of 18 U.S.C. 401 these offenses occurring by the MDOC and Access Securepak company is mocking the court as if the court will not stop their obstructions but tolerate them, violates the equal protection of the Laws, and at some point these retaliatory offenses must be stopped by the U.S. Marshals 28 U.S.C. 566.

17. The Regulatory Agencies have seen these obstructions being committed by the MDOC as shown in the Michigan Dept. of Civil Rights - Daniel M. Levy, Director for Law & policy stated quote: the M.D.C.R has received an allegation of discrimination involving the Michigan Dept. of corrections. This complaint No. 497386 alleges a violation of state anti-discrimination law, which applies to the Michigan Dept. of corrections. Finding that the MDOC is in violation of the Elliott-Larsen Civil Rights Act and the Michigan persons with Disability Act - see the Michigan Supreme court case No. 157729. Do not know the Regulatory Agencies see these obstructions and the court do not and rendering summary judgment.

-4-

18. The MDOC officers that were not arrested by the F.B.I learned that Plaintiff had an investigator investigating his child's case while on parole. Plaintiff never knew the woman he is dating was a prostitute for the Romulus police officers' illegal enterprise, some how she got pregnant dispite the fact some illegal doctor tied her tubes, must have become faulty.

19. Two Romulus police officers removed the child from his grandmother's home and placed him in foster care; there's reasons to believe that the grandmother was murdered as a result of the illegal enterprise. The FBI never investigated any of the prostitutes' children. Due to the private investigator, Roxanne Grinage investigation I have to be placed in to the U.S. Marshal's witness protection program - see 18 U.S.C. 1512 and 42 U.S.C. 12203.

20. So these obstructions are geared to silence Plaintiff, and have become dangerous - imminent danger is shown in this case when the court order the U.S. Marshal service to execute search and seizure warrant pursuant to the Federal Rules of crim. procedures - Rule 41 and 18 U.S.C 2703(a) a court order for disclosure may be issued by any court of competent jurisdiction.

21. The MDOC and the Access securepak Co. has violated this court's Discovery order and refused to disclose the names of those involved. The MDOC officers have disclose to prisoners Plaintiff being an informant, have threaten with a tazer or assaulted by brandishing the tazer, has jeopardize Plaintiff's son/child's life by a Law Librarian B. Trowbridge while Plaintiff making efforts to have Trowbridge to make photo copies of exhibits to provide to this court as ordered, she began reading it out loud so that prisoners in the Law Library can hear about the case of Human trafficing of children to put Plaintiff and his child in danger; officer Yore while confiscating Plaintiff's paid for Flatscreen tv placed or left a piece of metal in Plaintiff's wall locker which is dangerous contraband.

22. Tonya Berry of the Michigan Dept. of Civil Rights followed up on this contraband as Retaliation complaint with Number 500695. She mailed the same to Plaintiff to have notarized and mail it back to her; Law Librarian B. Trowbridge Notarized it after reading it, would not make copies for the court nor Plaintiff; later Plaintiff was led to believe that Tonya Berry never received this complaint, and the Plaintiff's court order issued Dec. 23, 2019 for Amendment of complaint Discovery order became missing; Susie Greenbauer at Humanity for prisoners is an Expert witness regarding these retaliations at: humanityforprisoners.org

- 5 -

23. The court's access to these expert witnesses files to support this imminent danger issue may be done by the case manager, Holly A. Monda access by computer the enumerated files shown below to verify and support the need for the U.S. Marshal and an Attorney Appointed to acquire and process for examination the witnesses and camera surveillance footage(s) for a hearing;

24. David M. Hardy, Records Management Division, U.S. Dept. of Justice, FBI believe prisoners aren't privy to FBI information of investigations against police officers that were arrested involving organized crime. This do not exempt the court's case manager from accessing the following files on the names of those that were investigated and arrested including correctional officers - where may show a pattern of those retaliations being committed by those officers who were not arrested by the FBI;

25. These records involving the Romulus Police officers illegal enterprise FBI investigation is under FOIPA Request No. 1385889-000 subject: Kirby, Charles And Request No. 1453096-000 subject: Boyles, Amber et al. Mother of Gewan Boyles plaintiff's child; access at www.fbi.gov.

26. The Michigan Dept. of Civil Rights under case No. 497396 entered by Monique Cottrell whose email access is cottrellm1@michigan.gov and Tonya Barry complaint No. 500695 involving retaliation of placing a metal piece of contraband in bottom locker shown on surveillance camera.

27. Susie Greenbauer, client services, Humanity For Prisoners, P.O. Box 687, Grand Haven, Mich. 49417 Tel. (616)-935-0075 website: humanityforprisoners.org provide legal services holding evidence and gather evidence involving this case before date deadline of Jan. 17, 2020 when plaintiff's amended complaint is due, sent legal mail involving evidence on 1/8/2020 plaintiff never received due to MDOC tampering with legal mail.

28. It is required by the Forma Pauperis statute the appointment of counsel that is needed due to the conditions of confinement ongoing retaliatory obstructions involving the process of the court discovery order where an attorney may minimize obstructions plaintiff having disability/disorder requiring current hospitalization to the University of Michigan Hospital - Mental & Physical exam. The following Attorney per 42 U.S.C. 10805 requesting to be appointed

-6-

Mark A. Cody, Bar No. P42695, at Michigan Protection And Advocacy Services, Inc., 4095 Legacy Parkway, Suite 500, Lansing, Mich. 48911 Tel. (517)-487-1755/Fax (517)-487-0827 email: mcody@mpas.org;

29. The Plaintiff request the court to re-visit the previous Motion For An order Directing the U.S. Marshal to perform Enforcement of court orders And Search And Seizure Warrant after viewing the evidence from the witnesses cited herein as the plaintiff is presently having medical issues where the MDOC Medical refuse to treat or provide treatment. These are serious issues and verified by some of the evidence previously submitted to the court and Monique Cottrell at Dept. of civil Rights has this medical information.

