Van Jenkins
Reg. No. 172475
2727 East Beecher Road
Adrian, Mich. 49221

Holly A. Monda
Case Manager
U.S. District Court
Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd.
Detroit, Mich. 48226

12/28/2020

RE: Jenkins V. Access Securepak Co., Case No. 4:19-CV-10738

Dear Case Manager,

I direct your attention to the above captioned case. And to the Judge's order dated December 20, 2019 page 6 where the Judge stated quote; Jenkins may not be in a position to identify the proper defendants, but it is the duty of the District Court to assist him to make the necessary investigation. Unquote.

The attached writ of subpoena has been served upon the manager Pam Mueller – Access Securepak Co. as the information involving the identity of those involved. The Assistant Attorney General according to MCL 445.907 is mediating this matter of investigation as the defendants refuse to comply with court orders.

Copies of the defendants' subpoena response shall be provided to your office. If the defendants fail to do so within 14 days, I request to be provided with the U.S. Marshal Service Forms – please provide 4 forms.

Thank you.

Van Jenkins
C.C. File
Enclosures: Subpoena

Michigan Department of Corrections
Housing Unit Log / Callout Report
Callout Log for Unit : C-Unit
Sorted By: Offender Number

Callout date : 12/21/2020

| Start/Depart/Init. Itinerary Notes | End/Return/Init. | Lock | Number | Name | To | Room |
|---|---|---|---|---|---|---|
| 0755/ | 0800/ | 058Bot | 599685 | Sharp, James Glenn | MedLine Window | MedLine Window South |
| Medline window - Prisoner must report when unit is called | | | | | | |
| 0800/ | 0845/ | 058Bot | 599685 | Sharp, James Glenn | Food Service Officer South | |
| WORK DETAIL | | | | | | |
| 1000/ | 1255/ | 058Bot | 599685 | Sharp, James Glenn | Food Service Officer South | |
| WORK DETAIL | | | | | | |
| 1255/ | 1300/ | 058Bot | 599685 | Sharp, James Glenn | MedLine Window | MedLine Window South |
| Medline window - Prisoner must report when unit is called | | | | | | |
| 1300/ | 1415/ | 058Bot | 599685 | Sharp, James Glenn | Food Service Officer South | |
| WORK DETAIL | | | | | | |
| 1955/ | 2000/ | 058Bot | 599685 | Sharp, James Glenn | MedLine Window | MedLine Window South |
| Medline window - Prisoner must report when unit is called | | | | | | |
| 0730/ | 1030/ | 105Top | 618939 | HOWARD, SHANNON R | Health Care Officer | |
| WORK DETAIL - HEALTH CARE NORTH - MAY BE CALLED OUT TO WORK AT OTHER TIMES AS NECESSARY AND AS APPROVED BY CONTROL CENTER - EARLY BREAKFAST AUTHORIZED MON, TUE, WED, THU. THRU COUNT SUN-MON-TUES | | | | | | |
| 1415/ | 1700/ | 105Top | 618939 | HOWARD, SHANNON R | Health Care Officer | |
| WORK DETAIL - HEALTH CARE NORTH - MAY BE CALLED OUT TO WORK AT OTHER TIMES AS NECESSARY AND AS APPROVED BY CONTROL CENTER - EARLY BREAKFAST AUTHORIZED MON, TUE, WED, THU. THRU COUNT SUN-MON-TUES | | | | | | |
| 1730/ | 2200/ | 076Bot | 628156 | Bell, Marcus DionneJuan | C-Unit | |
| SANITIZING PORTER - COMMON AREAS OF HOUSING UNIT. DETAIL NOT THROUGH COUNT. | | | | | | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Van Jenkins #172475 )
_____ )
Plaintiff )
v. ) Civil Action No. 4:19-CV-10738
Pam Mueller, manager )
Access Securepak Company, et. al. )
_____ )
Defendant )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Pam Mueller, Manager of Access Securepak Co., 10880 Lin Page Place St Louis, MO. 63132, Tel. (314)-301-3310 pmueller@keefegroup.com
*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Based on attached Affidavit notice & Subpoena To produce Documents, Information, or objects or To permit Inspection of premises In A civil Action And the Attached order Granting In part Plaintiff's Motion To Vacate page 7 paragraph 2 and 3;

| Place: Van Jenkins Reg. No. 172475 2727 East Beecher Road Adrian, Mich. 49221 | Date and Time: 1/10/2021 5:00 P.M. |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/9/20

DAVID J. WEAVER, CLERK OF COURT

_____      OR      _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____, who issues or requests this subpoena, are:
_____

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:19-cv-10738-MFL-PTM ECF No. 32, PageID.578 Filed 02/17/21 Page 5 of 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

United States District Court
For The United States District
of Michigan
Southern Division

Van Jenkins
Reg. No. 172475
Plaintiff,

Civil Case No.
4:19-CV-10738

VS.

