United States District Court
Eastern District of Michigan
Southern Division

POOR QUALITY ORIGINAL

Van Jenkins #172475
Plaintiff,

Civil No. 4:19-CV-10738
Hon. Matthew F. Leitman

VS.

Access securepak, Co. et. al.
Defendants.

FILED
OCT 25 2021
U.S. DISTRICT COURT
FLINT, MICHIGAN

## Motion For Default Judgment To Be Entered

On the date of December 20, 2019 this honorable court issued an order granting in part plaintiff's motion to vacate or reconsider and granting plaintiff's motion For Extension of Time. The court granted in part Jenkins's-plaintiff's motion to vacate or reconsider the court's order dismissing Jenkins's complaint and the court granted, Jenkins's motion for a time extension to amend his complaint.

This honorable court set forth the following order for plaintiff to comply to: Jenkins shall:
1. File an amended complaint by not later than January 12, 2020;
2. Conduct limited discovery until April 17, 2020; and
3. File a second complaint or amended complaint by not later than May 18, 2020, see the attached order.

The Docket Journal Entry(s) sets forth the following on the date of 1/9/2020 plaintiff filed his amended complaint as ordered by the court.

On the Date of 5/15/2020 plaintiff filed his second amended complaint as ordered by the court that plaintiff complied to.

Plaintiff submitted to the Defendants his affected Affidavit of Subpoena dated 12/23/2020 certified subpoena(s) were served upon Defendant(s) even through the Attorney General's office as shown on the Docket Journal Entries dated 3/24/2021 Michigan Attorney General Dana M. Nessel Attorney General assign Reference No. 2020-0305717-A; P.O. Box 30213, Lansing, Mich. 48909/Tel.(517)-335-7597, Fax: (517)-241-3771.

On 3/24/2021 plaintiff filed with the clerk of court his request for Default where the court clerk is to issue certificate of Default to the parties of this case. This was not done by the clerk's office.

Pursuant to the Federal Rules of Civil Procedure - Rule 37 even after subpoena was served upon the Director of Access securepak company is John Doe, they failed to disclose under the herein cited statutory provisions and made an evasive or incomplete disclosures, answer, or response according to Rule 37 is to be treated as a failure to disclose, answer, or respond. The answer, disclosure or responses must be certified pursuant to the Federal Rules of Civil Procedure - Rule 44.

Rule 37 Requires sanctions for failure to make Disclosures or cooperate in Discovery, requiring this court to issue an order for Default Judgement.

Plaintiff certified his Affidavit of NonResponse Acceptance And Agreement is evidence being used and was filed at the Missouri Attorney General's office, supporting the Default that occured at that Agency. This means that Access secure pak company and MDOC have pled guilty as stipulated in the consumer protection complaint and is certified by the Michigan Attorney General: Dana M. Nessel Reference Number: 2020-0305717-A;

A Stipulation is an Agreement admission or concession made by the parties in a legal action with regard to a matter incident to a case. The parties may enter into a stipulation to avoid delay, trouble, and expense. When the parties stipulates to a set of facts, the stipulated facts are binding upon the court that is set forth in the consumer protection complaint and Discovery/Subpoena.

This Affidavit of certificate of Non Response Acceptance And Agreement was not recognized by the court where the Defendants pled guilty and did not comply to disclosures of names of those who participated in the securepak store order process required by the Administrative procedures Act, 5 U.S.C. 552(a)6(A) states quote "Any notification of denial of any request for records shall set forth the names and titles or positions of each person responsible for the denial of such request," unquote.

The literal meaning of due process is fair procedure. Due process guarantees that the state will treat individuals with fundamental fairness, Santoski v. Kramer, 455 U.S. 745, 770 (1982), It means that no person is to be deprived of life, liberty, or property without an opportunity to be heard indefense of his rights, Kaly. Norsewata 23 Wall. 128, 136 (U.S. 1875).

—2—

According to the Federal court Rules states that to respond to a complaint and subpoena/Discovery, parties must state their defenses in short and plain terms and admit or deny the allegations asserted against them;

Parties are deemed to have admitted all allegations, they do not deny; when an allegation has been asserted against them, the Defendants have only three options:

(1) Admit to the contents of the complaint;
(2) deny the contents of the complaint;
(3) state a lack of knowledge or information necessary to admit or deny which all three options must be certified by the Defendants, see *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.H. 2011);

A failure to deny the factual allegations of a complaint or amended complaint including subpoena will deem them admitted, See *Perez v. El Tequila*, 847 F.3d 1247, 1254 (10th Cir. 2017);

The Defendants Access secure pak company and MDOC failed to comply to these Rules and statutory provisions as well as U.S. constitutional mandates involving response time.

