UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

      Plaintiff,                                  Civil No. 4:19-cv-10738

v.                                          Hon. Matthew F. Leitman

ACCESS SECUREPAK, CO., *et al.*,

      Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF No. 31) AND MOTION FOR DEFAULT JUDGMENT (ECF No. 35)

Plaintiff Van Jenkins is a state inmate in the custody of the Michigan Department of Corrections. In this action, Jenkins appears to allege that the Defendants retaliated against him and/or interfered with his prison mail in response to his filing certain complaints against them. (*See* Sec. Am. Compl., ECF No. 29.) Jenkins' filings are at points illegible and therefore difficult to read, and they are difficult to follow.

Jenkins initially filed this action against several unnamed Defendants. On December 20, 2019, the Court authorized Jenkins to take some limited discovery in order to "attempt to discern the identities of all of the individuals" that he says violated his constitutional rights. (Order, ECF No. 22, PageID.453.) The Court provided Jenkins until April 17, 2020, to conduct that discovery. (*See id.*)

1

On January 13, 2021, Jenkins filed a "Request for Default Entry and Certificate of Default." (Req., ECF No. 31.) In that request, Jenkins appeared to ask the Court to enter a default against certain Defendants due to their failure to respond to a subpoena for discovery that he said he had served upon them pursuant to the Court's December 2019 order. (*See id.*)

On February 2, 2021, before the Court could rule on his request for the entry of a default, Jenkins sent a letter to the Court. (*See* Ltr., ECF No. 33.) In that letter, Jenkins appeared to ask the Court to defer ruling on his request for a default until he completed a mediation process that Jenkins said was being conducted by the Consumer Protection Division of the Michigan Attorney General's Office. (*See id.*) Specifically, Jenkins asked that his request for a default not "be filed and processed" until "after the [] mediation is completed." (*Id.*) Jenkins has not provided the Court an update on the status of that mediation.

Finally, on October 25, 2021, Jenkins filed a motion for a default judgment. (*See* Mot., ECF No. 35.) The motion is difficult to understand, but it appears that Jenkins seeks a default judgment due to the Defendants' failure to respond to his discovery subpoena described above. (*See id.*)

The Court has reviewed Jenkins' filings and denies his requests for a default and default judgment without prejudice for three reasons. First, Jenkins has not shown that the Defendants violated any discovery order issued by the Court that

could entitle him to a default and/or default judgment. Jenkins appears to seek a default and default judgment due to Defendants' failure to respond a discovery subpoena that Jenkins says he served on the Defendants pursuant to the Court's December 2019 order authorizing him to take limited discovery. But that order was very limited in scope. As described above, it only allowed Jenkins to take discovery until April 17, 2020. (*See* Order, ECF No. 22, PageID.453.) It does not appear that Jenkins complied with that order. Indeed, the discovery subpoena that Jenkins says the Defendants failed to respond to – and which forms the basis of his request for a default and motion for a default judgment – is dated December 9, 2020. (*See* subpoena, ECF No. 35, PageID.598.) Thus, if Jenkins served that subpoena on the Defendants, he did so nearly eight months *after* the discovery period expired. Simply put, Jenkins has not shown that he served a valid request for discovery on the Defendants during the time period that the Court allowed for discovery. He has therefore not shown that he is entitled to a default and/or default judgment due to the Defendants' failure to provide discovery.

Second, and moreover, Jenkins has not shown that he properly served the discovery subpoena on the Defendants. While Jenkins attached a copy of the subpoena to his motion for a default judgment (*see id.*), the "proof of service" portion of the subpoena is blank. (*See id.*, PageID.599.) And Jenkins has not otherwise shown the manner in which he served the subpoena, whom he served the subpoena

on, or when the subpoena was served. Jenkins has therefore failed to show that the Defendants ignored a validly-served subpoena for discovery.

Finally, even if Jenkins properly served his subpoena upon the Defendants within the time frame for discovery provided by the Court, he has not shown that the extreme sanctions of a default and default judgment are the appropriate remedies for the Defendants' failure to respond to his subpoena.

For all of the reasons stated above, Jenkins' request for the entry of a default (ECF No. 31) and motion for a default judgment (ECF No. 35) are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   December 13, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 13, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761

4