United States District Court
For The Eastern District of Michigan
Southern Division

Van Jenkins #172475
Plaintiff

Case No. 4:19-CV-10738

vs.

Access Securepak Co. et. al.
Defendants,

## Motion For An Order Directing The Defendants To Respond/Answer The Amended And Second Amended Complaint(s) AND That An Order Be Issued To The U.S. Marshal To perform service of Process of the complaints and Subpoena(s) To Testify In open court

1. Plaintiff had filed his initial complaint in missouri Western District court before the honorable District Judge Nanette K. Laughrey on the date of 3/12/2019 and the Judge transfered this case to the U.S. District court for The Eastern District of michigan.

2. On 9/12/2019 this court ordered Dismissing Plaintiff's complaint without Prejudice and Granting Plaintiff Leave To Amend.

3. On December 20, 2019 the U.S. District Judge Matthew F. Leitman issued an order Granting In part Plaintiff's motion To Vacate or Reconsider And Granting Plaintiff's motion For Extension of Time and

4. That Jenkins shall file an amended complaint by not later than January 17, 2020 that was filed 1/3/2020 and the Second Amended complaint was filed 5/19/2020 that was due May 18, 2020;

-1-

5. Pursuant to Rule 4 of the Federal Rules of Civil procedures. At the request of the plaintiff the court may direct that service of the complaint may be made by the court issuing an order upon the U.S. Marshal to serve the complaint upon the Defendants.

6. Plaintiff hereby request that this court order the U.S. Marshal to perform the service of process of the Amended complaint, second Amended complaint and the Subpoena(s) to Testify in open court or through televideo conference upon the named Defendants:

Pam Mueller
Manager
Access securepak co.
1088 Lin page Place
St. Louis, MO. 63132
Tel. (314)-301-3310

Alex Chosid
Assistant counsel
TKC Holdings
1260 Andes Boulevard
St. Louis, MO. 43132
Tel. (314)-214-2806
Fax (314)-214-2794

Nick White
central Michigan
Correctional Facility
320 North Hubbard Rd.
St. Louis, MI 48880

7. The complaints above must be answered according to the Federal Rules of civil procedures. Averments in a pleading to which a responsive pleading is required, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

8. According to the Federal Rules of Civil Procedures involving each allegation made on which the adverse party relies a responsive pleading must:
(1) state an explicit admission or denial of the complainant's Allegations;
(2) plead no contest to the complainant's Allegations;
(3) state that the pleader lacks knowledge or information sufficient to inform a belief as to the truth of the complainant's allegations, which has the effect of a denial;

9. Each denial must state the substance of the matters on which the pleader will rely to support the denial; allegations in a complainant's pleading that requires responsive pleading are admitted if not denied in the responsive pleading.

-2-

10. Pleading no contest has the affect of an admission only for purposes of the pleading actions; a party against whom a cause of action has been asserted by complaint must assert in a responsive pleading the defenses the party has against the claim;

11. A defense not asserted in the responsive pleading as provided by these Rules is waived; affirmation defenses must be stated in a party's Reisponsive pleading;

12. According to the Federal court Rules that is plainly the same as cited above, states that to respond to a complaint parties must state their defenses in short and plain terms and admit or deny the allegations asserted against them;

13. Parties are deemed to have admitted all allegations they do not deny; When an allegation has been asserted against them, the Defendant have only three options:
(1) Admit to the contents of the complaint;
(2) deny the complaint contents; or
(3) state a lack of knowledge or information necessary to admit or deny see Lane v. Page, 272 F.R.D. 501, 602 (D.W.M 2011)

14. A failure to deny the factual allegations of a complaint or amended complaint will deem them admitted, see Perez v. El Teguill, 847 F.3d 1247, 1254 (10th Cir. 2017);

15. The plaintiff is required only to make a short and plain statement of his respective claims in the Amended complaint and second Amended complaint.

16. In Erickson v. Pardus 551 U.S. 89 (2007), the Supreme court reiterated the straightforward notice pleading standard of the Federal Rules of Civil procedure. Brought in the Tenth circuit, the plaintiff in Erickson filed a section 1983 suit alleging that prison officials had discontinued his treatment for Hepatitis C after suspecting that he was taking illicit drugs.

