UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

    *Plaintiff*,

v.

PAM MUELLER, NICK WHITE, and TKC HOLDINGS,

    *Defendants*.

_____/

CASE NO: 19-CV-10738

DISTRICT JUDGE MATTHEW F. LEITMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR ORDER TO REVOKE IFP STATUS
(ECF No. 51)**

## I.    RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's motion be **GRANTED** and that Plaintiff's *in forma pauperis* status be **REVOKED** because Plaintiff had three strikes under 28 U.S.C. § 1915(g) at the time he filed this lawsuit and has not alleged that he is under imminent danger of serious physical injury. **IT IS FURTHER RECOMMENDED** that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

## II.    REPORT

### A.    Three Strikes Law

'     The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw*, 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). This district's procedure, therefore, is to screen all prisoner complaints for "three strikes" immediately upon filing so as not to expend valuable resources on a case where the court has no authority to act. When determining whether a plaintiff has three prior cases that qualify as "strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). In addition, a case may still qualify as a "strike" even though it has been appealed and no decision on appeal has yet been rendered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013). If three strikes are found, the court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Wilson*, 148 F.3d at 602-04.

**B. Discussion**

Plaintiff filed a case in the Western District of Missouri on or about November 19, 2018. The case was transferred to his district (ECF No. 1) and a proper complaint using court approved court forms was filed on March 12, 2019. (ECF 2.) As noted in the motion, the instant Plaintiff has had three prior cases summarily dismissed for failure to state a claim upon which relief can be

2

granted and a court in this district has denied a request for Plaintiff to proceed *in forma pauperis* because of Plaintiff's previous three strikes. *Jenkins v. Mutschler,* 2021 WL 3885898 (E.D. Mich. Aug. 31, 2021)(denying IFP and citing five cases previously dismissed as frivolous or having failed to state a claim in 1993, 1996, 2012, 2014, and 2016). Thus, at the time Plaintiff filed his complaint in 2018 or 2019, he had more than three strikes. Since Plaintiff has not even alleged that he is under imminent danger of serious physical injury, I suggest that Plaintiff's IFP status be revoked. 28 U.S.C. § 1915(g). I further suggest that Plaintiff be instructed to pay the entire civil case filing fee within 30 days or suffer the dismissal of his case.

### III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 11, 2022                          S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge