United States District Court
Eastern District of Michigan
Southern Division

Case No. 4:19-cv-10738
District Judge Matthew F.

Van Jenkins
Plaintiff

v.

Pam Mueller, Nick White & TKC Holdings
Defendants

FILED
DEC 1 - 2022
CLERK'S OFFICE
DETROIT

## Plaintiff's Objection To Defendants' Dismissal Motion

On the date of 10/17/2022 plaintiff found that the Attorney General Allan J. Soros for Nick White failed to answer the first Amended complaint and the second Amended complaint an answer to both complaints was due 10/11/2022. This constitute a default and plaintiff wrote the court clerk on 10/17/2022 requesting that a default be entered and a certificate of default be served to all parties. The clerk of the court failed to enter the Default. There is No Responsive pleadings on file at this court by the assistant Attorney General Allan J. Soros and there is a court order requiring the Defendants to answer both complaints.

The Attorney or counsel Alexander B. Chosid did not file an Appearance in the court as Representing Pam Mueller and did not file an answer to the first and second Amended complaints, see court files.

Attorney Bradford S. Moyer did not answer the first and second Amended complaint to each allegation point for point which now makes it untimely and constitutes a default. Pam Mueller did not answer the court order - subpoena where the court inquired to be disclosed all those whom were involved with the denial of plaintiff's securepak property as Pam Mueller is responsible for secure pak processes where the scope of the policy Directive sets forth her duty to notify the MDOC of suspicious Friends & Family package program orders. That if the order has been received by the MDOC but has not been delivered to the prisoner the order shall be returned to the vendor with notification of the specific policy violation to allow for cancellation. Pam Mueller only stated that the securepak order was returned without reason why. Her duty then is to investigate why and to notify the MDOC of any policy or specific policy violation to allow cancellation or return plaintiff's securepak package property that was paid for. In Defendant's Mueller's motion Dismiss she still haven't disclose any investigation or who all were involved

In Pam Mueller's Motion to Dismiss the attorney only mention the Body Wash that caused damage to the plaintiff's neck that appears to be some kind of acid that caused the damage. Pam Mueller's responsibility and duty is to investigate this incident where the investigating Report discloses what occurred. This investigating Report should have been attached to the motion to dismiss as the subpoena was attached that she Refused to disclose.

As a plaintiff is the affiant Affidavit In support in this case says under the penalty and perjury being sworn and deposed pursuant to 28 U.S.C. 1746 And has read the Plaintiff's objection To Defendants' Dismissal Motion and contend that the U.S. Marshal served the Defendants with the first and second Amended complaints where they did not timely and properly answered as court ordered and as required by the Federal Rules of Civil procedures.

As a consequence of the Defendants' denial of the facts of substantial importance Affiant was required to prove the facts upon addressing the consumer protection complaint, even where plaintiff doesn't work at Securepak company or Keefe company to know who all were involved with the securepak package process plaintiff provided supporting Exhibits where it is the responsibility and duty of Pam Mueller to disclose this information as the court ordered, see court files. plaintiff submitted a sworn Affidavit with supporting Exhibits where both Exhibits of evidence was certified showing pam Mueller had plead guilty at the Missouri Attorney General's consumer protection Division this Affidavit has introduce evidence of a certified copy of Affiant's reasonable expenses in making such proof amounted to $60,916.52, where Attorney fees amount to $5,350.00 as itemized below:

Security Agreement: 50,000
$86.93 per diem for every day of deprivation of store items subjecting plaintiff that have a disability and disorder - from 8/29/2018 to 10/31/2018 amounting to $5,563.52 - 64 days
Attorney fees & Expenses of Xerox copying $150.00 & paying postage & handling in the amount of $200.00, the statutory provision for payment of Attorney fees is pursuant to the Access To Justice Act 28 U.S.C. 2412;

Wherefore, the court should enter a Default Judgment in this case as it shows court orders were not obeyed nor in the Defendant's Motion To Dismiss they still failed to disclose all those involved nor as to what happen where a bottle of Body Wash containing acid damaged the plaintiff during the Defendants' retaliatory activities.

plaintiff has served this objection with supporting Affidavit upon the following:

Bradford J. Moyer
Bridgewater Place
333 Bridge NW Suite 530
Grand Rapids, Mich. 49504

Allan J. Soros
Asst. Attorney General
MDOC Division
P.O. Box 30017
525 W. Ottawa
Lansing, MI 48909

Alexander B. Chosid
TKC Holdings, INC.
1260 Andes Blvd.
St. Louis, MO. 63132

/s/ Van Jenkins
Affiant's Signature 28 U.S.C. 1746

