UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

      Plaintiff,   Civil No. 19-cv-10738
                             Hon. Matthew F. Leitman
v.

ACCESS SECUREPAK, CO., *et al.*,

      Defendants.
_____/

**<u>ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 57); (2) VACATING ORDER GRANTING PLAINTIFF IN FORMA PAUPERIS STATUS (ECF No. 5), AND (3) DIRECTING PLAINTIFF TO PAY FILING FEE</u>**

      Plaintiff Van Jenkins is a former state inmate who at all relevant times was in the custody of the Michigan Department of Corrections. In this action, Jenkins appears to allege that the Defendants retaliated against him and/or interfered with his prison mail in response to his filing certain complaints against them. (*See* Sec. Am. Compl., ECF No. 29.) Shortly after Jenkins filed this action, the Court issued an order allowing him to proceed *in forma pauperis*. (*See* Order, ECF No. 5.) That order allowed Jenkins to proceed in this action without first paying, in full, the required filing fee. (*See id.*)

1

The *in forma pauperis* order was entered in error. Under the Prison Litigation Reform Act, "a prisoner may not proceed *in forma pauperis* where a federal court [has] dismissed the incarcerated plaintiff's action (because it was frivolous, malicious, or failed to state a claim for which relief may be granted) three or more times." *Jenkins v. Mutschler*, 2021 WL 3885898, at *1 (E.D. Mich. Aug. 31, 2021) (citing 28 U.S.C. § 1915(g)). "A prisoner may avoid three-strikes dismissal by alleging facts showing he 'is under imminent danger of serious physical injury.'" *Id.* (quoting 28 U.S.C. § 1915(g)). Here, Jenkins was in custody at the time he filed this action, and at that time, he had filed at least five previous "civil rights complaints that ha[d] been dismissed by federal courts for being frivolous, malicious, or failing to state a claim upon which relief could be granted." *Id.* (citing cases filed by Jenkins). Finally, Jenkins had not alleged that he was under "imminent danger of serious physical injury." *Id.* Thus, Jenkins was not entitled to proceed *in forma pauperis*. *See id.* (denying Jenkins *in forma pauperis* status and dismissing his Complaint).

The assigned Magistrate Judge recently recognized that Jenkins was not eligible for *in forma pauperis* status. Thus, on October 11, 2022, the Magistrate Judge issued a report and recommendation in which she recommended that the Court (1) revoke Jenkins' *in forma pauperis* status and (2) instruct Jenkins "to pay the

2

entire civil case filing fee within 30 days or suffer the dismissal of his case" (the "R&R"). (R&R, ECF No. 57, PageID.690.)

At the conclusion of the R&R, the Magistrate Judge informed Jenkins that if he wanted to seek review of her recommendation, he needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.690-691.) She further warned Jenkins that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*)

Jenkins has not filed any objections to the R&R.  The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985).  Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Because Jenkins has not filed objections to the R&R, he is not entitled to any relief.  In any event, the Court has independently reviewed the matter, and it has confirmed that the Magistrate Judge's recommendation is correct, and Jenkins is not entitled to proceed *in forma pauperis*.

Accordingly, for the two independent reasons discussed above, **IT IS HEREBY ORDERED** as follows:

- The recommended disposition of the R&R (ECF No. 57) is **ADOPTED**;

- The Court's prior order granting Jenkins *in forma pauperis* status (ECF No. 5) is **VACATED** and that status is **REVOKED**; and

- Jenkins shall pay the filing fee for this case, in full, by no later than **February 20, 2023**. If Jenkins does not do so, the Court will dismiss this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   January 17, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 17, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126