Wherefore plaintiff request that this court order that plaintiff be ordered to the custody of the U.S. Marshal Witness Protection program due to imminent danger from the conditions of confinement; that the court order the U.S. Marshal to investigate these imminent danger issues, if the court believe that plaintiff's allegations are not true; that appoint of counsel be ordered;

That the securepak store order items in the amount of $86.93 be seized and returned to plaintiff, along with the property listed on the prisoner claim form provided as an exhibit to the above cited motion; As the Access securepak co. & MDOC refused to perform the scope of said policy's and the law under due process in order to cancell the order so the U.S. Marshal is to execute the search and seizure warrant and return property back to plaintiff; thus the disobedience to the court's discovery order(s) require the Defendants to produce any books, documents, or other tangible things items of property seized by the defendants such as the securepak store order items and property seized listed on plaintiff's personal property Receipt.

Due to the urgent matter involving imminent danger, plaintiff request that the court act without delay to prevent further incidents of harm/injury's - this can be from within plaintiff's body not being medically treatment applied.

- 7 -

Affidavit In Support of Responsive Pleading Involving The court's order Denying plaintiff's Motion Directing U.S. Marshal To Enforce court orders And order Terminating Plaintiff's Relief From Summary Judgment

Affiant, Van Jenkins being duly deposed and sworn pursuant to the statutory provisions of 28 U.S.C. 1746 states:

1. Affiant certify and deliver that the attached Responsive pleading to the court's order dated Jan. 8, 2020 under penalty of perjury of the laws of the state of Michigan that the foregoing is true, correct, in part complete and not meant to mislead as supported by Expert government witnesses in accordance with the Affiant's best firsthand knowledge and belief;

2. That theres imminent danger occurring within the jurisdiction of this court requiring the court to order the U.S. Marshal service to investigate and arrest those found in misconduct violations without delay to prevent damage and injuries;

3. Affiant have a child he want to protect and any delay only shows that the child's safety from an illegal enterprise the FBI failed to investigate about the prostitutes' children and their safety denies Equal Protection of the laws;

4. Affiant request that this court acquire the United States senator's petition regarding the authoritative Investigation conducted by Roxanne Grinage, who was at this address that is believed to be obstructed where the illegal enterprise may be blocking P.O. Box 22226, Philadelphia, PA. 19136 Tel. (267)-444-0594/Email: roxannegrinage@gmail.com by having the case manager Holly A. Monda access by computer Roxanne Grinage current contact info. where she can email to the case manager the U.S. Senator's petition and her Investigation report involving this imminent danger issue; plaintiff and Gewan Boyles should be ordered to the custody of U.S. marshal.

5. That this honorable court order the Michigan Protection And Advocacy Services, Inc.'s Attorney Mark Cody to provide Legal services to plaintiff and Gewan Boyles to prevent further injurys and damages.
Further Affiant sayeth Not. . . . . . . . . . . . . . .

1/21/2020
Dated

Van Jenkins
Affiant's signature 28 U.S.C. 1746
Right thumb print →

-8-

Van Jenkins
Reg. No. 172475
2727 East Beecher Road
Adrian, Mich. 49221

Holly A. Monda
Case Manager
U.S. District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd.
Detroit, Mich. 48226

1/21/2020

FILED
JAN 31 2020
U.S. DISTRICT COURT
FLINT, MICHIGAN

RE: Jenkins v. Access Securepak Co. et. al. Case No. 4:19-cv-10738 Responsive Pleadings to Court Order

Dear Case Manager:

The Judge Matthew Leitman issued his order as dated Jan. 8, 2020 and I have attached my Responsive Pleading to be placed on his docket to be heard as soon as possible involving imminent danger.

This court order issued on Dec. 23, 2019 was sent to me but some how - appear to have been seized by the Defendants, I request that you provide to me another copy as it holds the dates of when the Amended Complaint is due - Jan. 17, 2020 and the Discovery order in which I'm not sure as to when the due date is.

On page 6 of this Responsive pleading I request that the court instruct you to computer access government expert witnesses files to acquire for the Judge Leitman as it supports genuine issues of material facts and involves the issue of imminent danger. The Private Investigator Roxanne Grimage have the U.S. Senator petition I filled out where the U.S. senator authorized child investigation where Judge Leitman needs to receive this very important evidence from this investigator. This involves the Romulus Police officers' illegal enterprise the FBI investigated. The Regular Regulatory Agencies hold evidence on conditions of confinement requiring the court to order me into the Custody of the U.S. Marshal.

Sincerely,
Van Jenkins
c.c. file / Enclosure: Responsive Pleading

Vern Jenkins
Reg. No. 172475
Gus Harrison Correctional Facility
2727 East Beecher Road
Adrian, Mich. 49221

Holly A. Monda
Case Manager
U.S. District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd.
Detroit, Mich. 48226

US POSTAGE >> PITNEY BOWES
ZIP 49221 $ 000.65°
02 4W
0000355312 JAN 21 2020