Pam Mueller, Manager
Access Securepak Company
Michigan Dept. of Corrections
Defendants.

## Affidavit of Subpoena

The attached court order page 7 paragraph 2 Discovery is ordered by the court and that names as defendants those individuals who were directly involved in the alleged return of Plaintiff's package(s) to securepak, and/or who were directly involved in any other alleged violation of his constitutional rights. The attached subpoena is for this purposes.

Information is being requested involving the selected inspired by Gucci power up cologne Body Wash Bar No. 0-8738-12513-3 where some form of acid from the cologne Body wash burn the skin around the neck while in the parnall correctional facility, where the Doctor prescribed Betamethasone Valerate ointment information is requested who is involved, how the substance got into the Body wash and what Access securepak company plan to do about this incident.

That the Access securepak company disclose the below involvement with the process of the below store items listed. In order for the securepak store order be sent back to Access in this process of the policy must be carryed out PD.04.02.175, And PD.04.02.135 that was circumvented PD.04.02.135 (L) a prisoner must be found at a misconduct Hearing of personal Property Hearing to be knowingly involved in sending or receiving a Friend And Family package order in violation of the Policy Shall be prohibited from purchasing or receiving items items

-2-

through the Friends And Family package program. No misconduct was ▰ wrote nor any hearing conducted to allow for cancellation of the securepak store order to be made. This is a due process requiring Access securepak company not only to return money paid but to deliver the store items. Under the subpoena the merchandise and the information on individuals who were involved as the court has ordered in the court order and subpoena attached the below questions and all from the I.D. Numbers below:

1. Full name as to who placed the securepak store order?
2. Why was the order processed?
3. Who processed the order?
4. Who delivered the order?
5. Who cancelled the order? Why?
6. Who ordered the order returned? Why?
7. Was there a misconduct written on specific policy violation in order to cancel the store order? Why?
8. How long do it take to process and deliver store items

| Order Date | Program Number |
|---|---|
| 8/29/2018 | 12272126 |
| 9/15/2020 | 16468149 |
| 4/6/2020 | 15610311 |
| 10/4/2020 | 16629358 |

Access securepak company has according to court Rule and statutory provisions have 14 days to disclose and deliver the objects cited above.

Further Affiant sayeth not........

12/23/2020
Date

Ken Jenkins
Affiant's Signature 28 U.S.C. 1746

-3-

United States District Court
For The Eastern District of Michigan
Southern Division

Van Jenkins # 172475
Plaintiff,

vs.

Pam Mueller, Manager
Access Securepak Company
Mich. Dept. of Corrections
Defendants.

Civil case No 4:19-cv-10738
Hon. Matthew F. Leitman

---

Van Jenkins
Reg. No. 172475
2727 East Beecher Road
Adrian, Mich. 49221

---

Pam Mueller
Manager
Access Securepak Company
10880 Linpage Place
St. Louis, MO. 63132
Tel. (800)-546-6283

---

Kathleen A. Barron
Bar No. P45363
Assistant Attorney General,
Consumer Protection Division
525 West Ottawa Street
P.O. Box 30213
Lansing, Mich. 48909-0213
Tel. (517)-335-0855
Fax (517)-335-1935

---

**Notice And Obstruction Of Complaint In Court Jurisdiction**

On the date of February 16, 2019 a civil rights case of action was filed in the United States District Court For The Western District of Missouri, on the date of March 1, 2019 the Missouri U.S. District Court Judge Nanette K. Laughrey issued her order Transferring case to the U.S. District Court For The Eastern District of Michigan.

2. On the date of Dec. 20, 2019 the Honorable Matthew F. Leitman, U.S. District Court Judge issued his order directing plaintiff to file an amendment to his complaint, and directing the Defendants to comply to Discovery and

3. That during discovery the identities of all the individuals involved and the specific role they played in depriving him of his property without due process of law; Patti Mueller and other Defendants have tolled the statute of Limitations when not timely complying to the court's Discovery order(s); see Equitable tolling 28 U.S.C. 2401;

4. The Defendants now look forward to discovery information involving several transactions within the following contents set forth in the following transactions;

| order date: | program order no. | MDOC Fund | WEB | $ | order status |
|---|---|---|---|---|---|
| 8/29/2018 | 1272126 | " | " | $86.93 | Invoiced |
| | | | | $101.98 | Cancelled |
| 9/5/2020 | 1646814 9 | " | " | " | Invoiced |
| 4/6/2020 | 1541031 1 | | | | |
| 10/4/2020 | 16629358 | " | Mail | $17.91 | Invoice |

5. On the kios it stated as follows; quote: "We are unable to process your order at this time. Please contact customer service at 800-546-6283 for securepak order NO. 16629358   $17.91.