Pursuant to M.C.L. 24.278 the parties in a contested case by a stipulation in writing filed with the Agency and when the Agency contracts to make Agree upon any fact involved in the controversy, which stipulation shall be used as evidence at a hearing and be binding on the parties thereto, see *In re Carney*, 258 F.3d 415.

WHEREFORE plaintiff request that this honorable court enter in favor of the plaintiff a Default Judgment as sanction against the Defendants for failing to comply to court order(s) that thereby pleading guilty by their failings to comply.

## Affidavit In Support

I, Van Jenkins, herein certify that the motion For Default Judgment to be entered was reviewed and I declare under penalty of perjury under the laws of Michigan that the above is true, correct, and complete and not meant to mislead and that this Affidavit is supported by the statutory provisions of 28 U.S.C. 1746

10/12/2021
Date

*Van Jenkins*
Affiant's Signature 28 U.S.C. 1746

United States District Court
For The United States District
of Michigan
Southern Division

Van Jenkins
Reg. No. 172475
Plaintiff,

Civil Case No.
4:19-CY-10738

VS.

Pam Mueller, Manager
Access Securepak Company
Michigan Dept. of Corrections
Defendants.

## Affidavit of Subpoena

The attached court order page 7 paragraph 2 Discovery is ordered by the court and that names as defendants these individuals who were directly involved in the alleged return of plaintiff's package(s) to securepak, and/or who were directly involved in any other alleged violation of his constitutional rights. The attached subpoena is for this purpose.

Information is being requested involving the selected inspired by Gucci power up cologne Body Wash Bar No. 0-8738-12513-3 where some form of acid from the cologne Body wash burn the skin around the neck while in the Parnall correctional facility where the doctor prescribed Betamethasone valevate ointment information is requested who is involved, how the substance got into the Body wash and what Access securepak company plan to do about this incident.

That the Access securepak company disclose the below involvement with the process of the below store items listed. In order for the securepak store order be sent back to access in this process of the policy must be carryed out PD.04.02.135 And OP.04.02.135 that was circumvented PD.04.02.135 (w) a prisoner must be found at a misconduct Hearing of personal property Hearing to be knowingly involved in sending or receiving a Friend And Family package order in violation of the policy shall be prohibited from purchasing or receiving items item

2. On the date of Dec. 20, 2019 the Honorable Matthew F. Leitman, U.S. District court Judge issued his order directing Plaintiff to file an amendment to his complaint, and directing the Defendants to comply to Discovery and,

3. That during discovery the identities of all the individuals involved and the specific roles they played in depriving him of his property without due process of law, Pam Mueller and other Defendants have tolled the statute of Limitations when, not timely complying to the court's Discovery order(s), see Equitable tolling 28 U.S.C. 2401,

4. The Defendants now look forward to discovery information involving several transactions within the following Contracts set forth in the following transactions:

| Order Date | Program | MDOC Food | Web | Amount | order status |
|---|---|---|---|---|---|
| 8/29/2018 | 1227426 | " " | " " | $86.93 | Invoiced |
| 9/15/2020 | 1646849 | " " | " " | $101.00 | Cancelled |
| 4/6/2020 | 1561031 | " " | " " | $23.11 | Invoiced |
| 10/4/2020 | 1662935 | " " | " " | Mail $17.91 | Invoiced |

5. On the kiosk it stated as follows: quote, "we 7 unable to process your order at this time. Please contact customer service at (800)-546-6283 for securepak order #. 1662935 $17.91."

6. In this instant case as it is set forth in policy Directive PD. 04.02.135 (L)(2) states that if the order has been received by the MDOC but has not been delivered to the prisoner, the order shall be returned to the vendor with Notification of the specific policy violation to allow for cancellation.