17. The plaintiff claimed that he was suffering liver damage due to his untreated illness, and that its progression could cause irreversible death.

18. Despite claiming that the prison officials had violated his Eighth Amendment rights, the Court of Appeals from the Tenth Circuit affirmed the district court's dismissal of the complaint, finding that the plaintiff made only conclusory allegations to the effect that he has suffered a cognizable independent harm. Erickson v. Pardus, 198 Fed Appx. 694, 698 (Ct. App. 2006).

19. Troubled by the decision, the United States Supreme Court stated, "The holding departs in so stark a manner from the pleading standard mandated by the Federal Rules of Civil Procedure that we grant review." Erickson v. Pardus, 551 U.S. 89 (2007).

20. The court held that the lower courts erred by concluding that the prisoner's allegations of harm were too conclusory, maintaining;

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

21. The Supreme Court then pointed to Rule 8(f)'s mandate that all pleadings shall be so construed as to do substantial justice and concluded that the case cannot be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue.

22. As recently stated in Padilla v. Yoo, 633 F. Supp. 2d 1005, 1018-19 (N.D. Cal. 2009) stated as follows:

—4—

When the district court reviews the sufficiency of a complaint at the procedural stage of a motion to dismiss, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test citing Scheuer v. Rhodes, 416 U.S. 232 (1974). Therefore, to survive a motions to dismiss, a plaintiff's burden is limited to setting forth factual allegations sufficient to raise the right to relief above the speculative level citing Twombly. A plaintiff need only plead enough facts to raise a reasonable expectation that discovery will reveal evidence citing Twombly. That is, a plaintiff must allege facts that, taken as true, are suggestive of illegal conduct.

23. Here, Plaintiff have satisfied the limited notice pleading requirements under the Federal Rules of Civil Procedure, and thus, their claims should not be subject to dismissal pursuant to Fed. R. Civ. P. 12(c).

24. In this court's order Granting In part plaintiff's motion To vacate or Reconsider And Granting plaintiff's motion For Extension of time as dated 12/20/2019 page 6 of 8 stating a prisoner may bring a John Doe complaint if the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff can identify defendant through discovery, In this instance the attached subpoena to testify in open court or through televideo may be ordered where the court has better means of questioning the identity of the Defendants as set for forth in the

25. seventh circuit explained, a prisoner is opportunities for conducting a pre complaint inquiry are virtually nil. Billman v. Indiana Dept of corr., 56 F.3d 785, 789 (7th Cir. 1995).

26. If a prisoner makes allegations that if true indicate a significant likelihood that someone employed by the prison has violated Jenkins's rights, and if the circumstances are such as to make it infeasible for Jenkins to identify that someone before filing his complaint, his suit should not be dismissed as frivolous.

27. Jenkins as a prisoner may not be in a position to identify the proper defendants, but it is the duty of the District court to assist him, within reason, to make the necessary investigation at 789. 90; see also Staples v. United States, No. 16-CV-12367, 2016 WL 3611883 (E.D. Mich. July 6, 2016).

Wherefore the plaintiff request that the court issue an order directing the U.S. Marshal to perform service of process serving the Amended complaint, second Amended complaint with the subpoenas to testify in open court or by televideo as required by mandate for Defendants to answer the complaint.

4/11/2022
Date

Van Jenkins
Plaintiff's signature

## Affidavit In support of motion

Affiant, Van Jenkins, being duly sworn and deposed pursuant to the statutory provisions of 28 U.S.C. 1746 that the facts contain in the motion herein is true, correct, complete in part, and not meant to mislead to the best of my knowledge and belief as I state under penalty of perjury.