6. In this instant case as it is set forth in Policy Directive PD. 04.02.135(L)(2) states that if the order has been received by the MDOC but has not been delivered to the prisoner the order shall be returned to the vendor with notification of the specific policy violation to allow for cancellation.

7. The manager Mrs. Mueller nor the Access securepak co. has performed nor complyed to this policy. MDOC has been returning ordered and paid for securepaks and stating it was not sent or paid for by a family member therefore the MDOC facility, has been rejecting the securepak store items shown in paragraph 4. This constitute due process especially refusing to comply with the court's Discovery order;

8. This court's Discovery order according the Attorney General's authorization to carry out subpoena functions pursuant to 28 U.S.C. 2521; It is being requested that the Defendants

-2-

# Michigan Department of Corrections
## Housing Unit Log / Callout Report
### Callout Log for Unit : C-Unit
Sorted By: Start/Lock

Callout date :10/20/2020

| Start/Depart/Init. | End/Return/Init. | Lock | Number | Name | To | Room |
|---|---|---|---|---|---|---|
| 1000/ | 1300/ | 086Bot | 298572 | Purchis, Jeffrey Allen | Food Service Officer South | |
| UC-P11 UNIT PORTER | | | | | | |
| Itinerary Notes: THIS DETAIL NOT THROUGH COUNT. | | | | | | |
| 1000/ | 1415/ | 088Bot | 377927 | Kittleson, John Glenn | Food Service Officer South | |
| WORK DETAIL | | | | | | |
| Itinerary Notes: THIS DETAIL NOT THROUGH COUNT. | | | | | | |
| 1000/ | 1255/ | 110Bot | 426315 | Weems, Deandre Lenard | C-Unit | |
| UC-P11 UNIT PORTER | | | | | | |
| 1000/ | 1415/ | 142Top | 540447 | Kelsey, James Alexander | Food Service Officer South | |
| WORK DETAIL | | | | | | |
| Itinerary Notes: THIS DETAIL NOT THROUGH COUNT. | | | | | | |
| 1000/ | 1415/ | 152Bot | 387751 | Thompson, Bryon Duane, Jr | Food Service Officer South | |
| 1000/ | 1300/ | 148Bot | 322144 | Williams, Shelton Coneral | C-Unit | |
| UC-P12 UNIT PORTER | | | | | | |
| 1100/ | 1400/ | 021Top | 848834 | Daniels, Terry James, II | C-Unit | |
| UC-P14 UNIT PORTER | | | | | | |
| 1100/ | 1400/ | 129Top | 847832 | Taylor, James Edward | C-Unit | |
| UC-P13 UNIT PORTER | | | | | | |
| 1100/ | 1415/ | 142Bot | 214374 | Hagen, Reginald | Food Service Officer South | |
| Itinerary Notes: TO BE COUNTED IN FOOD SERVICE AT 1115 HOURS. | | | | | | |

# GUS HARRISON CORRECTIONAL FACILITY

## Housing Unit : C-Unit
## Offender Daily Schedule
**Effective Date : 11/03/2020 ( Tuesday )**

**Offender : 172475 - Jenkins, Van**  **Wing : FH**  **Lock : Bot - 028**

| Callout / Assignment - Description | Reporting Station | Room | Department | Depart Arrive | Depart |
|---|---|---|---|---|---|
| Medication - Medline window (South) Medline window - Prisoner must report when unit is called | MedLine Window | MedLine Window South | Medical/Healthcare | 07:55 | 08:00 |
| Medication - Medline window (South) Medline window - Prisoner must report when unit is called | MedLine Window | MedLine Window South | Medical/Healthcare | 19:55 | 20:00 |

**VALID ONLY ON THE EFFECTIVE DATE PRINTED ABOVE**

Michigan Department of Corrections
Housing Unit Log / Callout Report
Callout Log for Unit : C-Unit
Sorted By: Offender Number

**Callout date : 12/22/2020**

| Start/Depart/Init. | End/Return/Init. | Lock | Number | Name | To | Room |
|---|---|---|---|---|---|---|
| 0755/ | 0800/ | 028Bot | 172475 | Jenkins, Van | MedLine Window | MedLine Window South |

Itinerary Notes: Medline window - Prisoner must report when unit is called

| | | | | | | |
|---|---|---|---|---|---|---|
| 1955/ | 2000/ | 028Bot | 172475 | Jenkins, Van | MedLine Window | MedLine Window South |