7. The manager Mrs. Mueller not the Access securepak, co., has perform her complyed to this policy, MDOC has been returning ordered and paid for securepaks and stating it was not staff or paid for by a family member therefore the MDOC facility has been rejecting the securepak store items shown in paragraph 4. This constitute due process especially refusing to comply with the court's Discovery order,

8. This court's Discovery order according to the Attorney General's authorization to carry out subpoena Functions pursuant to 28 U.S.C. 0521, It is being requested that the Defendants

- 2 -

through the Friends And Family package Program. No misconduct was wrote nor any hearing conducted to allow for cancellation of the securepak store order to be made. This is a due process requiring Access securepak company not only to return money paid but to deliver the store items. Under the Subpoena the merchandise and the information on individuals who were involved as the court has ordered in the court order and subpoena attached the below questions and all from the I.D. Numbers below:

1. Full name as to who placed the securepak store order?
2. Why was the order processed?
3. Who processed the order?
4. Who delivered the order?
5. Who cancelled the order? Why?
6. Who ordered the order returned? Why?
7. Was there a misconduct written on specific policy violation in order to cancel the store order? Why?
8. How long do it take to process and deliver store items

| Order Date | Program Number |
|---|---|
| 8/29/2018 | 12272126 |
| 9/15/2020 | 16468149 |
| 4/6/2020 | 15610311 |
| 10/4/2026 | 16629358 |

Access securepak company has according to court Rule and statutory provisions have 14 days to disclose and deliver the objects cited above.

Further Affiant sayeth Not.

1/03/2020
Date

Affiant's Signature M.L.St.1746

− 3 −

Resubmit to court

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Van Jenkins #172475, Plaintiff

v.

Pam Mueller, manager
Access securepak company, et al., Defendant

Civil Action No. 4:19-cv-10738

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Pam Mueller, manager of Access secure pak Co. 10880 Linpage Place St. Louis MO 63132
(Name of person to whom this subpoena is directed)
T.1. (314)-301-7310 pmueller@keefegroup.com

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Based on attached Affidavit notice & subpoena to produce documents, information, or objects or to permit inspection of premises in a civil Action And the Attached order Granding In part Plaintiff's Motion to vex# page 7 paragraph 2 And 3;

| Place: Van Jenkins Reg. No. 172475 2727 East Beecher Road Adrian, Mich. 49221 | Date and Time: 1/10/2021 5:00 P.M. |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/9/20

DAVID J. WEAVER, CLERK OF COURT

_____ OR _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:19-cv-10738-MFL-PTM ECF No. 35, PageID.600 Filed 10/25/21 Page 9 of 19

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Plaintiff,

v.

        Civil No. 4:19-cv-10738
        Hon. Matthew F. Leitman

ACCESS SECUREPAK, CO., *et al.*,

        Defendants.

_____/

## ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION TO VACATE OR RECONSIDER (ECF No. 16) AND (2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 19)

Plaintiff Van Jenkins is an inmate at the Parnall Correctional Facility. Jenkins alleges that he was deprived of his property without due process of law when a package that was delivered to him was returned to the sender without first giving Jenkins notice or an opportunity to be heard. (*See* Compl., ECF No. 2, PageID.24.) On September 12, 2019, the Court dismissed Jenkins's complaint without prejudice and granted Jenkins leave to amend his complaint by November 12, 2019. (*See* Order Dismissing Pl.'s Compl., ECF No. 14.)

Jenkins has filed a motion to vacate or reconsider the Court's order. (*See* Mot. to Vacate or Reconsider, ECF No. 16.) Jenkins also filed a motion for a time extension to amend his complaint. (*See* Mot. for Time Extension, ECF No. 19.) For the reasons explained below, the Court hereby **GRANTS IN PART** Jenkins's

1

motion to vacate or reconsider the Court's order to dismiss Jenkins's complaint (ECF No. 16), and the Court **GRANTS** Jenkins's motion for a time extension (ECF No. 19).

I

Jenkins filed this action on January 29, 2019. (*See* Transfer Order, ECF No. 3, PageID.66.) Jenkins's Complaint appears to name four Defendants: (1) Pam Mueller, Manager for Access Securepak Company, (2) Access Securepak Company ("Securepak"), (3) the Michigan Department of Corrections ("MDOC"), and (4) Melody A.P. Wallace, Litigation Coordinator for the Michigan Department of Corrections. (*See* Compl., ECF No. 2.)