4/11/2022
Date

Van Jenkins
Affiant's signature 28 U.S.C. 1746

-6-

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Van Jenkins
*Plaintiff*
v.
Access SecurePak Co., et. al.
*Defendant*

Civil Action No. 4:19-CV-10738

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Nick White, Central Michigan Correctional Facility, 320 North Hubbard Road, St. Louis, Mich. 48880
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: U.S. District Court Eastern District of Michigan

| Place: Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Mich. 48226 | Date and Time: |

The deposition will be recorded by this method: Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/8/2022

KINIKIA D. ESSIX, CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

OR

Van Jenkins
Pro se
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: By order of the Court for U.S. Marshal to perform service of process upon the Defendants
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 4/8/2022

Van Jenkins
*Server's signature*

Van Jenkins
Reg. No. 172475
*Printed name and title*

2727 East Beecher Road
Adrian, Mich. 49221
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Van Jenkins
*Plaintiff*

v.   Civil Action No. 4:19-CV-10738

Access Securepak Co., et al
*Defendant*

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Pam Mueller, service manager Access secure pak company 1088 Lin page Place, St Louis, MO. 63132 Tel. (314)-301-3310
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

U.S. District Court Eastern District of Michigan

| Place: Theodore Levin U.S. courthouse 231 West Lafayette Blvd. Detroit, Mich. 48226 | Date and Time: |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/8/2022

KINIKIA D. ESSIX, CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*       Van Jenkins
                                            pro se *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: **By order of the court for U.S. Marshal to perform service of process upon the Defendants**
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: **4/8/2022**

*Server's signature*: Van Jenkins

*Printed name and title*:
Van Jenkins
Reg. No. 172475
2727 East Beecher Road
Adrian, Mich. 49221

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**UNITED STATES DISTRICT COURT**
Eastern District of Michigan
Theodore Levin United States Courthouse
231 W. Lafayette Boulevard, 5th Floor
Detroit, Michigan 48226

**January 10, 2022**

Van Jenkins #172475
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

    Re: Case No. 21-cv-10582
       Jenkins v. Mutschler, et al

Dear Van Jenkins:

  I received your letter that is dated December 27, 2021. As the Pro Se Case Administrator for the United States District Court for the Eastern District of Michigan, I help pro se litigants by providing procedural assistance with filing a case in Federal Court or filing documents in their Federal Court case. I am not an attorney, and I cannot provide legal assistance or represent you.

  In your letter, you ask me to perform duties outside of what I can do. First, you ask me to make arrangements for a hearing so that the Magistrate Judge can issue an order to return two bonds. I cannot make arrangements for you. I have enclosed a blank form that you can use if you would like to request a hearing in an Eastern District of Michigan case.

  Next, you ask me to provide you with files from a case that is not from our court. I am unable to provide you with files from a case that is not from the Eastern District of

Michigan.

Best,
R. Chy
Richard Loury
Pro-se Case Administrator

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

Van Jenkins
_____
Plaintiff
v.                                    ) Civil Action No. 4:19-CV-10738
Access Securepak Co. et. al.
_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Alex Chosid, Assistant Counsel TKC Holdings
1260 Andes Boulevard St. Louis, MO. 63132 Tel. 314-214-2806
(Name of person to whom this subpoena is directed)

☑ **Testimony: YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

U.S. District Court Eastern District of Michigan

| Place: Theodore Levin U.S. Courthouse 231 West Lafayette Blvd. Detroit, Mich. 48226 | Date and Time: |

The deposition will be recorded by this method: _____

☑ **Production:** You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/8/2022

KINIKIA D. ESSIX, CLERK OF COURT

OR

_____                    Van Jenkins
Signature of Clerk or Deputy Clerk        Pro se    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: By order of the court for U.S. Marshal to perform service of process upon the Defendants
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 4/8/2022

*Van Jenkins*
*Server's signature*

Van Jenkins
Reg. No. 172475

2727 East Beecher Road
Adrian, Mich. 49221
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Prisoner Name: Van Jenkins
Prisoner Number: 172475
GUS HARRISON CORRECTIONAL FACILITY
2727 E. Beecher St.
Adrian, MI 49221

US POSTAGE PITNEY BOWES
ZIP 49221 $001.13
02 4W
0000355312 APR 12 2022

RECEIVED
APR 21
CLERK'S OFFICE
U.S. DISTRICT COURT

Richard Loury
Pro-se case Administrator
District court Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Boulevard, 5th Floor
Detroit, Mich. 48226