Medline window - Prisoner must report when unit is called

| | | | | | | |
|---|---|---|---|---|---|---|
| 0000/ | 0530/ | 146Bot | 173080 | LEMARR, JOHN ALEX | C-Unit | |

ON CALL AS NEEDED.  NOT TO EXCEED 6 HOURS TOTAL WORK PER DAY
DUTIES AS ASSIGNED BY SUPERVISOR.  THIS DETAIL NOT THROUGH COUNT.

| | | | | | | |
|---|---|---|---|---|---|---|
| 1800/ | 1955/ | 018Bot | 176794 | Battle, James | | |

UC-P25  UNIT  PORTER

| | | | | | | |
|---|---|---|---|---|---|---|
| 1955/ | 2000/ | 018Bot | 176794 | Battle, James | MedLine Window | MedLine Window South |

Medline window - Prisoner must report when unit is called

| | | | | | | |
|---|---|---|---|---|---|---|
| 2000/ | 2100/ | 018Bot | 176794 | Battle, James | | |

UC-P25  UNIT  PORTER

| | | | | | | |
|---|---|---|---|---|---|---|
| 1400/ | 1700/ | 032Bot | 180445 | YOUNG, THOMAS, JR | | |

UC-P18  UNIT  PORTER

| | | | | | | |
|---|---|---|---|---|---|---|
| 1955/ | 2000/ | 032Bot | 180445 | YOUNG, THOMAS, JR | MedLine Window | MedLine Window South |

Medline window - Prisoner must report when unit is called

| | | | | | | |
|---|---|---|---|---|---|---|
| 0700/ | 0755/ | 062Bot | 205792 | JACKSON, PAUL EDWARD | C-Unit | |

DUTIES AS ASSIGNED BY SUPERVISOR. ON CALL AS NEEDED.
UC-P35 UNIT PORTER

Date Printed : 12/21/2020
Page 1 of 14

**Michigan Department of Corrections**
**Housing Unit Log / Callout Report**
Callout Log for Unit : C-Unit
Sorted By: Offender Number

**Callout date :12/18/2020**

| Start/Depart/Init. | End/Return/Init. | Lock | Number | Name | To | Room |
|---|---|---|---|---|---|---|
| 1955/ | 2000/ | 087Top | 228407 | NELSON, TIMOTHY Levi | MedLine Window | MedLine Window South |

Itinerary Notes: Medline window - Prisoner must report when unit is called

| 1255/ | 1300/ | 100Bot | 229042 | Giamporcaro, Robert Clinton | MedLine Window | MedLine Window South |

Medline window - Prisoner must report when unit is called

| 0700/ | 1000/ | 043Top | 234006 | WILLIAMS, CURTIS MAURICE | C-Unit | |

UC-P04 UNIT PORTER

| 1955/ | 2000/ | 043Top | 234006 | WILLIAMS, CURTIS MAURICE | MedLine Window | MedLine Window South |

Medline window - Prisoner must report when unit is called

| 0745/ | 1045/ | 083Top | 236342 | Perry, Wayne Vincent | Control Center South | |

May be called out to work when necessary, Will be called by Control Center/Store staff, when needed.
Authorized early chow - BREAKFAST on working days only. WORK DETAIL

| 1230/ | 1530/ | 083Top | 236342 | Perry, Wayne Vincent | Control Center South | |

May be called out to work when necessary, Will be called by Control Center/Store staff, when needed.
Authorized early chow - BREAKFAST on working days only. WORK DETAIL

| 1255/ | 1300/ | 101Top | 248799 | Morris, Robert Allen | MedLine Window | MedLine Window South |

Medline window - Prisoner must report when unit is called

| 1900/ | 1955/ | 101Top | 248799 | Morris, Robert Allen | C-Unit | |

UC-P27 UNIT PORTER

| 1955/ | 2000/ | 101Top | 248799 | Morris, Robert Allen | MedLine Window | MedLine Window South |

Medline window - Prisoner must report when unit is called

Prisoner Name: Van Jenkins
Prisoner Number: 172475
(✓) GUS HARRISON CORRECTIONAL FACILITY
( ) PARR HIGHWAY CORRECTIONAL FACILITY
2727 E. Beecher St.
Adrian, MI 49221

FILED
FEB 17 2021
U.S. DISTRICT COURT
FLINT, MICHIGAN

Holly A. Morda
Case manager
U.S. District Court
Eastern District of Michigan
Theodore Levin United States Courthouse
231 West Lafayette Blvd.
Detroit, Mich. 48226

U.S. POSTAGE >> PITNEY BOWES
ZIP 49221
02 4W
0000355312 DEC 29 2020
$ 000.65°