On March 21, 2019, the Court ordered Jenkins to show cause why the Complaint should not be summarily dismissed. (Show Cause Order, ECF No. 6.) The Show Cause Order identified two apparent flaws in Jenkins's claim. First, the Court noted that Jenkins failed to allege that Defendants Mueller and Securepak were involved in the alleged deprivation of his constitutional rights. (*Id.* at PageID.75.) Accordingly, the Court directed Jenkins to show cause why Mueller and Securepak "should not be dismissed for [Jenkins's] failure to allege that they were actively engaged in unconstitutional conduct." (*Id.*) Second, the Court noted that Jenkins did not allege that the MDOC failed to provide Jenkins with an adequate post-deprivation remedy. The Court explained that such an allegation may be

2

required by the Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986), and by Sixth Circuit decisions interpreting *Parratt*. (*See id.* at PageID.75–76.) The Court therefore ordered Jenkins to show cause why his Complaint should not be dismissed for failing to satisfy the *Parratt* doctrine. (*See id.*)

After the Court issued its Show Cause Order, Jenkins submitted several unresponsive filings. (*See* ECF Nos. 9–13.) On September 12, 2019, the Court dismissed Jenkins's complaint without prejudice. (*See* Order Dismissing Pl.'s Compl., ECF No. 14.)

The Court identified three reasons why it was dismissing Jenkins's complaint. First, the Court concluded that the Eleventh Amendment barred Jenkins's suit against the MDOC. (*See id.* at PageID.217.) Second, Jenkins failed to respond to the Show Cause Order by demonstrating or contending that Mueller and Securepak "were actively engaged in unconstitutional conduct." (*Id.*) Third, although not mentioned in the Show Cause Order, the Court concluded that Jenkins failed to sufficiently allege that Defendant "Wallace participated in the allegedly unconstitutional conduct – i.e., the return of the package to Securepak without due process." (*Id.* at PageID.217–18.)

Although the Court dismissed Jenkins's complaint, it also granted Jenkins leave to file an amended complaint. The Court emphasized that Jenkins should

3

amend his complaint to specifically identify *who* was directly involved in the incident and *how* the individuals violated his rights:

> In the Amended Complaint, Jenkins should take care to name as defendants those individuals who were directly involved in the alleged return of his package to Securepak and/or who were directly involved in any other alleged violation of his constitutional rights. Moreover, Jenkins should allege <u>specific</u> facts in his Amended Complaint showing how each person he chooses to name as a defendant was <u>personally</u> involved in the return of his package and/or otherwise violated his constitutional rights.

(*Id.* at PageID.218–19; emphasis in original.)

The Court also addressed Jenkins's frustration, which he had expressed in his prior filings, that he could not obtain evidence or documents supporting his claims while in prison. The Court noted that, at this stage in his case, Jenkins did not need such records to state a plausible claim for relief:

> Jenkins claims that "Defendants have refused to disclose[] relevant records involving the [Securepak] store items order." (First Mot. for Relief from Summ. J., ECF No. 10, PageID.150.) But Jenkins need not present such records to the Court at this stage. Rather, Jenkins' Amended Complaint need only allege sufficient factual matter that, if accepted as true, states a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court again wishes to emphasize to Jenkins that his task at this stage is to present <u>specific factual allegations</u> – based upon his personal knowledge and/or upon information and belief – showing how each defendant violated his constitutional rights. Jenkins does not need to present evidence or documents supporting his claims at

4

>   this point. Moreover, Jenkins has no right to discovery of documents or records at this stage.

(*Id.* at PageID.219 n.2; emphasis in original.)

Jenkins has not filed an amended complaint. Instead, Jenkins filed a motion to vacate or reconsider the Court's Order dismissing his Complaint. (*See* Mot. to Vacate or Reconsider, ECF No. 16.) Among other things, Jenkins argues that he needs further discovery from Defendants before he can state a claim. (*See id.* at PageID.232–34.) On September 5, 2019, for example, Jenkins sent a subpoena to Defendant Mueller to produce the "full names of all Employees & MDOC staff & officers that participated in Securepak store order process and the Friends & Family package program." (*See* Mueller Subpoena, ECF No. 16, PageID.295.) Mueller does not appear to have responded to the subpoena. Jenkins contends that Defendants, by not responding to these subpoenas, are "obstruct[ing] this civil action." (*Id.* at PageID.222.) And Jenkins argues that the Court should vacate or reconsider its Order in light of this "obstruction." (*See id.*) Jenkins has also requested a time extension to prepare and amend his complaint. (*See* Mot. for Time Extension, ECF No. 19.)

### III

After considering Jenkins's arguments, the Court will reconsider in part its Order dismissing Jenkins's complaint. As described below, the Court has decided to allow Jenkins to file a John Doe complaint against the parties (1) who Jenkins

5

believes violated his constitutional rights and (2) whose names Jenkins does not yet know.

The Court acknowledges that John Doe complaints are disfavored. *See Yates v. Young*, 772 F.2d 909 (Table), 1985 WL 13614, at *1 (6th Cir. Aug. 28, 1985). But a prisoner may bring a John Doe complaint if "the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff c[an] identify defendant through discovery." *Id.* As the Seventh Circuit explained, a prisoner's "opportunities for conducting a precomplaint inquiry are . . . virtually nil." *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995). "If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison [has violated Jenkins's rights], and if the circumstances are such as to make it infeasible for [Jenkins] to identify that someone before filing his complaint, his suit should not be dismissed as frivolous." *Id.* Jenkins, as a prisoner, "may not be in a position to identify the proper defendants," but "it is the duty of the district court to assist him, within reason, to make the necessary investigation." *Id.* at 789–90; *see also Staples v. United States*, No. 16-cv-12367, 2016 WL 3611883 (E.D. Mich. July 6, 2016) ("[T]he Court will grant plaintiff 120 days form the date of this order to obtain and provide to this Court the name of the 'John Doe' defendant who he claims participated in the deprivation of his constitutional rights.").

Therefore, the Court grants Jenkins leave to:

6

1. File an amended complaint by not later than **January 17, 2020**. The amended complaint should name the Defendants as "John Does" instead of the individual Defendants named in the original complaint.[1]

2. Conduct limited discovery until **April 17, 2020**. During this discovery period, Jenkins shall attempt to discern the identities of all the individuals involved and the specific role they played in depriving him of his property without due process of law.

3. File a second amended complaint by not later than **May 18, 2020**. This second amended complaint must (1) identify the individuals who Jenkins believes violated his constitutional rights and (2) specify how they did so.

The Court emphasizes that Jenkins's second amended complaint must "name as defendants those individuals who were directly involved in the alleged return of his package to Securepak and/or who were directly involved in any other alleged violation of his constitutional rights." (Order Dismissing Pl.'s Compl., ECF No. 14, PageID.218.) And he must allege "specific facts . . . showing how each person he chooses to name as a defendant was personally involved in the return of his package and/or otherwise violated his constitutional rights." (*Id.* at PageID.218–19.)

---

[1] The Court is not persuaded to vacate its order dismissing Jenkins's suit against the MDOC, Securepak, or any of the individual defendants named in Jenkins's original complaint. Thus, for the reasons explained in the Court's initial order, Jenkins's complaint against the original Defendants remains dismissed. (*See* Order Dismissing Pl.'s Compl., ECF No. 14, PageID.217.)

7

## IV

Accordingly, for all the reasons explained above, the Court **GRANTS IN PART** Jenkins's motion to vacate or reconsider the Court's order dismissing Jenkins's complaint (ECF No. 14), and the Court **GRANTS** Jenkins's motion for a time extension to amend his complaint (ECF No. 19). Jenkins shall:

- File an amended complaint by not later than **January 17, 2020**.

- Conduct limited discovery until **April 17, 2020**.

- File a second amended complaint by not later than **May 18, 2020**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

8

Van Jenkins
Reg. No. 172475
2727 East Beecher Road
Adrian, Mich. 49221

Matthew F. Leitman
Bar No. P48999
U.S. District Judge
U.S. District Court for
The Eastern District of Michigan
600 Church Street, Chambers 125
Flint, Mich. 48502

RE: Jenkins v. Access Securepak, Co. et. al., Case No. 4:19-cv-10738

Your Honor

It's been some time now that the above captioned case has been heard and it is a due process for a case to be delayed far to long in court or where the case is placed on a no progress docket.

I have enclosed the last court order that the parties are to comply to. The Defendants refused to comply to the court's Discovery order(s) as shown even with the subpoena order. For verification on these Defendants' due process violations and refusing to comply to the court's order(s) I have went through the Attorney Generals Dana M. Nessel's office whose Reference Number is 2020-0305717-A in support of the attached motion for Default Judgment to be entered.

I request for a hearing on the attached motion to bring this case to a favorable resolution. Thank you for your service. I resubmit the search and seizure warrants on file.

Sincerely,
Van Jenkins
c.c. file
Enclosures: motion
            Exhibits

Prisoner Name: Van Jenkins
Prisoner Number: 173475
GUS HARRISON CORRECTIONAL FACILITY
2727 E. Beecher St.
Adrian, MI 49221

Matthew F. Leitman
Box 110, 1483999
U.S. District Court Judge
U.S. District Court For The
Eastern District of Michigan
600 Church Street Chambers 135
Flint, Mich. 48502